UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**GREENLAKE REAL ESTATE FUND, LLC'S OBJECTIONS TO DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO SECTION 363(C) OF THE BANKRUPTCY CODE**

Greenlake Real Estate Fund, LLC ("Greenlake") files this preliminary objection (the "Objection") to the Debtor's above-captioned cash collateral motion (the "Motion") [Docket No. 16] in connection with the interim hearing on the Motion (the "Interim Hearing") which is currently scheduled for 9:00 a.m. CT on July 28, 2022. In support thereof, Greenlake respectfully states as follows:

**PRELIMINARY STATEMENT**

1. After years of promises to pay off a debt owed to Greenlake, the Debtor filed for bankruptcy protection on the day before a set judicial sale. The petitions filed with the Court overvalue the one asset that is owned by the Debtor (real property) and undervalues the amount of the debt owed to Greenlake. Then, in the Motion, the Debtor makes representations about the reason why the bankruptcy was filed in the first place that do not comport with the actual facts.

2. The property at issue is a storage facility, which has been run by CubeSmart Asset Management, LLC ("CubeSmart") since around January of 2020. The debtor is seeking to self-manage this facility with hundreds of customers, without identifying its actual history in running such a facility. The entire time that this property has been operational, it has been managed by CubeSmart and the Debtor has never operated the facility and owns no other assets other than this property.

1

3. For these reasons, and those outlined below, the Motion should be denied. The Debtor has failed to provide Greenlake with adequate protection under Section 361 and 363 of the Bankruptcy Code and in order to operate this property, Greenlake's cash collateral will be further depleted without any real hope of reorganization.

**BACKGROUND**

4. Debtor's sole asset is commercial property located at 1750 North Lawndale Avenue, Chicago, Illinois 60647 (the "Property").

5. On May 18, 2018, GreenLake agreed to provide a loan to Debtor, originally in the amount of $6,250,000. This loan is evidenced by a Promissory Note Secured by Mortgage dated May 18, 2018 and executed by Debtor in that amount, a true and accurate copy of which is attached hereto as Exhibit A (the "Note").

6. The Note had an original maturity date of October 31, 2020. (Exhibit A).

7. In accordance with Section 7.21 of the Note, Debtor agreed that it would have entered into a Management Agreement with CubeSmart within 30 days of the issuance of a Certificate of Occupancy for the Property and this agreement was to be collaterally assigned to Greenlake. (Exhibit A).

8. To secure the Note, Debtor made, executed, and delivered to GreenLake an Open-End Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing (the "Mortgage") dated May 18, 2018 and recorded on the Property with the Cook County Recorder of Deeds as Document Number 1814206153 on May 22, 2018, a true and accurate copy of which is hereto as Exhibit B. The Note and Mortgage are collectively referred to as the Loan Documents.

9. In accordance with the Mortgage, Greenlake has a first priority security interest and lien on the Property and the rents generated from the Property. (Exhibit B).

10. Debtor was placed in default under the Loan Documents for various reasons, including the failure to make timely payments of real estate taxes for the Property and timely payments on the Note as they became due in July 2019.

11. On or about February 20, 2020 a Certificate of Occupancy was issued for the Property. A true and accurate copy of the Certificate of Occupancy is attached hereto as Exhibit "C."

12. On or about January 6, 2020, Debtor and CubeSmart entered into a Facility Management Agreement for the Property. A true and accurate copy of the Facility Management Agreement is attached hereto as Exhibit "D."

13. On March 11, 2020, GreenLake filed a Verified Complaint with the Circuit Court of Cook County, Illinois (the "State Court Foreclosure"). Count I of the State Court Foreclosure sought a foreclosure and sale of the Property.

14. On or about September 18, 2020, the Circuit Court of Cook County appointed Howard Samuels as the receiver (the "Receiver") over the Property. A true and accurate copy of the Order Appointing the Receiver is attached hereto as Exhibit "E."

15. The appointment of the Receiver fully perfected Greenlake's assignment of the rents from the Property under Illinois law. See, e.g., *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1033 (1996); *BMO Harris Bank N.A. v. Joe Contarino, Inc.*, 2017 IL App (2d) 160371, ¶ 44.

16. Following the initiation of the State Court Foreclosure, Debtor and Greenlake entered into a Forbearance Agreement dated November 30, 2020 where, among other things, the total loan amount was increased to $6,956,000 and the maturity date of the Note was extended to January 31, 2021. A true and accurate copy of the Forbearance Agreement is attached hereto as Exhibit "F."

