# EXHIBIT E

Order Appointing Receiver - Form 20                      4313, 4309, 4315, 4215

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION/MORTGAGE FORECLOSURE DEPARTMENT

| | |
|---|---|
| GREENLAKE REAL ESTATE FUND, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) |
| | ) Case No. 2020 CH 02969 |
| PLATFORM II LAWNDALE, LLC, CODA DESIGN + BUILD, LLC, SCOTT KRONE, MARTIN TARADEJNA, and UNKNOWN OWNERS AND OCCUPANTS AND NON-RECORD CLAIMANTS, | ) |
|       Defendants. | ) |

### ORDER APPOINTING RECEIVER FOR NON-RESIDENTIAL PROPERTY

      THIS CAUSE was heard on plaintiff's motion pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 1750 North Lawndale Avenue, Chicago, Illinois 60647. That property is the subject of plaintiff's complaint in mortgage foreclosure. The court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

      1.     The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on its obligations. A copy of the mortgage is attached to the complaint, is dated May 18, 2018 was executed by defendant-mortgagor, and was recorded as document number 1814206153 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures a promissory note, a copy of which is attached to the complaint, signed by defendant/mortgagor, dated May 18, 2018, and in the original principal amount of $6,250,000.00.

      2.     The property consists of commercial building with tenants renting self-storage units, and is owned by the defendant-mortgagor for commercial/investment purposes and not for use as defendant/mortgagor's personal residence.

      3.     Third party Cubesmart Asset Management, LLC ("CubeSmart") is managing the property under a Facility Management Agreement with defendant-mortgagor, dated January 6, 2020. The parties intend and this Court orders that CubeSmart will continue to undertake its duties and authority at the property, as detailed in Article 2 of the Facility Management Agreement.

4. The complaint alleges that an "Event of Default", as defined in the mortgage and note, has occurred due to the defendant-mortgagor's failure to comply with the terms of the mortgage by various items, including the failure to pay property taxes on the property. This Event of Default gives plaintiff the right to accelerate all amounts due under the mortgage and note and to demand the same be immediately payable.

5. The mortgage provides that in Section 4.2 upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

6. The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

7. The court finds that [choose one]:

    X    due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d)

    ☐    good cause exists to waive notice pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED:**

1. The receiver, Howard Samuels, based on the information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2. Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

3. The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq*.). However, nothing in this order is intended to abrogate or limit the duties and authority of CubeSmart, as detailed in Article 2 of the January 6, 2020 Facility Management Agreement. To the extent the duties and authority set forth in this order conflict with Article 2 of the Facility Management Agreement with CubeSmart, the Facility Management Agreement will control.

4. The receiver is authorized to collect all rents relating on the property, and the tenants are directed to pay rent to receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5. Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in **any way** to the

following:

(a) Income collected for the property after the effective date of this order;

(b) Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

(c) All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

(d) Documents relating to the property's condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the property;

(e) A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

(f) All keys needed to operate, repair and/or maintain the property; and

(g) A list of all tenants and their payment history for the last two years.

6. Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his/her duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7. The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have been found in default or have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8. Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

9. The receiver may not employ attorneys except with explicit court approval.

10. The receiver or a knowledgeable representative thereof must appear in court when his/her report is presented.

11. The receiver's fees shall be charged as follows:

    $495/hour, and for expenses incurred. Other staff at Rally Capital, if needed, will charge between $75/hour and $495/hour

    The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

12. With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $10,000.00 and the Receiver will work with Cubesmart as to any such expenditures. The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

13. This order is not effective until the court has approved the receiver's bond in the amount of $10,000.00, which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

15. This case is continued to October 29, 2020 at 10:30 a.m. for a Zoom hearing in Courtroom 2808 of the Daley Center for status and approval of the first receiver's report. The first report shall be filed on or before October 19, 2020 and shall cover the period beginning when the bond is approved and ending on October 15, 2020. Objections, if any, shall be filed by October 26, 2020.

ENTER:

*Marian Perkins*

Judge   Judge Marian Emily Perkins

SEP 18 2020

_____, 2020

Circuit Court-2201

**ORDER PREPARED BY:**
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Fax: 312.360.6520
Firm Id.: 71182