# EXHIBIT H

<u>**FIRST AMENDMENT TO PROMISSORY NOTE SECURED BY MORTGAGE**</u>

THIS FIRST AMENDMENT TO PROMISSORY NOTE SECURED BY MORTGAGE (this "<u>**First Amendment**</u>") is dated as of November 30, 2020 (the "<u>**Agreement Date**</u>") between·**PLATFORM II LAWNDALE LLC,** an Illinois limited liability company (the "<u>**Borrower**</u>") and **SCOTT KRONE,** an individual, **MARTIN TARADEJNA,** an individual, and **CODA DESIGN + BUILD, LLC,** an Illinois limited liability company (collectively, "<u>**Guarantor**</u>") and **GREENLAKE REAL ESTATE FUND LLC,** a California limited liability company and/or Assignees ("<u>**Lender**</u>").

<u>RECITALS</u>

A.        Borrower and Lender entered into that certain Promissory Note Secured by Mortgage dated May 18, 2018 (the "<u>**Note**</u>") whereby Lender agreed to make a secured loan (the "<u>**Loan**</u>") available to Borrower in the maximum principal amount of $6,250,000.00, of which a total of $5,500,000.00 has been advanced as of the date hereof (the "<u>**Advanced Amount**</u>"). All initially capitalized terms not defined herein shall have the meaning ascribed to them in the Note.

B.        The Note is secured by an Open-End Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated May 18, 2018 and recorded May 22, 2018 (the "<u>**Mortgage**</u>") encumbering certain real property commonly known as 1750 N. Lawndale Avenue, Chicago, Cook County, Illinois 60647 (Parcel Nos. 13-35-319-002-0000; 13-35-319-015-0000; 13-35-319-039-0000), and more particularly described in the Mortgage (the "<u>**Property**</u>").

C.        Each Guarantor executed a certain Payment and Performance Guaranty dated May 18, 2018 (collectively, the "<u>**Guaranty**</u>") guaranteeing the payment and performance of Borrower under the Note.

D.        Borrower and Guarantor have requested that Lender enter into that certain Forbearance Agreement of even date herewith (the "<u>**Forbearance Agreement**</u>"), and Lender is willing to so do provided the parties enter into and act in accordance with the terms of this First Amendment.

<u>AMENDMENT</u>

1.        **Additional Loan Amount.**  The Loan Amount under the Note shall be increased by $706,000.00 (the "<u>**Additional Loan Amount**</u>") for a total Loan Amount of $6,956,000.00, of which $56,000.00 is a "<u>**Deferred Origination Fee**</u>" that does not begin to bear interest, except upon an Event of Default or if not paid in full upon maturity. The Deferred Origination Fee shall be paid to Lender's Advisor Affiliate (as hereinafter defined) upon full repayment of the balance of this Note, including maturity, early payoff, or upon an Event of Default (as applicable).

2.        **Additional Advance.** Borrower and Guarantor acknowledge and agree that Lender has advanced the Advanced Amount as of the Agreement Date. Provided Borrower and Guarantor are in compliance with the terms of this First Amendment and the Forbearance Agreement, Lender shall advance the remaining funds yet to be advanced under the Loan in the amount of $1,400,000.00 (the "<u>**Additional Advance**</u>") in accordance with the terms of this Agreement and the Forbearance Agreement.

3.        **Funding of Additional Advance.**  Subject to the satisfaction of the terms and conditions in this First Amendment and Forbearance Agreement, the Additional Advance shall be placed into the "<u>**Payment Reserve**</u>" to be used and disbursed in accordance with Section 5 of the Forbearance Agreement. Except as provided for herein, the Additional Advance shall be governed by the terms of the Note, the Forbearance Agreement, and the other Loan Documents.

4.        **Mortgage.**  The Additional Advance and the Additional Loan Amount are secured by, among other things, the Mortgage, as may be amended.

