# EXHIBIT J

Case 22-07668   Doc 18-10   Filed 07/25/22   Entered 07/25/22 14:46:18   Desc
Exhibit J-April 14   2022 Foreclosure Order   Page 2 of 19

Order #2 of 2

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION/MORTGAGE FORECLOSURE DEPARTMENT

GREENLAKE REAL ESTATE FUND, LLC, )
)
      Plaintiff, )
)
v. )
) Case No. 2020 CH 02969
PLATFORM II LAWNDALE, LLC, CODA )
DESIGN + BUILD, LLC, SCOTT KRONE, )
MARTIN TARADEJNA, and UNKNOWN )
OWNERS AND OCCUPANTS AND NON- )
RECORD CLAIMANTS, )
)
      Defendants. )

## FORECLOSURE JUDGMENT ORDER-COUNT I

This cause coming to be heard on Plaintiff, GREENLAKE REAL ESTATE FUND, LLC (" GreenLake") Motion for Partial Summary Judgment, by and through its attorneys, SANDBERG PHOENIX & VON GONTARD, P.C. and FREEBORN & PETERS, LLP, due notice having been given, the Court being duly advised in the premises, this Court makes the following findings pursuant to Section 15-1506(a) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1506(a)):

### I. JURISDICTION

1. The following named Defendants were lawfully served with summons and the Complaint in accordance with the law: Platform II Lawndale, LLC; Coda Design + Build, LLC, Scott Krone, Martin Taradejna, Unknown Owners and Occupants and Nonrecord Claimants.

2. This Court has jurisdiction of the parties hereto and the subject matter hereof.

### II. EVIDENTIARY FINDINGS

3. Defendants, Platform II Lawndale, LLC, Coda Design + Build, LLC, Scott Krone, and Martin Taradejna filed a responsive pleading to the Complaint.

4. No other defendants answered the Complaint.

5. Service by publication was properly effectuated on defendants Unknown Owners and Occupants and Nonrecord Claimants, if any, by publication of a Notice of Foreclosure and of Service by Publication in the *Chicago Daily Law Bulletin,* a secular newspaper of general circulation published in Cook County, Illinois, on the following dates: March 16, March 23 and March 30, 2020. The publication notice required that Nonrecord Claimants, Unknown Tenants, Occupants and Leaseholds answer or otherwise plead to the Complaint no later than April 15, 2020.

6. The Court specifically finds that service of process in each instance was properly made in accordance with the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules.

7. This Court has jurisdiction over all the parties hereto and the subject matter presented herein.

8. Default judgment is hereby entered against Unknown Owners and Occupants and Nonrecord Claimants under separate order entered simultaneously herewith.

9. Summary judgment as to Count I of the Complaint is hereby entered against Platform II Lawndale, LLC, Coda Design + Build, LLC, Scott Krone and Martin Taradejna.

10. There are no genuine issues of material fact, and Plaintiff is entitled to the entry of judgment on Count I of the Complaint.

11. That all the allegations of Count I of the Complaint, and those deemed to have been made pursuant to Illinois Compiled Statutes, Chapter 735, Act 5 § 15-1504, and the testimony provided by affidavit are true and proven; and that by virtue of the Mortgage, evidence and affidavits of indebtedness secured thereby alleged in Count I of the Complaint and affidavits, there is due to the Plaintiff, and it has valid existing liens on the property described hereafter for the

following amounts as of November 30, 2021:

| | |
|---|---:|
| Principal | $7,590,000.00 |
| Accrued Interest as of November 19, 2021 | $2,610,547.44 |
| Deferred Origination Fee on New Advance | $   56,000.00 |
| (Hold Backs Credited) | (59,380.48) |
| Attorneys' Fees & Costs/Other Fees | $84,643.45 |
| **TOTAL** | **$10,281,810.40** |

Additionally, for such advances made in order to protect the liens of the judgment and preserve the real estate, such as, but not limited to: property inspections, real estate taxes or assessments, and insurance premiums incurred by GreenLake and not included in this Judgment is entered and prior to the Judicial sale; that any such item expended shall become so much additional indebtedness secured by the judgment lien and bear interest from date of the advance at the Mortgage's rate of interest.

All of the foregoing amounts have been accounted for in the verified complaint, the forbearance agreement between the parties, and the affidavits filed by Plaintiff herein.

12. Attached to the Complaint related to Count I are the following exhibits: (a) Exhibit A-Open-Ended Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing; and (b) Exhibit B-Promissory Note Secured By Mortgage.

