**Exhibit A**

**Declaration of Gregory Jordan**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Proceeding |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Case No. 22-07668 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

### AFFIDAVIT OF GREGORY J. JORDAN

I, Gregory J. Jordan, being first duly sworn on oath, depose and state as follows:

1. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently to such matters.

2. I am an attorney at law admitted to practice in this Court and a member and manager of the law firm of Jordan & Zito LLC ("JZ").

3. I submit this Affidavit in connection with the Application for an Order Authorizing Employment and Retention of Professionals from Jordan & Zito LLC as Counsel (the "Application").[1]

4. I am competent to make this Affidavit under § 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules. I am also authorized to make this Affidavit on behalf of JZ.

### TERMS OF RETENTION

5. Platform II Lawndale LLC, the debtor and debtor in possession, (the "Debtor") seeks to retain JZ as its bankruptcy counsel. JZ is well qualified and able to represent it in its chapter

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application. All references to the Bankruptcy Code are references to Title 11 of the United States Code. All references to the Bankruptcy Rules are references to the Federal Rules of Bankruptcy Procedure. All references to the Local Rules are references to the Local Rules published by the United States Bankruptcy Court for the Northern District of Indiana.

11 case in an efficient and timely manner. Within the scope of its employment as counsel for the Debtor, JZ will be responsible for:

    a. Providing advice to the Debtor regarding its rights, duties, and powers as a debtor and debtor in possession in the continued management and operation of its business;

    b. Attending meetings and negotiating with representatives of creditors and other parties in interest;

    c. Taking all necessary actions to protect and preserve the Debtor's bankruptcy estate, including the prosecution of actions on its behalf, the defense of actions commenced against it, and the representation of its interests in negotiations concerning litigation in which the Debtor is involved except as delineated herein, including, but not limited to, objections to claims against its bankruptcy estate;

    d. Preparing and submitting on behalf of the Debtor's bankruptcy estate, among other things, various applications, motions, answers, pleadings, orders, notices, schedules, and other legal papers to be prepared and submitted in this case, and to assist in the preparation of and review of financial and other reports to be filed herein;

    e. Taking all actions necessary on the Debtor's behalf in connection with the formulation, negotiation, drafting, and promulgation of a disclosure statement and plan of reorganization and related documents;

    f. Appearing before this Court, any appellate court and the otherwise protect the interests of the Debtor's bankruptcy estate before the Court;

    g. Appearing at statutory meetings of creditors and with the United States Trustee to represent the interests of the Debtor's bankruptcy estate;

    h. Consulting with the Debtor and special counsel to be engaged regarding tax matters;

    i. Investigating the nature and validity of any liens asserted against the Debtor's assets and advising its estate concerning the enforceability of any such liens;

    j. Investigating and providing advice to the Debtor's bankruptcy estate concerning the taking of such actions as may be necessary to collect and, under the applicable law, recover property for the benefit of the estate; and

    k. Representing the Debtor and performing all other legal services for the Debtor's bankruptcy estate that may be necessary in connection with this case except as delineated herein.

6.     JZ, as the Debtor's counsel, will coordinate and work together collaboratively to prevent unnecessary duplication of efforts and work. JZ intends to apply for compensation for

2

professional services rendered in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that JZ incurs.

7. I will submit a supplemental affidavit to the extent that any information disclosed herein requires amendment or modification due to JZ's completion of further analysis or additional creditor information becoming available.

8. Each of the attorneys of JZ who shall work in this case is duly admitted to practice before this Court or will be admitted *pro hac vice*.

## THE FIRM PROCEDURES

9. In preparing this Affidavit, I and others acting under my direction utilized a set of procedures established by JZ to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by the Debtor under the Bankruptcy Code.

10. In that connection, I submitted the Debtor and the Debtor's creditors' names for review under the conflict check system and adverse party index maintained by JZ.

11. JZ maintains and systematically updates this system in the regular course of business of the firm, and it is the practice of the firm to make and keep these records. The conflict check system and adverse party index maintained by JZ are designed to include every matter on which the firm is currently or has been employed, the entity by which the firm is now or has been engaged, and, in each instance, it is to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. JZ maintains a policy that it will not accept or open a new matter without the

information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties being completed and submitted to those charged with maintaining the conflict check system and adverse party index. Accordingly, JZ regularly updates the database for every new matter undertaken. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

**JZ'S CONNECTION WITH PARTIES IN MATTERS
UNRELATED TO THIS CHAPTER 11 CASE**

12. Based on the conflicts search conducted to date and through inquiry, I have ascertained that, to the best of my knowledge and belief based upon such investigation, neither I, JZ, nor any of its members, managers, or associates, insofar as JZ has been able to ascertain, have any connection with the Debtor, its creditors or any other parties-of-interest, the office of the United States Trustee, or any person employed in the office of the United States Trustee, or any other party with an actual or potential interest in this chapter 11 case, except as set forth below in the subsections to this paragraph.

