UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number:  22-07668 |
| | ) | |
| Platform II Lawndale LLC, | ) | Chapter:  11 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### SIXTEENTH INTERIM ORDER CONCERNING THE DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL, AND FOR OTHER RELIEF

This matter heard on regarding the Debtor's Continued Motion for Authority to Use Cash Collateral, Provide Adequate Protection, and for Other Relief (the "Motion") filed by Platform II Lawndale LLC, the debtor and debtor in possession (the "Debtor"), given the circumstances due and adequate notice of the Motion having been served on all parties entitled thereto, the Court having jurisdiction over the parties and the subject matter of the Motion, the Court hearing the statements of counsel and having considered those statements and the Stipulations herein, there being no objection to the entry of the written order, and the Court being fully advised in the premises:

THE DEBTOR STIPULATES AND ADVISES THE COURT AS FOLLOWS:

1. The Debtor is an Illinois limited liability company that owns a self-storage facility at 1750 North Lawndale Avenue in Chicago's West Logan Square neighborhood (the "Property").

2. GreenLake purports to hold a first priority lien and security interest in the Property, and the Debtor's cash and cash receipts received from the leasing of storage units ("Pre-Petition Collateral") through a security interest and assignment of rents granted by the Debtor under an Open-End Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated May 18, 2018, and recorded with the Cook County Recorder of Deeds on May 22, 2018, securing the repayment of a promissory note dated May 18, 2018 in the original principal sum of $6,250,000.00.

3. The Debtor requires the use of the Pre-Petition Collateral, including cash and cash equivalents generated from using the Pre-Petition Collateral (the "Cash Collateral"), for the maintenance and preservation of the Property through the payment of ordinary and necessary expenses of the operation of the Property (the "Ordinary Expenses"), as well as extraordinary maintenance and repair expenses that may arise (the "Extraordinary Expenses"). The Debtor requests that it be granted the authority to make limited use of Cash Collateral on the terms and conditions of this Order.

THE DEBTOR SUBMITS THAT:

4. The terms and conditions under which the Debtor proposes for its use of Cash Collateral, as reflected in this Order, are fair and reasonable under the circumstances. There is good cause, and it is in the best interests of the Debtor, its creditors, and its estate that the Debtor be authorized to use the Pre-Petition Collateral and the Cash Collateral under the terms and conditions of this Order. To continue the Debtor's business operations, it will be necessary for the Debtor to use the Collateral and Cash Collateral. Among other things, entry of this Order will minimize disruption of the Debtor's business

and operations as a going concern and increase the possibility of the Debtor's successful reorganization. The terms for using Cash Collateral and granting security interests, liens, rights, and priorities to GreenLake are fair and appropriate under the circumstances. The Debtor will suffer immediate and irreparable harm if the Court does not authorize the continued use of Cash Collateral according to the terms and conditions in this Order,

THE COURT HAVING FOUND THAT:

A. On July 11, 2022 (the "Petition Date"), the Debtor commenced the above-captioned bankruptcy case (the "Case") by filing a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor is in possession of its assets and operating its business as Debtor in Possession under §§1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over the Case under 28 U.S.C. §§157(b)(1) and 1334.

C. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (M), and (O). Venue is proper under 28 U.S.C. §§1408 and 1409.

NOW, THEREFORE, IT IS ORDERED:

1. During the term of this Order, the Court authorized the Debtor to use the Cash Collateral under the terms of this Order.

