UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |
| | | |
| | | Hearing Date: 1/3/24 at 10:45 a.m. |

**MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)
AND APPROVE SHORTENED NOTICE THEREOF**

GreenLake Real Estate Fund LLC ("*GreenLake*"), by and through its undersigned counsel, hereby moves (the "*Motion*") this Court for entry of an order dismissing the above-captioned chapter 11 case of Platform II Lawndale LLC (the "*Debtor*") or, in the alternative, converting the case to a case under chapter 7, pursuant to 11 U.S.C. § 1112(b)(1), and for approval of shortened notice of the Motion, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 1112(b) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

**BACKGROUND**

3. On July 11, 2022, on the eve of a state-court ordered foreclosure sale (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. GreenLake is a secured creditor holding a valid, first-priority, perfected security interest in certain commercial property owned by the Debtor, commonly known as 1750 North Lawndale Avenue, Chicago, Illinois 60647 (the "*Property*"), as well as, *inter alia*, certain leases, rents, income, proceeds, issues and profits related to the Property (hereinafter referred to as "*Cash Collateral*").

6. Prior to the Petition Date, GreenLake filed a state court foreclosure action (the "*Foreclosure Action*") against, *inter alia*, the Debtor in the Circuit Court of Cook County Illinois, Chancery Division, Case No. 2020 CH 02969.

7. On or about September 18, 2020, the Circuit Court of Cook County appointed Howard Samuels as the receiver (the "*Receiver*") over the Property. The appointment of the Receiver fully perfected GreenLake's assignment of the rents from the Property under Illinois law. See, e.g., *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1033 (1996); *BMO Harris Bank N.A. v. Joe Contarino, Inc.*, 2017 IL App (2d) 160371, ¶ 44.

8. On July 21, 2022, the Debtor filed a Motion seeking authority to use GreenLake's cash collateral (ECF No. 11) and offering adequate protection to GreenLake consisting of payments equal to the amount of interest due on the principal balance of the loan. GreenLake objected to the

use of cash collateral (ECF No. 18), but the Court granted, in part, the use of cash collateral by order entered on July 28, 2022 (ECF No. 21).

9. Subsequently, between July of 2022 and January of 2023, the Debtor obtained interim cash collateral orders based on budgets which were to provide adequate protection payments to GreenLake. However, starting in February 2023, the Debtor failed to make adequate protection payments (of any amount) to GreenLake.

10. The cash collateral orders entered by the Court for February through April of 2023 all were based on budgets that required adequate protection payments be made to GreenLake (the "Violated Cash Collateral Orders") [ECF 58, 68 and 78].

11. On October 26, 2023, a Chapter 11 Plan was approved by the Court, but the effective date was subject to a separate closing occurring between the Debtor and a third-party lender. It was originally represented that the closing would occur by mid-November 2023.

12. As of the date of this Motion, the Debtor has not complied with the Violated Cash Collateral Orders, as it has not made the adequate protection payments as required.

13. According to the Cook County websites, real estate taxes on two of the parcels that make up the Property were sold and there exists an outstanding total tax liability of $128,592.83 in addition to any costs to redeem the sold taxes.

**RELIEF REQUESTED**

14. By this Motion, GreenLake respectfully requests the entry of an Order, pursuant to section 1112(b)(1) of the Bankruptcy Code, dismissing the Debtor's chapter 11 case or, in the alternative, converting the case to a case under chapter 7.

15. Section 1112(b)(1) provides in pertinent part:

> . . . on request of a party in interest and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under

3

this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

16. Section 1112(b)(4) sets forth several actions that constitute "cause" to convert or dismiss a chapter 11 case, but the actions listed in that subsection are not exhaustive. The Court is able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Jartran, Inc.,* 886 F.2d 850, 867 n. 9 (7th Cir. 1989) (citing the legislative history at H.R.Rep. No. 95-595, 95th Cong. 1st Sess., at 405-06 (1977)).

17. As the Debtor has continued to collect rents from the Property during the pendency of this case, GreenLake asks that the dismissal of the case be conditioned upon the reinstatement of the Foreclosure Case and the re-appointment of the Receiver so that the funds currently held by the Debtor be turned over to the Receiver and not taken by the Debtor. GreenLake further requests an order that funds not be spent by the Debtor in the interim.

