UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: 1/3/24 at 10:45 a.m. |

### OBJECTION OF GREENLAKE REAL ESTATE FUND LLC TO THE SECOND INTERIM APPLICATION OF JORDAN & ZITO LLC FOR COMPENSATION FOR LEGAL SERVICES TO CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION

GreenLake Real Estate Fund LLC ("*GreenLake*"), by and through its undersigned attorneys, and for its Objection to the Second Interim Application of Jordan & Zito LLC for Compensation for Legal Services to Chapter 11 Debtor and Debtor-in-Possession (the "*Fee Application*"), states as follows:

### Introduction

1. On July 11, 2022, on the eve of a state-court ordered foreclosure sale (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

2. From the Petition Date to the present, the Debtor has been in possession of its property and operating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. GreenLake is a secured creditor holding a valid, first-priority, perfected security interest in certain commercial property owned by the Debtor, commonly known as 1750 North Lawndale Avenue, Chicago, Illinois 60647 (the "*Property*"), as well as, *inter alia*, certain leases,

rents, income, proceeds, issues and profits related to the Property (hereinafter referred to as "*Cash Collateral*").

4. Prior to the Petition Date, GreenLake filed a state court foreclosure action (the "*Foreclosure Action*") against, *inter alia*, the Debtor in the Circuit Court of Cook County Illinois, Chancery Division, Case No. 2020 CH 02969.

5. On or about September 18, 2020, the Circuit Court of Cook County appointed Howard Samuels as the receiver (the "*Receiver*") over the Property. The appointment of the Receiver fully perfected GreenLake's assignment of the rents from the Property under Illinois law (the "*Cash Collateral*"). See, e.g., *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1033 (1996); *BMO Harris Bank N.A. v. Joe Contarino, Inc.*, 2017 IL App (2d) 160371, ¶ 44.

6. On July 21, 2022, the Debtor filed a Motion seeking authority to use GreenLake's cash collateral [ECF No. 11] and offering adequate protection to GreenLake consisting of payments equal to the amount of interest due on the principal balance of the loan. GreenLake objected to the use of cash collateral [ECF No. 18], but the Court granted, in part, the use of cash collateral by order entered on July 28, 2022 [ECF No. 21].

7. Subsequently, between July of 2022 and January of 2023, the Debtor obtained interim cash collateral orders based on budgets which were to provide adequate protection payments to GreenLake.

8. The cash collateral orders and budgets did not provide for payment of fees and expenses to Debtor's counsel.

9. Starting in February 2023, the Debtor failed to make adequate protection payments (of any amount) to GreenLake.

10. The cash collateral orders entered by the Court for February through April of 2023 all were based on budgets that required adequate protection payments be made to GreenLake (the "*Violated Cash Collateral Orders*") [ECF 58, 68 and 78].

11. On October 26, 2023, a Chapter 11 Plan was approved by the Court, but the effective date was subject to a separate closing occurring between the Debtor and a third-party lender. It was originally represented that the closing would occur by mid-November 2023, but has not occurred as of the date of filing of this objection.

12. As of the date of this Objection, the Debtor has not complied with the Violated Cash Collateral Orders, as it has not made the adequate protection payments as required.

13. According to the Cook County websites, real estate taxes on two of the parcels that make up the Property were sold and there exists an outstanding total tax liability of $128,592.83 in addition to any costs to redeem the sold taxes. Some of the tax liability is pre-petition, but a large amount is post-petition. Copies of the printouts from the Cook County websites showing the unpaid taxes (and sold taxes on two parcels) are attached hereto as Group Exhibit "1."

14. The budgets put forth by the Debtor monthly included a line item for real estate taxes.

15. All the money in the Debtor's bank accounts is GreenLake's Cash Collateral.

16. The Fee Application seeks allowance of the $49,850.00 in fees and $389.78 in expenses for legal work performed on behalf of the Debtor (the "*Fees and Expenses*") as well as an order that a previously approved and not paid amount of fees and expenses be paid. The Fee Application seeks payment of the Fees and Expenses (and of the previously approved amount) solely from funds in the Debtor's accounts.

17. According to the latest operating report filed by the Debtor on December 13, 2023 [ECF 163], the Debtor has less than $80,000.00 in its account, and is expected to only collect an additional net of $16,000.00 in December 2023, leaving less than $100,000.00 to pay: (1) unpaid and continuing adequate protection payments to GreenLake totaling well over $200,000.00; (2) unpaid real estate taxes totaling in the hundreds of thousands of dollars (cost to redeem the sold taxes is unknown); and (3) other administrative expense claims, including the Fees and Expenses sought in this application.

18. Recently, the Debtor paid certain attorneys' fees and expenses and a loan fee to a third-party who was to refinance the debt owed to GreenLake of over $30,000.00.

## Basis for Objection

19. GreenLake's objects to the Fee Application to the extent Jordan & Zito LLC seeks to be paid from the Debtor's accounts or any future Cash Collateral. The funds in the Debtor's accounts are GreenLake's Cash Collateral. GreenLake has a valid, first priority security interest in the Property and in the Cash Collateral pursuant to §506 of the Bankruptcy Code. GreenLake's properly perfected first priority security interest attaches to the Cash Collateral pursuant to §552(b)(1) of the Bankruptcy Code.

20. The Bankruptcy Code prohibits the use of cash collateral by the Debtor unless:

   (a) each entity that has an interest in such cash collateral consents; or

   (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this Section.

Further, the Code requires that:

> Except as provided in paragraph (2) of this subsection [quoted above], the Trustee shall segregate and account for any cash collateral in the Trustee's possession, custody or control.

11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides, in part, as follows:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

21. GreenLake does not consent to the use of its Cash Collateral, therefore the Court must find that GreenLake is adequately protected before permitting the Debtor to use its cash collateral. *See, e.g., In re McCormick*, 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) ("In order to use the cash collateral of [the secured lender, the debtor] must have the consent of [the secured lender] or must establish to the Court that [the secured lender's] interest in the cash collateral is adequately protected.").

22. The Debtor does not currently have authorized use of Cash Collateral and did not make prior required adequate protection payments of at least $208,725.00 as required by the Violated Cash Collateral Orders.

23. GreenLake has no objection to the payment of the Fees and Expenses from non-debtor funds to the extent any such funds are available to the Debtor without incurring further post-petition debt, but the remaining funds should not be used to pay the Fees and Expenses out of GreenLake's Cash Collateral when GreenLake itself is owed many months of past due adequate protection payments in excess of the Debtor's cash on hand.

WHEREFORE, GreenLake prays for the entry of an order 1) denying the Fee Application to the extent that it seeks payment from the Cash Collateral and 2) granting such other and further relief as this Court shall deem proper.

Respectfully submitted,
GREENLAKE REAL ESTATE FUND LLC

By:   /s/ Adam C. Toosley
       One of Its Attorneys

Adam C. Toosley
atoosley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL LLP
311 South Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6996