17. The parties also memorialized this increase in the loan amount in the Forbearance Agreement, among other places, in (i) the First Amendment to Open-Ended Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated November 30, 2020 and recorded with the Cook County Recorder of Deeds on January 22, 2021 as Document Number 2102204272, a true and accurate copy of which is attached as Exhibit G, and (ii) the First Amendment to Promissory Note Secured by Mortgage, a true and accurate copy of which is attached as Exhibit H. The maturity date under the Forbearance Agreement and the amended loan documents was subsequently extended to July 30, 2021.

18. In accordance with the Forbearance Agreement, the Debtor acknowledged that:

- The amount due and owing to Greenlake as of November 30, 2020 was $8,268,805.84 (Paragraph 1);

- The Debtor defaulted under the Loan Documents by: (1) not making real estate tax payments; (2) failing to provide evidence to Greenlake that the property was remediated; (3) failing to provide evidence satisfactory to Greenlake that surveys were certified; (4) failing to enter into a Facility Management Agreement with CubeSmart; (5) failing to provide a Collateral Assignment of the CubeSmart Facility Management Agreement; (6) failing to timely complete construction; and (7) failing to make timely payments due after July 1, 2019 and any payments after January 1, 2020 (Paragraph 2);

- Any and all defenses raised in the State Court Foreclosure would be dismissed with prejudice (Paragraph 6);

- Within 24 hours of receipt of any letter of interest, commitment or term sheet from a potential loan refinancing entity, it would be provided to Greenlake (Paragraph 7);

- Debtor would collaterally assign the agreement with CubeSmart to Greenlake (Paragraph 7(h)); and

- Debtor fully released Greenlake from any claims related to the Loan Documents (Paragraph 12).

(Exhibit F).

19. Thereafter, and in accordance with the Forbearance, Debtor collaterally assigned the Facility Management Agreement with CubeSmart to Greenlake (the "Collateral Assignment"). A true and accurate copy of the Collateral Assignment is attached hereto as Exhibit "I."

20. The Collateral Assignment identified that the agreement with CubeSmart was additional collateral security for the loan. (Exhibit I).

21. Paragraph 5(a) of the Collateral Assignment provides that the Debtor cannot transfer the responsibility for management of the Property from CubeSmart to any other person or entity without the written consent of Greenlake. (Exhibit I).

22. The Debtor did not make the agreed-upon payments as outlined in the Forbearance Agreement by July 30, 2021.

23. As of the date of the filing of the petition, the Debtor was indebted to Greenlake in the amount of $11,324,138.20:

| | |
|---|---|
| Principal (per Forbearance Agreement) | $7,590,000.00 |
| Deferred Origination | $56,000.00 |
| Accrued Interest | $3,597,879.94 |
| Receiver Fees | $11,145.91 |
| Attorneys' fees | $128,492.79 |
| (Hold backs credited) | ($59,380.48) |

24. The per diem interest is $4,427.50.

25. On April 14, 2022, summary judgment was granted in Greenlake's favor on its mortgage foreclosure claim in the State Court Foreclosure. A true and accurate copy of the April 14, 2022 Order is attached hereto as Exhibit "J."

26. After the entry of the summary judgment order, a judicial sale was set to take place on July 12, 2022. A true and accurate copy of the Notice of Sale is attached hereto as Exhibit "K."

27. The instant petition was filed the day before the sale on July 11, 2022.

**PRELIMINARY OBJECTION**

28. Greenlake has multiple objections to the Debtor's Motion. First, there are multiple misstatements, including that "the onset of the pandemic interfered with the Debtor's efforts to lease the self-storage facility" thus leading to the inability to service the debt and the State Court Foreclosure being filed. As seen above, the Certificate of Occupancy was issued in February 2020—only a month before any pandemic related issues arose in the United States and only weeks before the State Court Foreclosure—and CubeSmart started to manage it immediately thereafter. The Debtor was not undertaking efforts to lease the facility when the COVID-19 pandemic started and the State Court Foreclosure had been filed at that time.

29. Additionally, although the Debtor was required to utilize CubeSmart to operate the Property, this was an agreement from when the original Note was executed.

30. Even further, in the Motion, Debtor claims that Greenlake is only owed $10,281,810.40. However, as shown above, the amount due and owing as of the filing of the instant petition is $11,324,138.20.