5.    **Conditions Precedent.**  This First Amendment shall not be effective until satisfaction of the following conditions:

5.1.    Borrower and Guarantor shall have provided documents authorizing the execution of this First Amendment, First Amendment to Mortgage, reaffirmation of each Payment and Performance Guaranty, and any other loan documents required by Lender in its sole discretion;

5.2.    Each Borrower or Guarantor that is not a natural Person shall have provided proof that such Borrower or Guarantor is validly formed and in good standing in the state of its formation. Borrower shall have provided proof that any entity Guarantors are validly formed an in good standing in the state in which such entities are formed;

5.3.    Each Guarantor, individually, shall have executed a reaffirmation of Guarantor's Payment and Performance Guaranty guarantying repayment of the amount due hereunder and other obligations of Borrower;

5.4.    Borrower and Guarantor shall have executed the Forbearance Agreement and shall be in compliance with the terms of the same;

5.5.    Borrower and Guarantor shall have executed this First Amendment and delivered the original to Lender;

5.6.    Borrower shall have executed the First Amendment to Mortgage in form and substance acceptable to Lender in Lender's sole discretion;

5.7.    The title company shall be irrevocably committed to issue and shall upon the Agreement Date issue, such title insurance and endorsements as Lender may require;

5.8.    Borrower shall have provided such other documents and items as Lender may require in connection with the modification of the existing loan; and

5.9.    Borrower shall have paid all attorneys' fees and any other out-of-pocket costs incurred by Lender in connection with this First Amendment.

6.    **Release.**

6.1.    For purposes of this Section (the "**Release**"), the following terms shall have the following definitions:

6.1.1.    "**Related Parties**" shall mean, with respect to any released party, such party's parents, subsidiaries, affiliates, successors, assigns, predecessors in interest, officers, directors, employees, Lenders, representatives, attorneys, financial advisors, accountants and shareholders, if any.

6.1.2.    "**Claims**" shall mean any and all claims, losses, debts, liabilities, demands, obligations, promises, acts, omissions, agreements, costs, expenses, damages, injuries, suits, actions, causes of action, including without limitation, any and all rights of setoff, recoupment or counterclaim of any kind or nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, contingent or fixed that arise prior to the Agreement Date or relate to the period prior to the Agreement Date.

6.2.    Excluding only the continuing obligations of Lender under the express terms of the Loan Documents and this First Amendment after the date hereof, each of Borrower and Guarantor hereby releases, acquits and forever discharges Lender, and each of Lender's Related Parties of and from any and all Claims arising

out of, related or in any way connected with the Loan Documents, this First Amendment or the transactions contemplated by any thereof, including, without limitation, any action or failure to act, prior to the execution of this First Amendment, in response to or otherwise in connection with the events or circumstances arising under or otherwise related to the Loan Documents or any Defaults occurring under the Loan Documents (collectively, the "**Released Claims**").

6.3.     As further consideration for the Release provided in <u>Section 6.2</u> above, each of Borrower and Guarantor, for itself, and its respective successors and assigns, hereby agrees, represents, and warrants that the matters released herein are not limited to matters that are known or disclosed, and Borrower and Guarantor each hereby waives any and all rights and benefits that it now has, or in the future may have. In this connection, each of Borrower and Guarantor hereby agrees, represents, and warrants that it realizes and acknowledges that factual matters now unknown to it may have given or may hereafter give rise to Claims, and each of Borrower and Guarantor further agrees, represents, and warrants that this Release has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, each of Borrower and Guarantor nevertheless hereby intends to release, discharge, and acquit the respective Released Parties from any such Claims that are in any way related to the Loan or the distribution of the Loan proceeds.

6.4.     Notwithstanding such provisions, the Release given under <u>Section 6.2</u> shall constitute a full release in accordance with its terms. Borrower and Guarantor knowingly and voluntarily waive the provisions of any statute, law, or rule governing such a release or notice thereof. In connection with such waiver and relinquishment Borrower and Guarantor hereby acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which it now knows or believes to be true with respect to the matters released herein.

6.5.     Each of Borrower and Guarantor irrevocably covenants and agrees forever to refrain from initiating, filing, instituting, maintaining, or proceeding upon, or encouraging, advising or voluntarily assisting any other person or entity to initiate, institute, maintain or proceed upon any Released Claims of any nature. Each of Borrower and Guarantor represents and warrants that it is the owner of and has not assigned, sold, transferred, or otherwise disposed of any of the Released Claims. Each of Borrower and Guarantor hereby agrees, represents, and warrants that it has the authority and capacity to execute this Release.