13. Exhibits A-B are admitted into evidence, and any originals presented may be withdrawn.

14. The Verification of Paul Diamond, authorized representative of GreenLake, filed in support of the Complaint, having been presented to the Court, and having proper evidentiary foundation, is admitted into evidence. The Court finds that the allegations of fact in the Complaint have been properly verified by sworn affidavit and by the agreement of the parties and are hereby found to be true and correct as alleged, and no further evidence of such facts is required.

15. Information concerning the Mortgage:

3

(a)  <u>Nature of Instruments:</u> Mortgage

(b)  <u>Dates of Instruments:</u> Mortgage- May 18, 2018

(c)  <u>Name of Mortgagor:</u> Platform II Lawndale, LLC

(d)  <u>Name of Mortgagee:</u>  GreenLake Real Estate Fund, LLC

(e)  <u>Date and Place of Recording</u>: Mortgage-Cook County Recorder of Deeds- May 22, 2018; Cook County Recorder of Deeds- January 22, 2021

(f)  <u>Identification of recording</u>: Mortgage-1814206153, Mortgage Amendment-2102204272

(g)  <u>Interest subject to Mortgage</u>:  Fee simple.

(h)  <u>Amount of original indebtedness plus subsequent advances</u>: $6,956,000

(i)  <u>Legal description</u>:

Parcel 1:
All of Lots 2 to 8, both inclusive; Lot 40 (except the South 16.00 feet thereof), Lots 41 to 45 (except that part of said Lots 42, 43, 44, and 45 conveyed to Chicago and Pacific Railroad Company); also the North-South vacated alley, lying East of adjoining Lot 40 (except the South 16.00 feet thereof) and Lots 41 to 45 and West of and adjoining Lots 2 to 6 and Lot 7 (except the South 16.00 feet thereof), all in Block 3, in Subdivision of the Southeast Quarter of the Southwest Quarter of Section 35, Township 40 North, Range 13, East of the Third Principal Meridian, (except the East Half of the Southeast Quarter of the Southeast Quarter of the Southwest Quarter of said section and except railroad), in Cook County, Illinois.

Parcel 2:
All that part of the Subdivision of the Southeast Quarter of the Southwest Quarter of Section 35, Township 40 North, Range 13, East of the Third Principal Meridian (except the East Half of the Southeast Quarter of the Southeast Quarter of the Southwest Quarter of said section) and (except railroad) which is described as follows:

Commencing at the Northwest corner of Lot 2 in Block 3 in said subdivision, which corner is the beginning of 14 degree curve, to the left with its tangent along the North line of said Lot 2; thence Westerly along said 14 degree curve, a distance of 11.00 feet to a point in the Southeasterly boundary line of the property of the Grantors: Henry A. Scandrett, Walter J. Cummings, and George I. Haight, not as individuals but solely as Trustees of the property of the Chicago, Milwaukee, St. Paul, and Pacific Railroad Company, as shown on a Plat marked "Exhibit A" attached to and made a part of Warranty Deed dated October 21, 1891, from Mary A. Reid to the

4

Chicago and Pacific Company, a predecessor of said grantors, which Deed was filed for record in the Recorder's Office of Cook County, Illinois on October 24, 1891 and recorded in Book 3856 of record on Page 91 and the true point of beginning of the land to be described; thence continuing Westerly along said 14 degree curve for a distance of 86.86 feet to the beginning of an 11 degrees 28 minutes curve to the left and tangent to said 14 degree curve at said last mentioned point; thence Westerly on said 11 degrees 28 minutes curve to the left, a distance of 117.56 feet to a point in the North prolongation of the West line of North Ridgeway Avenue, distant 518.72 feet North of intersection of said street line with the North line of Wabansia Avenue; thence South along the North prolongation of the West line of said North Ridgeway Avenue, a distance of 91.52 feet to a point in the aforementioned Southeasterly boundary line of said grantors property; thence Northeasterly along said boundary line to the point of beginning, all in Cook County, Illinois.