13. JZ has referred legal matters from time to time and accepted referrals from the attorneys, accountants, and members of their respective firms who may represent parties in interest in this case. As part of its practice, JZ appears in cases, proceedings, and transactions involving attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. JZ has not represented and will not represent any of such entities concerning the Debtor and this chapter 11 case or have any relationship with any such entity, attorneys, accountants, financial consultants, and investment bankers which would be adverse to the Debtor or this chapter 11 case.

14. No one JZ employs, whether as an attorney or otherwise, is a relative of the Hon. James Ahler or any other bankruptcy judge.

15. No one JZ employs, whether as an attorney or otherwise, is a relative of the United States trustee in the region where the case is pending.

### JZ IS DISINTERESTED

16. To the best of my knowledge, information, and belief, JZ does not hold or represent any interest adverse to the Debtor or the estate and is disinterested within the meaning of § 101(14) of the Bankruptcy Code.

17. No one JZ employs, whether as an attorney or otherwise, represented the Debtor during the twelve months before the petition except in preparation for filing the Debtor's bankruptcy case.

18. No one JZ employs, whether as an attorney or otherwise, held or holds any position in the Debtor during the two years before the petition;

19. No one JZ employs, whether as an attorney or otherwise, represented or was employed at any time by an officer, director, shareholder, member, or partner of the Debtor, or any entity that has guaranteed an obligation of the Debtor or is liable on any obligation of the Debtor or pledged property to secure an obligation of the Debtor.

20. No one JZ employs, whether as an attorney or otherwise, has represented any scheduled creditor within the year before the petition date.

21. Neither I, JZ, nor any member or associate thereof, as far as I have been able to ascertain currently, holds or represents any interest adverse to the Debtor or the estate in the matters for which JZ seeks retention. If JZ discovers any information contrary to or in addition to the statements made herein, JZ will promptly disclose such information to the Court.

## JZ'S RATES AND BILLING PRACTICES

22. Subject to the Court's approval, JZ will charge for its legal services hourly under its ordinary and customary hourly rates in effect on the date services are rendered.

23. JZ intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred, in connection with this case at its standard hourly rates, under the Bankruptcy Code, Rules, and the local rules and orders of this Court (the "Local Rules"). JZ hourly rates vary with the experience and seniority of the individuals assigned and are consistent with the rates charged elsewhere and to other JZ clients. Accordingly, for representation in connection with the matters identified above, the professionals who are presently expected to have primary responsibility for providing service to the Debtor will charge the following hourly rates:

| NAME OF INDIVIDUAL | TITLE | HOURLY RATE |
|---|---|---|
| Gregory J. Jordan | Manager | $500.00 |
| Mark R. Zito | Manager | $425.00 |

24. These rates may change from time to time under JZ's established billing practices and procedures, generally on January 1st each year.

25. It is JZ's policy to charge its clients for certain non-overhead expenses incurred in connection with the client's case that JZ would not have incurred except for the representation of that particular client. It is also JZ's policy to charge its clients only the amount incurred by JZ in connection with such items, which include, but are not limited to, postal and express mail charges, messenger delivery, travel expenses, and photocopying charges.

26. JZ will maintain detailed and itemized records of all professional services rendered. Any actual and necessary expenses incurred on the Debtor's behalf in connection with the rendering of legal services for which it may seek reimbursement.

27. The Debtor provided a $30,000 retainer to JZ before filing its petition, which JZ holds in its IOLTA account.

28. JZ, including its members and managers, has not received a promise of payment or compensation in connection with this case other than under the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. JZ has no agreement with any other entity to share with such entity any compensation received by JZ in connection with this chapter 11 case.

29. I have participated in preparing and have reviewed the Application, which is supported by this Declaration, with the Debtor.

30. The preceding constitutes the statement of JZ under Code §§ 327, 328, and 1107 and Rules 2014(a) and 2016(b).

Under 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that my statements are true and correct.

Further Affiant Saith Naught.

Date: August 4, 2022         /s/ Gregory J. Jordan
                                Gregory J. Jordan

Gregory J. Jordan (ARDC# 6205510)
Mark R. Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Drive., Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION

7