2. The Debtor's right to use Cash Collateral under this Order is to be governed by the following provisions:

a. The Debtor shall not use any of the Cash Collateral, except as authorized and permitted by this Order or by a subsequent order of the Court.

b. For the period from November 1, 2023 through November 30, 2023 (the "Budget Period"), the Debtor shall furnish a statement of projected revenues and anticipated expenses ("Budgeted Expenses"), a copy of which is attached as Exhibit A ("Budget"), and the Debtor may pay the Budgeted Expenses under the terms of this Order. To the extent that receipts received by the Debtor exceed the amounts paid for Budgeted Expenses, the Debtor shall be required to hold any such monies in its operating account.

c. As to the Budget Period, the Debtor shall not be authorized to expend any funds for an item or expenditure not included in the Budget; provided, however, GreenLake, in its sole discretion, may approve in writing any such additional expenditure not included in the Budget.

d. To adequately protect GreenLake for the Debtor's use of Cash Collateral under this Order, and provide GreenLake with adequate protection concerning any decrease in the value of its interest in the Pre-Petition Collateral resulting from the stay imposed under §362 of the Bankruptcy Code, or the use of such property by the Debtor, GreenLake shall he granted to the extent not heretofore granted, a replacement lien on the Debtor's rents, accounts and accounts receivables (but not including causes of action, if any, of the estate arising under §§544, 545, 546, 547, 548, 549, 550, or 552 of the Bankruptcy Code), wherever located (which, in the case of presently owned property, is already encumbered by the Pre-Petition Liens of GreenLake) to secure the Indebtedness to the extent of any diminution in value of the Pre-Petition Collateral (the "Post-Petition Liens"), subject only to valid and enforceable liens and

Form G3 (20210922_bko)

security interests existing on said property, assets, or rights of the Debtor at the time of the commencement of the Case or, in the case of property, assets, or rights acquired after the Petition Date, at the time the Debtor's estate acquires the property, assets, or rights.

e. As further adequate protection for GreenLake's interests in the Pre-Petition Collateral, and consistent with §552 of the Bankruptcy Code, the Debtor shall grant GreenLake, to the extent not heretofore granted, a replacement lien on the Debtor's rents, accounts, and accounts receivables derived from the Property, which are of the same type or nature as the Pre-Petition Collateral, coming into existence or acquired by the Debtor respecting the Property on or after the Petition Date (including, without limitation, all accounts receivable generated at the Property after the Petition Date) shall be deemed to be Pre-Petition Collateral, subject to GreenLake's lien.

f. Concerning the Budget Period, the Debtor has furnished to the Court and all interested parties, an initial Budget, which is attached to this Order. The Debtor will hold any "excess" Cash Collateral remaining with the Debtor after payment of all budgeted Ordinary and Extraordinary Expenses in its operating account. The use of cash in a manner that conforms to a budget will constitute adequate protection for using Cash Collateral.

g. The Debtor shall not use any of the Cash Collateral, except as authorized and permitted by the Order or by a subsequent order of the Court.

3. The Post-Petition Liens granted to GreenLake under the terms of the Order shall be valid and perfected as of the date of the Order, without the need for the execution or filing of any further document or instrument otherwise required to be executed or filed under applicable non-bankruptcy law. Notwithstanding that no documents need be signed or filed to create or perfect the Post-Petition Liens, the Debtor, including its managers and agents acting on its behalf, shall execute and deliver such further documents as GreenLake may reasonably request to evidence and give notice of the Post-Petition Liens granted under the Order.

4. On reasonable notice, the Debtor will provide GreenLake and its representatives or agents access to the Debtor's books, records, and documents during regular business hours, provided such inspection does not interfere with the Debtor's operations.

5. The automatic stay imposed by §362 of the Bankruptcy Code shall be modified and vacated, to the extent necessary, to implement and effectuate the terms and conditions of the Order. In all other respects, the automatic stay shall remain in effect during the pendency of the Case pending further order of this Court.

6. The authority of the Debtor to use Cash Collateral shall terminate on the earlier of (a) the date of entry by the Court of an order modifying or otherwise altering the effectiveness of this Order, (b) an Event of Default (as defined below), or (c) the expiration of the Budget Period. Each of the following events shall constitute an Event of Default:
a. Entry of an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, which order is not stayed within ten (10) days of the entry of such order;

b. The entry of an order dismissing the Debtor's Chapter 11 case, which is not stayed within ten (10) days of the entry of such order; and

c. The Debtor's failure to comply with any provision of this Order.