I. **Cause Exists to Dismiss this Case Pursuant to Section 1112(b)(4)(E) Because the Debtor Failed to Comply with the Prior Cash Collateral Orders**

18. Section 1112(b)(4)(E) provides that "cause" includes "failure to comply with an order of the court."

19. The Violated Cash Collateral Orders required the Debtor to make adequate protection payments to GreenLake by the middle of each month from February through April 2023. As of the date of this Motion, the Debtor has failed to make these payments. Consequently, the Debtor has failed to comply with the Violated Cash Collateral Orders, which constitutes "cause" to dismiss this bankruptcy case pursuant to sections 1112(b)(1) and 1112(b)(4)(E) of the Bankruptcy Code. *See e.g. In re Fall*, 405 B.R. 863, 870 (Bankr. N.D. Ohio 2009) (dismissing bankruptcy case where the debtor, *inter alia*, violated a court order prohibiting it from using cash collateral without permission).

20. The Debtor's failure to comply with the Violated Cash Collateral Orders places GreenLake in a precarious position. GreenLake has not agreed to allow use of the cash collateral without the adequate protection payments being made.

## II. Dismissal Is Appropriate Pursuant to Section 1112(b)(4) as a Two-Party Dispute

21. As said above, Section 1112(b)(4) provides courts with a nonexclusive list of factors that may constitute cause for dismissal, 11 U.S.C. § 1112(b)(4)." *In re Lake Michigan Beach Pottawattamie Resort LLC*, 547 B.R. 899, 905–06 (Bankr. N.D. Ill. 2016). While "bad faith" is not explicitly included in section 1112(b)(4) of the Bankruptcy Code, courts in the Seventh Circuit "have found that the lack of good faith can constitute 'cause' for dismissal of a case under section 1112(b)." *Id*. In determining whether a debtor acted in good faith or bad faith, Courts look to the *Tekena* factors (as described below). *See In re Lake Michigan Beach Pottawattamie Resort LLC*, 547 B.R. 899 (Bankr. N.D. Ill. 2016).

22. Among the factors bearing upon whether a chapter 11 case may be dismissed as lacking in good faith are the following: (1) whether the debtor has few or no unsecured creditors; (2) whether there has been a previous bankruptcy filing by the debtor or a related entity; (3) whether there has been improper prepetition conduct by the debtor; (4) whether the petition effectively allows the debtor to evade court orders; (5) whether the debtor owes few debts to non-moving creditors; (6) whether the petition was filed on the eve of foreclosure; (7) whether foreclosed property is the sole or major asset of the debtor; (8) whether the debtor lacks any ongoing business or employees; (9) whether there is no possibility of reorganizing; (10) whether the debtor's income is insufficient to allow it to operate; (11) whether the petition was filed despite lack of pressure from non-moving creditors; (12) whether the case essentially involves resolution of a two-party dispute; (13) whether the debtor is a corporation that was formed and received title to its major assets immediately before

5

the petition was filed; and (14) whether the petition was filed solely to create an automatic stay. *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009).

23. The Court in *Tekena* also held that "one of the hallmarks of bad faith in filing a petition is pre-petition litigation already pending in the state court between the parties." *Id.* at 346.

24. "If the debtor's only purpose for filing the case is to delay (or defeat) a single judgment creditor, and the case has little or no ability to benefit the creditor body as a whole, then the debtor has not filed the Chapter 11 in good faith." *In re Liptak*, 304 B.R. 820, 836 (Bankr. N.D. Ill. 2004).

25. Additionally, while insolvency is not a requirement for filing a bankruptcy case under Chapter 11, "solvency is a factor to consider in determining whether a debtor has filed in good faith because of his genuine need to preserve the going-concern value of a business. The number of creditors involved in a bankruptcy case, while not by any means dispositive, is also a relevant consideration." *Id.* at 832.

26. Here, consideration of the relevant *Tekana* factors (and inapplicability of the exception set forth above) leads to the inescapable conclusion that dismissal of the Debtor's case is appropriate pursuant to section 1112(b) of the Bankruptcy Code.

### A. The Bankruptcy was Filed on the Eve of Foreclosure

27. As said above, the Petition was filed after summary judgment was granted in the Foreclosure Case and immediately before the scheduled foreclosure sale.

### B. The Foreclosed Property is the Sole or Major Asset of the Debtor

28. The foreclosed property is the sole, or nearly sole, asset of the Debtor.

### C. This Case Essentially Involves the Resolution of a Two-Party Dispute

29. The matter here is an ongoing single-creditor dispute between the Debtor and GreenLake, and no other creditor is seriously involved in the case. This matter has virtually no benefit to any other creditor or the bankruptcy estate.

### D. The Debtor's Income is Insufficient to Allow it to Operate

30. As seen by the budgets submitted with the monthly cash collateral orders, the Property is generating around $36,000 per month in income, but just the regular (non-default) interest alone on the outstanding debt is nearly twice that amount. To that end, as said above, the Debtor stopped making adequate protection payments nearly a year ago.

### E. The Debtor's Bankruptcy Case Was Filed To Stay Pending Litigation Against It

31. It is apparent that the Debtor commenced this bankruptcy proceeding to stay the Foreclosure Case.

32. The remaining *Tekena* factors are not relevant to the facts of this case and are not determinative as to this Motion.