31. Greenlake's primary initial objection relates to the Debtor's removal of CubeSmart as the operator of the storage facility on the Property. Not only is this removal yet another breach of the Loan Documents by the Debtor, but it poses a real harm to the value of the collateral. CubeSmart, which professionally manages many storage facilities, has a system in place that has operated for over 2 years. The Debtor, on the other hand, is a single purpose entity and the Motion does not explain why it has the experience or expertise to run such a facility. Making monthly payments to Greenlake in some small amount will not adequately protect Greenlake from the reduction in the value of the Property.

32. Additionally, under the Collateral Assignment, the very agreement that the Debtor seeks to terminate is additional collateral pledged to Greenlake. This needs to be considered as far

as adequate protection is concerned because it is not just the rents that are collateral, but also this very agreement.

33. Additionally, the budget provided by the Debtor is unreasonable. The Property itself generates less than $30,000.00 a month in revenue and that amount will not cover real estate taxes, insurance and any sort of adequate protection payment to Greenlake. However, the Debtor is asking the Court to approve expenses such as a $10,000.00 expense for signage. This expense purportedly is the cost to remove CubeSmart's signage and replace it with something else. It is not appropriate to utilize the funds that were held by CubeSmart (which are Greenlake's perfected security interest in rents) for such an expense. If the Court is inclined to grant the Motion, the Debtor should utilize its own funds to pay for something that is a breach of the Loan Documents and that will have the impact of reducing the value of the Property (removing CubeSmart). Even further, there is no indication as to what "General Marketing," "Other Controllable Expenses," and "Other Non-Controllable" items are on the proposed budget. The Debtor should not have unfettered access to a significant portion of the rents coming in without specifically identifying how they are to be spent.

34. It is also important to point out to the Court that the Property is worth less than the amount owed to Greenlake. Even by the Debtor's own allegedly appraised value of $10,000,000, there is already over a $1 million deficiency. This amount will only continue to increase if the Property is allowed to be devalued by removing the party that has operated it for over 2 years and replacing it with an unknown party (the Debtor).

35. Under § 363(p) of the Bankruptcy Code, the burden is "clearly and explicitly" placed on the Debtor to prove that Greenlake's interest in the collateral is adequately protected. *See, In re Am. Consol. Transp. Companies, Inc.*, No. 09-BK-26062, 2009 WL 3571268, at *1

(Bankr. N.D. Ill. Oct. 28, 2009). Here, the Debtor has failed to meet that burden and the Motion should be denied.

36. Section 361 of the Bankruptcy Code sets forth examples of what may constitute adequate protection, including cash payments equivalent to the decrease in the value of the security interest or a replacement lien on other property. Here, the Debtor has not shown that the payments proposed to be made to Greenlake are equivalent to the decrease in the value of the Property. Even further, the Debtor claims that it will provide a security interest in the accounts and accounts receivables of the Debtor. However, Greenlake already has such a security interest, and the only accounts receivables will be from the rents generated from the Property. This replacement lien provides no additional protection to Greenlake.

**GREENLAKE'S RESERVATION OF RIGHTS**

37. Nothing in this preliminary objection should be construed as Greenlake waiving any rights, claims, objections or other arguments related to the use of the Property without providing Greenlake adequate protection as well as Greenlake's ability to bring future motions or to seek to convert this Chapter 11 case or seek relief from stay. This preliminary objection does not waive any claims of Greenlake against the Debtor under the Loan Documents, bankruptcy law or Illinois state law.

38. Greenlake also reserves the right to modify or supplement this objection in the future.

HIRZEL LAW, PLC

By:  /s/ Adam C. Toosley
Adam C. Toosley, IL Bar: 6276856
1001 Bay St., Suite E
Traverse City, MI  49684
Tel: (231) 486-5600, Ext. 203
Email: atoosley@hirzellaw.com

and

SANDBERG PHOENIX & VON GONTARD P.C

By: /s/ Clayton G. Kuhn
Clayton G. Kuhn
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
Tel: 314.231.3332|
ckuhn@sandbergphoenix.com

Attorneys for Greenlake Real Estate Fund, LLC

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 25th day of July, 2022, a copy of the above and foregoing was electrically filed with the United States Bankruptcy Court, Northern District of Illinois, pursuant to the Case Management/Electronic Case Filing system of the Court, and electronic notice of such filing was served by the Office of the Clerk upon parties in interest registered in such Case Management/Electronic Case Filing system with respect to this case.

                        /s/  Adam C. Toosley