6.6.     It is understood and agreed that the acceptance of delivery of this Release by the Released Parties shall not be deemed or construed as an admission of liability by any Released Parties, and each such party hereby expressly denies liability of any nature whatsoever arising from or related to the subject of the within Release.

6.7.     Each of Borrower and Guarantor hereby agrees, represents, and warrants that it has had the advice of counsel of its own choosing in negotiations for and the preparation of this Release, that it has read this Release or has had the same read to it by their counsel, and that it is fully aware of its content and legal effect. This Release may be pleaded as full and complete defense to or be used as the basis for an injunction against any action, suit or other proceeding that be instituted, prosecuted, or attempted in breach of this Release.   Each of Borrower and Guarantor expressly agrees that the customary rules of contract interpretation to the effect that ambiguities are to be construed or resolved against the drafting party shall not be employed in the interpretation or construction of this Release.

7.     **Representations and Warranties.** Borrower hereby represents and warrants that:

7.1.     Except as disclosed in the Forbearance Agreement, there is no default by Lender under the Loan Documents and no event which with the passage of time or the giving of notice would constitute a default.

7.2.     There has been no change in any organizational document of Borrower and the items

provided to Lender in connection with the initial funding of the Loan remain true, accurate and complete in all respects.

      7.3.     Borrower has received no notice of non-compliance with any applicable laws with respect to the Property or the operations conducted on the Property.

      7.4.     Borrower restates and affirms all the representations and warranties contained in the Note.

      7.5.     The proceeds are being used for business purposes.

      7.6.     Borrower has had no dealings with any broker or agent in connection with this First Amendment.

      8.     **Lender's Advisor Affiliate.** The term "**Lender's Advisor Affiliate**" means the Affiliate of Lender acting as Lender's investment advisor, performing functions which include, but are not limited to, originating and/or servicing the Loan.

      9.     **Loan Administration and Affiliates.** Borrower acknowledges and agrees that Lender shall be responsible for the administration of the Loan and shall have the power to enforce any and all remedies under the Note and/or Loan Documents on behalf of itself and any Affiliates of Lender. Borrower acknowledges and agrees that there may be certain amounts under the Note due to Affiliates of Lender pursuant to certain written agreements between Lender and Affiliates of Lender, including but not limited to all or a portion of the Origination Fee, the Exit Fee, the Extension Fee, default interest, and/or other fees, costs, and sums due under the Note.

      10.     **Governing Law.** This First Amendment shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of Illinois (without giving effect to Illinois's principles of conflicts of law).

      11.     **Reaffirmation of Note and Loan Documents.** The Note, as amended by this First Amendment, remains in full force and effect in accordance with its terms and binding on Borrower. Borrower acknowledges and reaffirms all the other Loan Documents and that such Loan Documents secure this First Amendment in addition to the Note, all of which continue to be in full force and effect.

      12.     **Reaffirmation of Guaranty.** Guarantor hereby consents to this First Amendment and reaffirms the Guaranty, which shall continue to be in full force and effect with respect to the Loan Documents as amended and shall guaranty the total outstanding principal balance and other sums due under the Note including without limitation the Additional Loan Amount and binding on Guarantor.

      13.     **Integration.** The Note, as amended by this First Amendment, shall supersede any prior written or oral agreements related to the relationship between Borrower and Lender and together with the Loan Documents shall constitute the sole agreement with respect to the Loan.

**[SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the undersigned have executed this First Amendment to Promissory Note as of the date and year first referenced.

**BORROWER**:

**PLATFORM II LAWNDALE, LLC**,
an Illinois limited liability company

By: _____
    Scott Krone, Manager


**GUARANTORS**:

_____
SCOTT KRONE, an Illinois resident

_____
MARTIN TARADEJNA, an Illinois resident

**CODA DESIGN + BUILD, LLC**,
an Illinois limited liability company

By: _____
    Scott Krone, Manager


**LENDER**:

**GREENLAKE REAL ESTATE FUND LLC**,
a California limited liability company,

By:  GreenLake Investment Management LLC,
     a California limited liability company, Its Manager

By: _____
    Paul Diamond, Authorized Signatory