Permanent Index Numbers: 13-35-319-002-000, 13-35-319-015-000 and 13-35-319-039-000

Common Address: 1750 North Lawndale Avenue, Chicago, Illinois 60647

(j) Statement as to defaults and amounts due:

To date, Plaintiff has not received payments as required, and the loan was accelerated. As of November 30, 2021, the amount owed to GreenLake is **$10,281,810.40**, comprised of the following:

| | |
|---|---|
| Principal | $7,590,000.00 |
| Default Interest as of November 30, 2021 | $2,610,547.44 |
| Deferred Origination Fee on New Advance | $23,444.23 |
| (Hold Backs Credited) | (59,380.48) |
| Attorneys' Fees & Costs/Other Fees | $84,643.45 |
| **TOTAL** | **$10,281,810.40** |

Per Diem Interest: $4,427.50

(j) Names of present owners of the premises: Platform II Lawndale, LLC

(k) The following additional parties are named as defendants and their interest in or lien on the mortgaged Real Estate is terminated: Coda Design + Build, LLC, Scott Krone and Martin Taradejna, Unknown Owners and Occupants and Nonrecord Claimants

(l) Platform II Lawndale, LLC is personally liable for any deficiency.

(m) GreenLake is the legal owner and holder of the Loan Documents.

(n) Facts in support of a redemption period shorter than the later of (i) the date 6 months from the date the mortgagor or, if more than one, all the

5

    mortgagors (A) have been served with summons or by publication or (B) have otherwise submitted to the jurisdiction of the court, or (ii) the date 3 months from the date of entry of a judgment of foreclosure: Platform II Lawndale, LLC waived all rights of redemption under section 15-1601, Illinois Statutes as set forth on page 16, Section 4.6 of the Mortgage.

 (o) Statement that the right of redemption has been waived by all owners of redemption, if applicable: See (n) above.

16. Following the filing of the Complaint, the parties entered into a Forbearance Agreement dated November 30, 2020. The terms of the Forbearance Agreement have been established by the Affidavit of Paul Diamond, authorized representative of GreenLake, filed in support of the Motion, and having proper evidentiary foundation, it is admitted into evidence. Further, the Affidavit of Paul Diamond establishes the foundation for: (i) the First Amendment to Open-Ended Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated November 30, 2020 and recorded with the Cook County Recorder of Deeds on January 22, 2021 as Document Number 2102204272; and (ii) the First Amendment to Promissory Note Secured by Mortgage. GreenLake is the legal owner and holder of these documents, and these documents are included among the documents collectively referred to as Loan Documents.

17. The Forbearance Agreement increased the total loan amount to $6,956,000 and the maturity date of the Note was extended to January 31, 2021. The maturity date under the Forbearance Agreement and the amended loan documents was subsequently extended to July 30, 2021.

18. The amounts due and owing and other items herein have been further established by an Affidavit of Paul Diamond, authorized representative of GreenLake, filed in support of the Motion, and having proper evidentiary foundation, it is admitted into evidence.

### III. DEEMED ALLEGATIONS PROVED-COUNT I

19. On the date indicated in the Complaint, the obligor of the indebtedness or other

obligations secured by the Mortgage was justly indebted in the amount of the indicated original indebtedness to the original mortgagee or payee of the Loan Documents.

20. The exhibits attached to the Complaint and the affidavit of Paul Diamond include true and correct copies of the Loan Documents.

21. Platform II Lawndale, LLC was, at the date indicated in the Complaint, the owner of the interest in the Property described in the Complaint and as of the date made, executed, and delivered the Mortgage as security for the Loan Documents.

22. The Mortgage was recorded in the county in which the Property is located on the dates indicated.

23. Defaults occurred as indicated in the Complaint and in evidence, including the Affidavits presented to the Court and a forbearance agreement executed by the Borrower.

24. The party named as present owner is the present owner of the indicated interest in and to the Property described.

25. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by GreenLake or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgage.

26. If required, any and all notices of default or election to declare the indebtedness due and payable, or other notices required to be given have been duly and properly given.

27. If required, any and all periods of grace and reinstatement or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

28. The amount indicated due is set forth in the statement in the evidence, including

the Affidavits presented to the Court; the same is correctly stated and if such computation indicated any advances made or to be made by GreenLake, such advances were, in fact, made or will be required to be made, and under and by virtue of the Mortgage, the same constitute additional indebtedness secured by the Mortgage.

29.     In addition to the express allegations of the Complaint, and the Affidavits presented to the Court, all of the deemed included allegations provided by § 15-1504 of the Illinois Mortgage Foreclosure Law are also proved and no further evidence of these allegations is required.

30.     The Court specifically finds that the Mortgage constitutes a valid, prior and paramount lien on the Property, which lien is prior and superior to the right, title, interest, claim, or lien of all defendants herein; whose interest in the Property is terminated by the foreclosure.