7. Upon receipt from GreenLake of written notice that an Event of Default has occurred, the Debtor shall immediately cease using Cash Collateral and shall segregate and hold any Cash Collateral in the applicable account or that it otherwise may have in its possession, in trust for the benefit of GreenLake, except that the Debtor may continue to pay any expense incurred according to an Approved Budget. Such written notice shall be provided by GreenLake, via electronic mail, to the Debtor's counsel, Gregory Jordan of Jordan & Zito, LLC at gjordan@jz-llc.com), Gretchen Silver of the Office of the United States Trustee at Gretchen.Silver@usdoj.gov, (the "Default Notice"). The Debtor will be entitled to file a motion or other application contesting such assertion of an Event of Default.

8. The Debtor is authorized and directed to perform all acts and execute and comply with the terms of any other documents, instruments, and agreements necessary to effectuate the terms and conditions of this Order. Nothing contained in the Motion, this Order, or the Budget shall prejudice GreenLake or the Debtor concerning any contested matter involving relief from the automatic stay, the appointment of a trustee or an examiner, the assumption or rejection of executory contracts, dismissal of the Chapter 11 Case, or concerning any other matter whatsoever except as expressly provided hereunder.

9. Nothing in this Order shall terminate, diminish, or otherwise affect in any way the rights or interests of any person concerning any property of the Debtor to the extent such rights or interests in such property are (a) created under any applicable law, (b) accorded by such law a priority equal or senior to that of any right or interest in such property asserted by GreenLake or its affiliates, and (c) not subject to avoidance under § 545 or any other provision of the Bankruptcy Code.

10. The Debtor shall give notice of a Continued Hearing, as defined below, on the use of Cash Collateral, along with a further proposed budget in the same format or a format reasonably similar to the form attached as Exhibit A to the Motion, identifying projected cash receipts and projected cash disbursements for either the Debtor's ordinary or extraordinary expenses for the next calendar month ("the "December Budget") for the period from the end of the period of this order to December 31, 2023. Such notice shall be provided that all creditors and parties in interest receive the same on or before November 22, 2023. Any party wishing to object to the relief requested at the Continued Hearing must raise all such objections in writing and file the same with the Court. Any such objections must be served through the Court's CM/ECF on (a) the Debtor to the attention of its counsel, Gregory J. Jordan, via electronic mail, at gjordan@jz-llc.com), (b) GreenLake to the attention of its counsel, Anthony Soukenik via electronic mail asoukenik@sandbergphoenix.com, and (c) Office of the United States Trustee, to the attention of its counsel, Gretchen Silver of the Office of the United States Trustee, at Gretchen.Silver@usdoj.gov at least four days before the Continued Hearing date. The Court will hold a continued hearing on the Motion on November 29, 2023, at the hour of 10:45 a.m., and the same may be continued or adjourned by the Court (the "Continued Hearing"). If no objection is timely filed and served, the Court may enter an Order allowing the Debtor to use Cash Collateral under the May Budget.

11. The Debtor must furnish the October Budget to GreenLake no later than five (5) business days preceding the date of the Continued Hearing.

12. Within five (5) business days after receipt of each proposed Budget, GreenLake must notify the Debtor of an objection to any of the Debtor's proposed expenditures. GreenLake may approve or submit a reasonable objection to any items of proposed expenditures outlined in a Budget, and the aggregate of items approved by GreenLake in a Budget for a calendar month shall constitute an "Approved Budget." GreenLake shall be deemed to approve any Budget or item of proposed expenditure not objected to by GreenLake in writing within such a period of five (5) business days. If any other lienholder or purported

lienholder objects to any proposed use of Cash Collateral, any or all may file a motion seeking to prevent the Debtor from using Cash Collateral in conformance with an approved budget. The aggregate expenditures by the Debtor for any calendar month and the Budget Period shall not, in any event, exceed the aggregate amount budgeted therefor in such Approved Budget or the Budget Period's Approved Budget by more than a factor of ten percent (10%) of the budgeted amount. Additionally, the expenditures of the Debtor for any calendar month shall not, for each line item, exceed the amount budgeted for that line item in that Approved Budget by more than a factor of ten percent (10%) of the budgeted amount.