33. Accordingly, pursuant to section 1112(b) of the Bankruptcy Code, it is in the best interests of the Debtor's estate and its creditors to dismiss the Debtor's case. Moreover, continuing to allow the case to remain open serves only to further diminish the estate through accrual of United States Trustee fees and additional attorney's fees.

34. If the Debtor's case is dismissed, the Debtor and its creditors would be placed in their respective positions as they were prior to the Petition Date and would have all of their usual rights and remedies available to them.

**III.    Dismissal is Appropriate Pursuant to Section 1112(b)(4)(M)**

35.    Section 1112(b)(4)(M) allows for the dismissal of a bankruptcy proceeding due to the Debtor's inability to effectuate substantial consummation of a confirmed plan.

36.    Here, when the Plan was confirmed, it included a letter of intent from the entity that was to refinance the Property and pay GreenLake.

37.    Additionally, when the Plan was confirmed, it was represented that the closing of the refinance would happen within a matter of a few weeks, but as of the date of the filing of this motion, there is no closing date scheduled or imminent.

**IV.    Dismissal Of the Bankruptcy Cases Is In the Best Interests of Creditors and the Estate.**

38.    The Debtor's failure to comply with, or even acknowledge, a violation of the Violated Cash Collateral Orders, coupled with the failure to pay real estate taxes or to close on the Plan, demonstrate that the Debtor is not conducting itself in a diligent and transparent manner.

39.    GreenLake submits that dismissal of this case, rather than conversion, is appropriate. A court "must balance the equities and consider the interests of creditors and the estate in determining whether conversion is appropriate." *Jartran*, 71 B.R. at 943. GreenLake believes the Debtor's sole asset is the Property and income derived therefrom. If the case were converted to chapter 7, GreenLake would likely seek relief from the automatic stay to pursue its remedies against the Property in the pending Foreclosure Action. The chapter 7 trustee would essentially be left with an empty estate, with virtually nothing to administer for the benefit of the few remaining creditors. Accordingly, GreenLake submits that dismissal is in the best interest of creditors and the estate under the circumstances. *See In re Tornheim*, 181 B.R. 161, 168 (Bankr. S.D.N.Y. 1995) (finding dismissal favored over conversion because "[t]he debtors do not have any property that a chapter 7 trustee could administer for the benefit of creditors."); *In re Johnson*, 2008 WL 69617, at *7 (Bankr. E.D. Pa. Mar. 11, 2008) (same); *In re Brewery Park Assoc., L.P.*, 2011 WL 1980289, at *17 (Bankr.

8

E.D. Pa. Apr. 29, 2011) (finding dismissal appropriate based upon, *inter alia*, a lack of assets for a creditor to administer that would provide any dividend to unsecured creditors).

40. In the alternative, GreenLake respectfully requests that the Court convert this case to a case under chapter 7.

### REQUEST FOR SHORTENED NOTICE

41. GreenLake believes good cause exists to shorten notice of the Motion pursuant to Bankruptcy Rule 9006. Rule 2002 requires that twenty-one (21) days' notice of a motion to dismiss or convert be given to all parties-in-interest. GreenLake submits that fourteen (14) days' notice is appropriate given the Debtor's actions, the number of creditors in this case, the relief requested, and the timing of the Court's status date set for January 3, 2024 in this case.

42. Notice of this Motion has been provided to (i) the Debtor's counsel; (ii) the Debtor; (iii) the Office of the United States Trustee; (iii) all parties who have requested service of pleadings in the Debtor's chapter 11 case; and (iv) all creditors listed on the Debtor's creditor matrix for which addresses were provided on the attached service list.

**WHEREFORE**, GreenLake respectfully requests that this Court enter an order (i) dismissing this bankruptcy case pursuant to section 1112(b)(1) of the Bankruptcy Code or, in the alternative, converting this case to a case under chapter 7; (ii) enter an order that the dismissal will be subject to the reappointment of the Receiver in the Foreclosure Case, that the Debtor not spend the funds on hand and that the funds be turned over to the Receiver; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: December 18, 2023　　　　　　　　**GREENLAKE REAL ESTATE FUND LLC**

　　　　　　　　　　　　　　　　　　　　By:　/s/ Adam C. Toosley
　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

　　　　　　　　　　　　　　　　　　　　Adam C. Toosley
　　　　　　　　　　　　　　　　　　　　Smith, Gambrell & Russell LLP
　　　　　　　　　　　　　　　　　　　　311 S. Wacker Drive, Suite 3000
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Phone: (312) 360-6000
　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 360-6520
　　　　　　　　　　　　　　　　　　　　atoosley@sgrlaw.com