## IV.  FINDINGS REGARDING COSTS AND ATTORNEYS' FEES

31.     GreenLake has been compelled to employ and retain attorneys to prepare and file the Complaint, and to represent and advise it in the foreclosure of the Mortgage. GreenLake is liable for the usual, reasonable and customary fees of the attorneys they have retained.

32.     GreenLake has been compelled to advance, or will be compelled to advance, various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with this proceeding, including without limitation to the following: filing fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, foreclosure minutes, and title insurance policy.

33.     In order to protect and preserve the Property, it has or may also become necessary for GreenLake to pay fire and other hazard insurance premiums on the Property, or to make such repairs to the Property as may be reasonably be deemed necessary for the proper preservation thereof, including receiver-related costs and expenses.

34.     In order to protect the lien of the Mortgage, it may or has become necessary for

GreenLake to pay taxes which have been and will be levied on the Property.

35.     The Mortgage and other Loan Documents, including the Forbearance Agreement, provide for the reimbursement of all expenditures and expenses which may be paid for attorneys' fees and costs that were incurred and are necessary for the protection of GreenLake's interest or the enforcement of its rights, in addition to all other suits provided by law, and constitute additional indebtedness secured by the Mortgage.

36.     The Verification of GreenLake's representative, filed in support of the Complaint and the Affidavit of GreenLake's representative, filed in support of the Motion are sufficient proof of the facts stated in the Complaint and the Motion.  The affidavits of Martin Syvertsen, Adam Toosley, and Anthony Soukenik for Attorneys' Fees and Costs is sufficient proof of the facts stated therein and the amount due for attorneys' fees and costs is $84,643.45.

37.     The attorneys' fees, costs, expenses, and disbursement allowed herein as stated above are fair, reasonable, and proper, and as provided by the Loan Documents, shall be added to and become part of the indebtedness due GreenLake. Additional attorneys' fees, costs, expenses, and disbursements not included in the judgment amount or hereafter incurred shall be added to and become part of the indebtedness due GreenLake upon further order of this Court.

## V.  ULTIMATE FINDINGS

38.     The allegations of fact in the Complaint have been properly proved by verification, GreenLake has duly filed and served the Motion, and GreenLake is entitled to foreclose the Mortgage and obtain a judgment of foreclosure as requested in Count I the Complaint. As such GreenLake is entitled to foreclose its Mortgage and obtain a judgment of foreclosure as requested in the Complaint under Count I as to the Defendants in the amount of **$10,281,810.40** (as of November 30, 2021).

39. If additional sums are advanced after November 30, 2021 by GreenLake, or attorneys' fees and costs incurred, such sums may be proven up by affidavit at the time of entry of this judgment of foreclosure and sale.

40. Counts II, III and IV are not part of this order.

41. Defendants, Platform II Lawndale, LLC, Coda Design + Build, LLC, Scott Krone and Martin Taradejna, Nonrecord Claimants and Unknown Owners are found and declared to have no interest in the Property, as they have offered no evidence of their interest.

42. The Mortgage is prior and superior to all other mortgages, claims of interest and liens upon the Property, except for real estate taxes and special assessments, if any, subject to any caveats below.

43. The Property shall be sold free and clear of all liens and encumbrances except: (1) General real estate taxes and special assessments, if any; and (2) Easements and restrictions of record.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

I. **ORDER UPON DEEMED REQUEST FOR FORECLOSURE: COUNT I.**

1. An order of summary judgment is hereby entered against all Defendants.

2. An order of default and default judgment is hereby entered against Unknown Owners and Occupants and Nonrecord Claimants.

3. GreenLake is granted judgment in the amount of $10,281,810.40 (as of November 30, 2021) under Count I of the Complaint. The Property shall be sold as directed by the Court to satisfy the amount due and owing to GreenLake as set forth in this Judgment, together with interest thereon at the statutory judgment rate. The Property may be sold in separate lots or as a single lot.

4. An accounting has been taken under the direction of the Court of the amounts due

and owing to GreenLake as declared herein.

5. In default of such payment in accordance with this Judgment and after notice of the sale is made in accordance with the provisions of § 15-1507(c) of the Illinois Mortgage Foreclosure Law, the Property shall be sold as directed by the Court, to satisfy the amount due GreenLake as set forth in this Judgment, together with all other allowable fees, costs, and interest thereon at the statutory judgment rate from the date of this Judgment.