13. As to the Budget Period, the Debtor shall not be authorized to expend any funds for an item or expenditure not included in the Approved Budget for such calendar month or Budget Period; provided, however, (i) any item or expenditure contained and authorized in any prior Approved Budget may be paid in a subsequent budget period if (1) a contractual commitment was incurred by the Debtor during the period covered by such previous Approved Budget concerning said item or expenditure, and (2) said item or expenditure has been re-budgeted and listed in the budget in the period during which the Debtor proposes to pay said item or expenditure, and (3) GreenLake, in its sole discretion, may approve in writing any such additional expenditure not included in the Approved Budget for such budget period.

14. The Debtor shall submit to GreenLake within ten (10) business days after the end of the Budget Period, a detailed report, in a form satisfactory to GreenLake, of the source, use, and application of funds expended by the Debtor during the Budget Period, and reconciliation, including a line by line item comparison of budgeted to actual expenditures setting forth in reasonable detail an explanation of any differences between budgeted and actual amounts, of funds received or used and expended by the Debtor during the said period.

15. Any notices required to be sent to any party under the terms of this Order shall be sent to counsel of record in the Case for the party or, if no counsel has appeared, to a party.

16. The terms and provisions of this Order shall be binding upon the Debtor and its successors and assigns but may be challenged by any trustee appointed in the Case, in any superseding bankruptcy case under any other chapter, or otherwise related to this Order.

17. The Motion and the entry of this Order constitute core proceedings within the scope of 28 U.S.C. § 157(b)(2),

18. This Order is final as that term is defined in 28 U.S.C. §§ 157 and 158, is effective immediately, and any stay that may be acceptable (including the stay provided for under Rule 6004 of the Federal Rules of Bankruptcy Procedure is waived.

Enter:

United States Bankruptcy Judge

Dated: October 26, 2023

**Prepared by:**
Gregory J. Jordan (ARDC No. 6205510)
Mark Zito (ARDC# 6276231)
Jordan & Zito LLC
350 North LaSalle Drive, Suite 1100

Form G5 (20210922_bko)

Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

**Platform II Lawndale LLC Budget**

|  | | November 2023 |
|---|---|---|
| **Operating Revenue** | | |
| Base Rent | $ | 32,000.00 |
| Less prepaid rent | $ | - |
| Less Tenant Abatements | $ | - |
| Fees | $ | 1,000.00 |
| Ancillary Sales | $ | 1,200.00 |
| Miscellaneous | $ | - |
| **Total Operating Revenue** | $ | 34,200.00 |
| | | |
| **Operating Expenses** | | |
| Payroll | $ | 7,500.00 |
| Utilities | $ | 3,000.00 |
| Other Controllable Expenses | $ | 2,500.00 |
| General Marketing | $ | 2,600.00 |
| Other Non-Controllable | $ | 1,600.00 |
| **Total Operating Expenses** | $ | 17,200.00 |
| | | |
| **Repairs Maintenance & Supplies** | | |
| General Repair & Maintenance | $ | 3,500.00 |
| Repairs to Water Tower | | |
| Garage Door | $ | - |
| Painting | $ | - |
| Signage | | |
| Waterproofing | $ | - |
| HVAC | $ | - |
| Fire Extinguishers | $ | - |
| **Total Repairs Maintenance & Supplies** | $ | 3,500.00 |
| | | |
| **Administrative** | | |
| Red Oak Application Fee | $ | - |
| Red Oak - Advance for Red Oak Third Party Expenses | $ | - |
| Red Oak - Advance for Red Oak Attorney Fees | $ | - |
| **Total Administrative** | $ | - |
| | | |
| | | |
| **TOTAL EXPENSES** | $ | 20,700.00 |
| | | |
| **NET CASH FLOW** | $ | 13,500.00 |