6. In the event GreenLake is the purchaser of any or all of the Property at such sale, GreenLake may offset against the purchase price of the any or all of the Property with the amounts due to GreenLake under this Judgment and the order confirming the sale, as its interest appear in this Judgment.

7. In the event of such sale the defendants made parties to this foreclosure action in accordance with statutory provisions, and all Non-Record Claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through, or under them, and each and any and all of them, forever shall be barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Property.

8. A deed for the Real Estate and a bill of sale for the Personal Property shall be issued to the purchaser thereat according to law and such purchaser shall be let into possession of the Property in accordance with statutory provisions.

**ORDER UPON COUNTS II-IV**

1. Counts II-IV are not part of the instant order and will be decided by further order of the Court.

**ORDER UPON SPECIAL MATTERS**

1. The sale of the Property shall be by public auction and the sale shall be by open,

verbal bid.

2.\.     Intercounty Judicial Sales Corporation (the "Selling Officer") is appointed the selling officer for the purpose of conducting the sale and all activities related thereto.

3.\.     Exceptions to which title to the Property shall be subject at the sale shall include all delinquent real estate taxes and all general real estate taxes upon the Property, and special assessments, if any, easements and restrictions of record, and any other matters of record not affected by this Judgment.

4.\.     In the event that GreenLake is a successful bidder at the sale, GreenLake shall be allowed to offset against the purchase price to be paid by such amounts due it under the Judgment of Foreclosure, or the order confirming the sale.

**ORDER FOR JUDICIAL SALE**

1. The Property is ordered sold in accordance with statutory provisions provided in this Judgment of Foreclosure.

2. The place and date of sale shall be as noticed and as advertised in accordance with the Illinois Mortgage Foreclosure Law.

3. <u>Notice of Sale</u>. GreenLake, as mortgagee, or such other party designated by the Court shall give public notice of the sale in accordance with the requirements under the Illinois Mortgage Foreclosure Law, and,

   1. The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

      (a) the name, address and telephone number of the person to contact for information regarding the Property;

      (b) the common address and/or other common description (other than legal description), if any, of the Property;

      (c) a legal description of the Property sufficient to identify it with reasonable certainty;

      (d) a general description of the improvements on the Property, if any;

      (e) whether the Property may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph 1, above;

      (f) the time and place of the sale;

      (g) the terms of the sale including the method in which any non-mortgagee bidders can bid at the sale, including the amount of the down payment, method for payment and timing for payment of remaining balance;

      (h) the case title, case number and the court in which the foreclosure was filed; and

      (i) no other information is required.

   2. The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice

13

    to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

    (a) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and

    (b) separate advertisements in the section of such a newspaper, which may not be the same newspaper used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and

    (c) such other publications as may be further ordered by the court.

  3. Any of the parties to this cause may become the purchasers at such sale. The "Sale Officer" may adjourn or continue the sale subject to the Notice and advertisement pursuant to the requirements of Chapter 735 Section 5/15-1507 (4)(c).

  4. No other notice by publication or posting shall be necessary.

  5. The person named in the notice of sale to be contacted for information about the Property shall not be required to provide information in addition to that set forth in the notice of sale.

  4. <u>Election of Property</u>. If the Property is susceptible to division, the Selling Officer may order it to be sold as necessary to satisfy this Judgment. The Selling Officer may determine the order in which separate tracts may be sold.

  5. <u>Certificate of Sale</u>. The Selling Officer shall issue, in duplicate, and give to the purchaser, a certificate of sale in recordable form pursuant to 735 ILCS § 5/15-1507(f). The certificate shall be freely assignable by endorsement thereto.

**TRANSFER OF TITLE**

  1. Upon or after confirmation of the sale, the Selling Officer, or such other person who conducted the sale, or the Court, shall execute a deed to the Real Estate and a bill of sale to the Personal Property to the holder of the certificate of sale sufficient to convey title, which deed

14

and bill of sale shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed and the bill of sale of the title or authority of the person signing the deed as grantor, and bill of sale, as assignor, of authority pursuant to this Judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed and the bill of sale, but such deed and bill of sale shall not be construed to contain any covenant on the part of the person executing it.

2. Delivery of the deed and the bill of sale executed on the sale of the Property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Except as otherwise provided herein, such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any Non-Record Claimant who has been given notice of the foreclosure as provided by statute.

**PROCEEDS OF SALE**

1. That out of the proceeds of such sale, the "Sale Officer's" distribution shall be made in the following order of priority:

    (a) The "Sale Officer" shall be paid his or her reasonable fees and costs;

    (b) The reasonable expenses of sale;

    (c) The reasonable expenses of securing possession before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and disability insurance, reasonable attorneys' fees, payments made pursuant to Section 5/15-1505 and other legal expenses incurred by the mortgagee;

    (d) Out of the remainder of such proceeds, the amount found due to GreenLake in the Judgment shall be paid to GreenLake;

    (e) If GreenLake is the successful bidder at said sale, the amount due GreenLake, plus all costs, advances and fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as a credit on its bid;

15

(f)  If any sums remain, any such remaining funds shall be paid to such defendant in the order of priority as determined by the court. If such defendant is the successful bidder at sale, the amount due to said defendant, plus all costs, advances, fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as credit on its bid; and

(g)  If the remainder of the proceeds shall not be sufficient to pay the above described amounts and interest, the "Sale Officer" shall then specify the amount of the deficiency in his/her Report of Sale. Plaintiff shall have a right to a deficiency judgment against Platform II Lawndale, LLC. If such remainder shall be more than sufficient to pay such amounts and interest, the Clerk of the Court or other party designated by the Court shall hold the surplus subject to the further order of Court.

**REPORT OF SALE AND CONFIRMATION OF SALE:**

1.  <u>Report of Sale</u>-The person conducting the sale shall promptly make a report of sale to the Court.

2.  <u>Hearing</u> - Upon motion and notice in accordance with court rules applicable to motions generally, the Court shall conduct a hearing to confirm the sale. The Court shall then enter an order confirming the sale, which order shall include a judgment for possession which judgment shall become effective immediately. The confirmation Order may also:

(1)  approve the mortgagee's fees, costs and additional advances arising between the entry of the judgment of foreclosure and the confirmation hearing;

(2)  approve any other fees incurred by the mortgagee, including those pertaining to any receivership, upon due notice and a hearing on the reasonableness of said fees and any defenses raised by parties to the litigation;

(3)  provide for a personal judgment against Platform II Lawndale, LLC for a deficiency; and

(4)  determine the priority of the judgments of parties who deferred proving the priority pursuant to subsection (i) of Section 5/15-1506, but the Court shall not defer confirming the sale pending the determination of such priority.

**OTHER MATTERS**

1. SPECIAL REDEMPTION: No special right of redemption exists under 735 ILCS 5/15-1604, as this property is NOT RESIDENTIAL real estate as provided under 735 ILCS 5/15-1219.

2. JUDICIAL/SHERIFF'S DEED: That upon confirmation of the sale, payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the party conducting said sale shall execute and deliver to the holder of the certificate of sale or if no certificate has been issued, then to the holder of the receipt of sale or the assignee thereof, a deed sufficient to convey title; said conveyance shall be an entire bar to all claims of the parties to the foreclosure and all persons claiming thereunder and all claims of Unknown Owners and Occupants and Nonrecord Claimants; that thereupon, the grantee in such deed, or legal representative or assign, be let into possession of the premises.

3. That the parties hereto who shall be in possession of said premises, or any part thereof, including leaseholders, or any person who may have come into such possession under them or any of them, since the inception of the mortgage or commencement of this suit, shall upon presentment of said Judicial/Sheriff's Deed of Conveyance, surrender possession of said premises to said grantee, his representative or assigns, and in default of so doing, an Order of Possession shall issue.

4. Plaintiff will mail a copy of the entered judgment order to Defendants within seven days (7) of entry.

5.     The Court hereby retains jurisdiction of the subject matter of this cause, and of all the parties hereto, for the purpose of enforcing this judgment and for order of possession.

DATED: _____

ENTER: *Marian Perkins*
JUDGE

Judge Marian Emily Perkins
APR 14 2022
Circuit Couty-2201

**ORDER PREPARED BY:**

Martin Syvertsen
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
msyvertsen@freeborn.com
Firm No. 71182

Adam C. Toosley
Hirzel Law, PLC
1001 Bay St., Suite E
Traverse City, MI  49684
atoosley@hirzellaw.com

Keith D. Price
Benjamin R. Wesselschmidt
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
kprice@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com
Firm No. 27237
*Counsel for Plaintiff GreenLake*
*Real Estate Fund LLC*

18