# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

F I L E D

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

01/16/2024

JEFFREY P. ALLSTEADT, CLERK

In re:                                              )

                    Chapter 11               )

Platform II Lawndale LLC,                  )      Case No. 22-07668
                                                        )
                    Debtor.                    )      Honorable Deborah Thorne

## OBJECTION TO NOTICE AND HEARING OF PROFESSIONALS' SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Now come Platform II Lawndale, LLC for their Objection to the Notice and Hearing of Professionals' Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses (Dkt #169) for Jordan & Zito LLC for Compensation for Legal Services to Chapter 11 Debtor and Debtor-in-Possession (the "Fee Application"):

### Introduction

1.     On December 18, 2023, Greg Jordan of Jordan & Zito filed with the Courts their second Motion for Allowance and Compensation of attorney's fees for the period of April 13, 2023 to December 18, 2023 for $47,615.00 in fees and $389.75 in Expenses. On April 13, 2023, Greg Jordan of Jordan & Zito file Notice of Motion and Hearing on Professional's First Interim Application for Allowance and Payment of Compensation and Reimbursement for the period of July 11, 2022 to April 12, 2023 for $47,615.00 in Fees and $1,808.48. The total of the two Motions is $95,230.00 in fees and $2,198.23 in expenses for a total of $97,428.23.

### Basis for Objection

2.     The primary basis for the Objection is the Letter of Agreement/Contract between

Platform II Lawndale, LLC and Jordan & Zito dated July 6, 2022, herein attached as Exhibit "A". The Letter of Agreement was executed by Scott Krone Manager of Platform II Lawndale on Wednesday July 6, 2022, and returned via email at approximately 3.00 pm. Jordan & Zito received a wire from Platform II Lawndale on July 2, 2023 for $31,738.00.

The Letter of Agreement includes a provision for a "Thirty Thousand Dollar ($30,000.00) (the "Initial Retainer")" as an "advance payment retainer consists of a present payment to the lawyer in exchange for the commitment to provide legal services in the future." The Letter of Agreement goes on to state, "You should review our invoices when you receive them so that JZ [Jordan & Zito] can answer any questions you may have in a timely fashion." The Letter of Agreement further states "JZ [Jordan & Zito] does not charge for attorney administration time". The Letter of Agreement concludes with "JZ [Jordan & Zito] hopes this explanation will be helpful to you and invites you to discuss any concern with Gregory Jordan at any time or to inquire about the fees and cost incurred."

Prior to the First Interim Application, Platform II Lawndale was not afforded the opportunity to review any invoices or ask questions as directed by Jordan & Zito's Letter of Agreement. Prior to the Second Interim Application the same was true. Greg Jordan of Jordan & Zito provide Platform II Lawndale of the Motions only after the Applications were filed. The second Motion was filed at 5.10.18 pm on 12/18/23. Scott Krone received the email with Motion at 5.19 pm on 12/18/23 along with the request by Greg Jordan to Jeff Galkin of Levin Ginsburg to "Send me your time and I will prepare your fee application." Nine minutes *after* the Motion was filed.

Prior to this email and filing, Krone had requested from Greg Jordan copies of all invoices. The response Greg Jordan provided was "You owe what you owe. The numbers are

what they are." A mantra that will be repeated to questions asked about invoices.

On 12/18/20 at 5.20 pm Krone sent Greg Jordan the following request, "Please send me an accounting of your fees as we have never received one."

At 5.26 pm, Jordan responded, "If you are referring to the first application, you did receive it."

At 5.34 pm, Krone replied, "I am referring to all time. We haven't received any invoices per the agreement."

On January 2, 2024 at 3.31 pm, Greg Jordan provided both Motions for Allowance and Compensation.

Between the time of receipt and January 4, 2024, Krone had the chance to review all of the invoices included in the Motions. At 5.34 pm, Krone completed his initial review and asked the first set of questions to Greg Jordan in an email. The questions can be summarized as the following:

1. The first invoice Jordan & Zito provide to the courts, Invoice 839 Dated 4/12/2023 for the period of 7/11/22 through 4/12/23. The invoice commences 5 days (2 of which were the weekend) after the execution of the Letter of Agreement. How can there be a balance of $48,388.48?

2. Each subsequent invoice thereafter also has various amounts shown for the Previous Balance – please advise?

3. Please advise why none of the invoices reflect the retainer or expenses paid with the retainer check (see attached Exhibit).

Jordan responded "JZ applied the $5,426.52 against the retainer for work performed before filing the case". As well as, "On May 4, 2023, the Court entered an order granting Jordan & Zito's First Interim Application for Compensation. The fees awarded: $47615 [sic], and expenses awarded: $1808.48 [sic] for a total of $49,423.48. Our firm applied the $24,573.48 retainer to the first award leaving a balance of $24,850.00. The $24,850 is *in addition* [underline and italics added for emphasis] to the amount sought in the Second Interim Application."

First, Jordan & Zito have never disclosed any invoices prior to the time frame between 7/6/22 and 7/11/22. Second, Greg Jordan fails to address the question as to why the first chronological invoice begins with a Previous Balance of $48,388.48.

Further review of the invoices reveals the first numerical invoice provided is Number 836 dated April 12, 2023 for the period of 3/23/23 through 4/12/23. The previous balance on that invoice is $23,030.00. Therefore, either in chronological or numerical order, there is a Previous Balance Due of either $23,030.00 to $48,388.48. The response provided by Greg Jordan does not address the question – How is this possible? Nor has Jordan & Zito ever provided an invoice for $5,426.52. Rather than provide accurate accounting, Jordan & Zito rely upon the Order by the Court granting them their fees. An Order based upon a Motion that breached their own Letter of Agreement by not affording their client the opportunity to "review", ask questions, and allow Jordan & Zito to "answer any questions you have in a timely fashion".

The last invoice Jordan & Zito submit to the Courts is Invoice 1080 Dated 12/18/23 for the period of 4/25/23 to 12/18/23. It includes a Previous Balance of $80,066.52, and the Total Amount to Pay as of 12/18/23 is $80,456.30. Numerically, the last invoice is 1087 dated December 18, 2023 for the time period of 11/10/23 to 12/18/23. The Previous Balance on that invoice is $79,456.30, and the Total Amount to Pay as of 12/18/23 is $80,706.30. The total Jordan & Zito

have requested for the Courts to Approve is $97,428.23 – a difference of $16,971.93 from their

own invoices. However, the invoices are overstated by the Previous Balance, and none of the

invoices reflect the payment of the Retainer and Expenses of $31,738.00. Therefore, the last

invoice is overstated by a range of $54,768 to $80,126.48!

Greg Jordan stated $5,426.52 was applied to previously undisclosed invoices for the time

period between 7/7/22 to 7/11/23. However, Jordan & Zito's invoices state Previous Balances of

$23,030 to $48,388.48. Applying basic accounting practices, this would suggest significant

accounting errors totaling a minimum of $49,341.48 ($31,738 - $5,426.52 + $23,030 of additional

invoices for a total of $49,341.48 in the span of 2 work days at $500 per hour). This totals over

98 hours in two days of work – none of which has been disclosed to either Platform II Lawndale

or the Courts. This is simply not possible.

On January 5, 2024, Krone followed up with Greg Jordan with 6 additional questions.

They can be summarized as follows:

1.  The summary of the hours noted for work total 197. However, the written description of
    time actually spent totals 175 hours. Please advise. 22 hours at $500 per hour totals
    $11,000.00

2.  The Letter of Agreement states, "JZ does not charge for any attorney administrative time",
    yet there are over 15 hours charged at $500 per hour in administration for invoicing and
    payments totaling $7,500. Questions 1 and 2 combined total $18,500 of overstated time.

3.  Platform II Lawndale had questions on the length of time spent preparing boiler plate
    documentation. Further clarification was requested.

4.  Invoice 1083 related to an issue caused by an erroneous statement made by Greg Jordan
    about Platform II Lawndale. It is the position of Platform II Lawndale it should not have

to pay to correct that mistake. Due to the nature of the ongoing case, Platform II Lawndale

is requesting not to outline those matters.

5. No expenses documentation had been provided until January 9, 2024 at 11.17 am.

6. Platform II Lawndale stated upon review of the invoices an accurate total of hours worked

should be approximately 60 hours. 60 hours at $500 per hour totals $30,000 or the amount

of the Initial Retainer.

The email ended with "Happy to further discuss."

Greg Jordan responded with accusing Krone of lying in an email to the Trustee as well as

re-stating, "The numbers are what the numbers are. You owe what you owe. The Court has

already awarded $48,013", as well as "you threw several disjointed thoughts I cannot decipher"

on January 8, 2024 at 5.34 pm. Krone advised Jordan, that Jordan & Zito must rely upon the

Letter of Agreement as the basis for their fees – not the Court. At 6.06 pm on January 8, 2024

Krone followed up with a new email outlining the basic mathematical issues with Jordan &

Zito's billing with 7 questions. Greg Jordan's only response on January 9, 2024 was to provide

the bank statements which reflect a total of $389.78 of expenses. Jordan & Zito has not provided

any invoices for any of their expenses. Jordan & Zito have failed to "answer questions you

[Platform II Lawndale] may have in a timely fashion." Providing filings, bank statement and

accusing their client of lying and asking "disjointed" questions does not answer Platform II

Lawndale's questions.

WHEREFORE, Platform II Lawndale, LLC requests that Courts reject the Notice of Motion and Hearing on Professionals' Second Interim, and order Jordan & Zito to provide an accurate accounting of all time and expenses.  In addition, to re-review and consider the Professional Fees awarded in the First Motion of Allowance of Fees and Expenses for Jordan & Zito.  Lastly, to adhere to their own Letter of Agreement to answer Platform II Lawndale's questions in a reasonable amount of time related to their invoices, as well as allowing Platform II Lawndale the opportunity to review and approval all requests for compensation prior to filing (Greg Jordan submitted an additional request for compensation without Platform II Lawndale's ability to review and approve. The Trustee has objected to the filing as well).

**Respectfully submitted**,

Platform II Lawndale, LLC

Scott Krone - Manager

Platform II Lawndale

600 Waukegan Avenue
Suite 129
Northbrook, IL  60062
Telephone: 847.272.7775
Email:  skrone@codamg.com

By: /s/ Scott Krone    Its Manager

# Exhibit A

# JORDAN & ZITO LLC
## ATTORNEYS & COUNSELORS AT LAW

**350 North LaSalle Street**
**Suite 1100**
**Chicago, Illinois 60654**

**312.854.7181**

Direct E-mail:
gjordan@jz-llc.com

July 6, 2022

Via Electronic Mail: skrone@codamg.com

Scott Krone
Manager
Platform II Lawndale LLC
600 Waukegan Road, Suite 129
Northbrook, IL. 60062

Dear Scott:

**Re:    Representation of Platform II Lawndale LLC in Chapter 11 Bankruptcy Case**

This letter confirms that Platform II Lawndale LLC ("you" and "your") has requested that Jordan & Zito LLC ("JZ" and "our firm") render certain legal services to you concerning the prosecution of a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois. The representation will include prosecuting and defending various motions, appearing before the Court, as required, assisting you in obtaining financing, prosecuting and defending one or more adversary proceedings, preparing and prosecuting a plan of reorganization, and, if necessary, working with you regarding the sale of assets, and generally serving as counsel in the bankruptcy case.

Our firm's obligation, as your counsel, is to represent the bankruptcy estate, including your creditors. Accordingly, our firm cannot and does not represent the individual interest of your members, managers, representatives, or agents ("Management"). If a conflict between Management's interests and the interests of your bankruptcy estate arises, your bankruptcy estate's interests will take precedence.

By written direction, you may, with our firm's agreement, expand or contract the engagement to best serve your interests.

JZ's professionals bill for services on an hourly basis and generally record time in six-minute increments. The hourly rates for the attorneys working on your matter vary depending on several factors, including the attorney's experience, expertise, and subject area. Gregory Jordan, the primary attorney working on your behalf, will bill his time at $500 per hour. Mark Zito, who will assist in the representation, will bill his time at $425 per hour.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 2

Our firm will bill all travel time at the regular hourly rate. In addition, our firm will charge a minimum of one hour for all court appearances. You agree to pay expenses incurred in connection with the handling of this matter, including, but not limited to, the following items: filing fees, service, and witness fees; investigative and expert witness fees; court reporter expenses; travel expenses; and actual computer research charges (such as Westlaw related charges; etc.). These charges shall be promptly paid upon being billed to you. When possible, billings from third parties, such as court reporters and expert witnesses, will be sent to you for payment directly to the billing party, rather than having us advance costs on your behalf.

You have agreed to provide a retainer to allow our firm to commence representation in the sum of Thirty Thousand Dollars ($30,000.00) (the "Initial Retainer"). An advance payment retainer consists of a present payment to the lawyer in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to the lawyer immediately upon payment, and our firm will not hold the funds in a client trust account. However, you shall have a right to a refund of any part of a fee that is unearned when JZ's representation ends.

You should be aware that other kinds of retainer arrangements exist, including security retainers. Under a security retainer agreement, the lawyer's funds are not present payment for future services; instead, the retainer remains the client's property until the lawyer applies it to charges for services rendered. The purpose of a security retainer is to secure payment of fees for future services that you expect the lawyer to perform. As with advance payment retainers, counsel must refund any unearned funds provided under a security retainer.

You should also be aware that the decision about the type of retainer, that is, an advance payment retainer or a security retainer, is yours alone. In your matter, an advance retainer arrangement is advantageous to you. If a court enters a judgment against you and one of your creditors seeks to collect its judgment, a party may require that JZ deliver monies held as a retainer to satisfy that debt. If that were to occur, you would need to find an alternative means to pay legal fees, which may not be available. Paying a security retainer means the funds remain your property and may, therefore, be subject to the claims of your creditors. This situation may make it difficult for you to hire legal counsel. On the other hand, with an advance payment retainer – the kind of arrangement our firm requires here – the retainer payment would belong to JZ as of the date it is made and would, therefore, typically not be subject to a creditor's collection. As a result, JZ is unwilling to represent you without receiving an advance payment retainer to avoid controversies with the above creditors concerning the title to the retainer and reduce the burden and expense of defending the law firm's right to receive payment for services out of the retainer balance.

By signing this engagement letter, you understand that JZ may file a motion with the bankruptcy court requesting that you provide an additional sum to allow our firm to represent your interests. If JZ's fees approach the retainer amount, our firm may request that the bankruptcy court authorize you to deliver an additional retainer. If the bankruptcy court approves the request, JZ will deposit any additional retainer into our firm's client funds bank account at PNC Bank.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 3

Our firm will, from time to time, file with the Court an itemized statement of attorneys' fees and expenses incurred by our firm in representing you. You should review our invoices when you receive them so that JZ can answer any questions you may have in a timely fashion. Contemporaneously with filing our firm's fee application, JZ will serve an itemized statement by electronic filing or mail upon all creditors and parties in interest entitled to notice of the same. The bankruptcy court's approval will authorize our firm to receive payment from you of one hundred percent (100%) of the approved attorneys' fees and expenses.

As a part of our firm's representation, there will be complete disclosure of all matters relating to the above-referenced matter that we may receive, including information our firm receives from other parties.

JZ looks forward to representing you in this matter. When you request that JZ change or expand the scope of the engagement, JZ will open a new file or files and issue a new engagement letter for any such assignment or assignments.

At all times, you will have the right, with or without cause, to terminate our firm's services upon written notice to that effect. Subject to the fulfillment of our firm's obligations to maintain proper standards of professional conduct, JZ may terminate its services at any time, with or without cause, and JZ will withdraw if (i) you fail to cooperate with JZ in any reasonable request; (ii) continuing to act on your behalf would be unethical; or (iii) you fail to pay an account statement when rendered.

JZ hopes this letter and the attached Terms of Representation adequately explain the scope of JZ's services and the payment terms of our firm's fees. If this letter and the Terms of Representation do, and provided you agree with them, please indicate affirmation by signing the enclosed copy of this letter and returning it to me for our firm's files.

Our firm appreciates the opportunity to work with you and looks forward to a mutually beneficial relationship.

Very truly yours,

JORDAN & ZITO LLC

Gregory J. Jordan

GJJ/rwj

Enc.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 4

Platform II Lawndale LLC accepts the terms of this engagement letter and the attached Terms of Representation, effective July 5, 2022.

**Platform II Lawndale LLC**

By:_____
    Scott Krone, Manager

Chicago Illinois

# TERMS OF REPRESENTATION

**Confirmation of Services.** Jordan & Zito LLC is pleased to have this opportunity to serve you. JZ has found from experience that our firm's relationship with clients will be stronger and more effective when, at the beginning of the representation, there is a clear understanding of the scope of services JZ will perform, the fees JZ intends to charge for such services, and the payment thereof. The letter accompanying these Terms of Representation sets forth that information. If what JZ outlined in the attached letter or these Terms of Representation does not accurately describe your understanding of the services JZ is to perform or the terms for billing fees and expenses, please advise Gregory Jordan, the attorney sending this letter. Unless you notify Mr. Jordan promptly, JZ will assume that these Terms of Representation and the attached letter are acceptable.

**Scope of Representation.** The scope of our firm's representation is currently limited to providing only those services described in the attached letter. Unless otherwise noted, JZ will render those legal services necessary to the representation. No other services are intended to be provided without our firm and your agreement. Later, if you determine to change materially the scope of our firm's representation, JZ will need to document that in additional correspondence. Our firm's representation is also limited to working on your behalf, as is identified in the attached letter. JZ does not represent any other entity or individuals unless explicitly stated in the attached letter.

**Attorneys and Others to Assist in Providing Services.** When appropriate for a particular matter and when it will serve to reduce costs, JZ intends to assign parts of your work to other lawyers, paralegals, law clerks, and document clerks. Often, these individuals focus on specific areas, and JZ has found that allocating work to them allows JZ to produce the best legal product efficiently. However, JZ designates Gregory Jordan as your primary contact. Gregory Jordan will supervise the work and will endeavor to be responsive to you for the entire matter. Mr. Jordan will serve in that capacity for the work indicated in the first paragraph of this letter.

**Billing and Hourly Rates.** JZ bases its fees primarily on time spent. JZ generally bills professional services on an hourly basis. Each of JZ's attorneys and other professionals has an hourly billing rate based on that individual's expertise and experience. Generally, JZ adjusts its fee rates periodically in January of each year, and bills for fees will reflect any such adjustments.

Hourly time charges will reflect the time spent on your matter, including, as appropriate, litigation due diligence investigation, legal research, document drafting, transaction closing, and travel in connection with this representation. However, JZ does not charge for attorney administrative time or for maintaining general, current knowledge of the law. JZ bills on a per-item basis for computerized legal research (LEXIS and Westlaw services), filing fees and related litigation expenses, telephone charges, delivery and fax charges, special database storage when established at your request, photocopying, and travel expenses. Unless circumstances prompt a different schedule, you will periodically receive a computer-generated statement showing a description of the services performed and itemizing costs paid by JZ for your work.

**Fees Not Contingent and Due Within 30 Days**. Our firm's fees are not contingent, and payment is due within 30 days of the receipt of the statement. If JZ has not received any comment about

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 2

the statement within 30 days of its receipt, JZ will understand that you found it acceptable. To encourage timely payment of our firm's invoices, JZ will impose a late charge of 1.5% per month on past due bills, i.e., statements that remain unpaid for more than 30 days. Payment is to be made by check or draft payable to "Jordan & Zito LLC."

If any statements remain unpaid for more than 90 days, JZ may, consistent with JZ's ethical and court-imposed obligations, cease to perform services until you make satisfactory arrangements to pay the unpaid statements and future fees. In fairness to our firm's many clients who promptly pay their invoices each month, JZ reserves the right to take appropriate action concerning delinquent accounts.

**Attorney-Client Communication.** Statements made by one of our firm's attorneys generally contain information protected by the attorney-client privilege. As the privilege could be deemed waived if someone other than you see the privileged material, JZ recommends that you keep all of our firm's statements in a separate file marked "Attorney-Client Privileged Materials" and keep the file in a secure place.

**Payment of Third-Party Expenses.** JZ prefers that you pay directly any significant outside expense items related to your work, and, when possible, JZ will direct such expenses to you for payment. For example, JZ often asks its vendors to bill its clients directly rather than having our firm incur an expense and subsequently include the same amount on our firm's statement to the client.

**Termination of Services and Representation.** You may terminate our firm's services at any time. Termination of our firm's representation does not relieve you from the responsibility of paying those fees and expenses incurred through the date you notify JZ of our termination. Similarly, JZ may withdraw from this representation for many reasons, including failure to promptly pay the amounts indicated in our firm's statements; failure to disclose all facts material to our firm's representation; failure to act following our firm's advice; or development of one or more circumstances which, in our firm's judgment, impair our firm's ability to maintain a productive attorney-client relationship. Upon termination of our firm's services and representation of you or our firm's withdrawal from representing your interest, JZ will be entitled to be paid for all services rendered and costs and expenses paid or incurred on your behalf to the date of termination or withdrawal. JZ also will be entitled to payment at our firm's standard billing rates for any work required of JZ in connection with the turnover of files to you or new counsel and the orderly transition of pending matters to new counsel, and JZ also will be entitled to reimbursement of all expenses incurred by JZ in connection with such work. At your request, JZ will return all papers and property belonging to you upon payment of all amounts owed to JZ. JZ reserves the right to make, at your expense, and retain copies of all documents generated or received by JZ in representing your interests. If you request documents from JZ, either during our firm's representation, in connection with or following termination or withdrawal from

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 3

representation, our firm will provide the documents at your expense, including both reproduction costs and professional fees for time expended in reviewing files to locate requested documents.

**Estimates of the Cost of Services to be Performed.** From time to time, you may ask JZ to estimate the cost of completing all or part of our representation of it. Because it is often difficult to estimate at the beginning of a project how much time it will take to complete it, JZ treats any estimate as an "educated guess" and not as an assurance that JZ will be able to do the work for the estimated price. When JZ provides an estimate, our firm will advise you when JZ is nearing the estimated amount, and JZ will also notify you if JZ becomes aware that it may exceed the estimate. At that time, you can decide whether to terminate our firm's representation on the project, modify the project, or proceed to completion with a different cost estimate.

**Completion of Matter.** After our firm completes a particular matter, JZ does not (unless you specifically request in writing that JZ do so) undertake to continue to review that matter and update you concerning legal developments, such as changes in applicable laws or regulations. If you ask JZ to review a specific matter on which JZ has previously worked, JZ will consider that a new representation. Thus, while JZ may, from time to time, call to your attention issues or legal developments that might be relevant to your business, JZ is not undertaking to do so as a part of this representation.

Unless previously terminated, our firm's representation will end upon sending a final statement for services rendered concerning the representation discussed in the first paragraph of the engagement letter. If, upon any termination or completion of a matter, you wish to have your documents in our firm's possession returned to you, please advise us. Otherwise, our firm will transfer all such documents to the person responsible for administering our firm's records retention program. After a reasonable time, JZ will destroy the files following our firm's established policy. For several reasons, including minimizing unnecessary storage expenses, JZ reserves the right to destroy or otherwise dispose of any documents retained by JZ after our firm's representation of you ceases.

**Client Confidences/Description of Client/Future Conflicts.** Our firm's clients are engaged in a wide variety of businesses worldwide. From time to time, JZ represents clients who are industry competitors. To ensure confidentiality, JZ will not (unless you specifically grant JZ the authority to do so) discuss or otherwise make available to anyone, including other clients, any information about you, your business, or our firm's work on your behalf and will not discuss or otherwise make available to you any information about any of our firm's other clients (if any), their business, or any work on their behalf.

*Subject to Court approval, if necessary, JZ represents many other clients and individuals. It is possible that when JZ is representing you, some of our firm's present or future clients will have disputes or transactions with you. You agree that, subject to disclosure and no objection, JZ may continue to represent or may undertake in the future to represent existing or new clients in any*

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 4

*matter that is not substantially related to our firm's work for you, even if the interests of such clients in those other matters are directly adverse. Your signature on this letter will constitute your consent to any such conflicting representations. JZ agrees, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our firm's representation of you, JZ has obtained proprietary or other confidential information of a non-public nature that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. (You should know that in similar engagement letters with many of our firm's other clients, JZ has asked for similar agreements to preserve our firm's ability to represent you.)*

**No Guarantee.** JZ will perform professional services on your behalf to the best of our firm's ability, but JZ cannot make and has not made any guarantees regarding the outcome of our firm's work on this project. Any expressions by JZ about the outcome of this project are our firm's best professional views only and are limited by our firm's factual knowledge when our firm expresses them.

**No Third-Party Beneficiaries**. This agreement does not confer any right on any third party.

**Questions or Additional Information.** JZ hopes this explanation will be helpful to you and invite you to discuss any concern with Gregory Jordan at any time or to inquire about the fees or costs incurred. We believe in the importance of proceeding in a manner that provides JZ with a clear and satisfactory understanding of the work to be performed. JZ will strive to keep you fully informed during the course of this engagement and anticipate that you, likewise, will keep JZ informed of pertinent developments.

**Acceptance of Terms of Representation.** If these Terms of Representation and the attached letter wholly and correctly set forth the parties' mutual understanding of the terms of our firm's engagement, please sign a copy of the attached letter and return it to Gregory J. Jordan for inclusion in your file.

Chicago Illinois

# Exhibit B

**M** Gmail

## [Cust Out Wire Advice - eMail] Message ID:220707121941BCAM Advice Code:OTCSADEM

2 messages

---

**Wire.room@web-cashplus.com** <Wire.room@web-cashplus.com>     Thu, Jul 7, 2022 at 4:04 PM
To: skrone@codadb.com

From: WINTRUST BANK Wire Transfer Dept.

In accordance with your instructions, we have DEBITED your account: **********8563
for $31,738.00.

Sender Name & ABA: WINTRUST BANK 071925444
Reference #:  220707121941BCAM

Receiver ABA & Name: 041000124 PNC BANK, OHIO
FED Reference:     20220707MMQFMP14001309

Originator Bank:

By Order Of:  PLATFORM II LAWNDALE LLC **********8563
600 WAUKEGAN RD SUITE 129 NORTHBROOK, IL 60062-

Beneficiary: Jordan AND Zito **********8323

Beneficiary Bank:

Intermediary Bank:

Other Bank info:
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
If you have any questions, please contact your local branch.

# Exhibit C

M  Gmail                                                                    Scott Krone <skrone@codamg.com>

## Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

Gregory Jordan <gjordan@jz-llc.com>                                        Tue, Jan 9, 2024 at 11:17 AM
To: Scott Krone <skrone@codamg.com>
Cc: Joe Ransdell <josephransdell@gmail.com>, "Mark R. Zito" <mzito@jz-llc.com>

I inadvertently hit send. You have records for all of the expenses.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Gregory Jordan
**Sent:** Tuesday, January 9, 2024 11:16 AM
**To:** 'Scott Krone' <skrone@codamg.com>
**Cc:** Joe Ransdell <josephransdell@gmail.com>; Mark R. Zito <mzito@jz-llc.com>
**Subject:** RE: Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

I have attached the records of JZ's expenses.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to

not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Monday, January 8, 2024 6:06 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Cc:** Joe Ransdell <josephransdell@gmail.com>; Mark R. Zito <mzito@jz-llc.com>
**Subject:** Re: Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

Since you do not describe which of my questions are "disjointed thoughts", I will make the questions more simple for you.

1.  The first invoice you presented in your motions is Invoice 839 dated 4.12.23.  The work stated is 7.11.22.  5 days including 2 weekend days after we signed the agreement.  So, two work days between when we signed and when you started working.  The first entry is "Discussion with Mr. Scott Krone to obtain information...".  The total for the invoice is $1,400.00.  The Balance Due is $48,388.48.  Please advise.

2.  The first numerical invoice you provide is invoice 836 dated 4.12.23.   The invoice is for work on 3.24.2023.  The total for the invoice is $2,000.00.  The Balance Due is $23,030.00.  Please advise.

3.  Either chronologically or numerically, your invoices indicate a significant Balance Due somewhere between $23,030 and $48,388.48.  None of your invoices reflect the $30,000 retainer + fees of $1,738.00.  Please advise how this is possible.

4.  You have not provided any receipts for your expenses.  Please provide

5.  Your last invoice 1087 dated 12.18.23 states "Balance Due $80,706.30".  None of your invoices reflect any of our payments, nor is the Opening Balance correct.  Please advise.

6.  If $80,706.30 is "Due" and no retainer has been reflected, your Motions request a total of $97,428.26.  Please advise why your Motions far exceed your own invoices.

I trust these questions are clear to you.  If they are not, then please advise which one requires further clarification.  I am happy to review this with the Judge tomorrow.  I can't imagine a Judge ordering fees with such significant questions.

5.  When I sum up the time in your Descriptions, they do not match the time allocated in your fees.  Please advise.

Scott Krone
Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

skrone@codamg.com

www.codamg.com

FaceBook Coda Management Group


Development | Sustainability | Management | Author


Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.


On Mon, Jan 8, 2024 at 5:34 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

> Scott,
>
> I only called you a liar because you are lying. ██████████████████████████████████████████████████████████████████
> ████
>
> As far as your comments on the fee application, you threw together several disjointed thoughts that I cannot decipher. The billing software calculates totals.  The invoices, which are attached as exhibits, match the fee application narrative.
>
> The difference between The amount of the first fee application and the retainer left a balance as you note.
>
> The Court approves fees. Contrary to what you seem to believe, Judge Thorne is the arbiter.
>
> I do not understand your comment regardless an existing balance or how you arrive at a different conclusion the amount of time expended.
>
> Admitted in Illinois and Indiana
>
> Gregory J. Jordan
>
> Jordan & Zito LLC
>
> 350 North LaSalle Drive, Suite 1100
>
> Chicago Illinois 60654
>
> (312) 854-7181 (Office)
>
> (312) 543-7354 (Cellular)
>
> ---
>
> **From:** Scott Krone <skrone@codamg.com>
> **Sent: Monday, January 8, 2024 5:15:38 PM**

Greg,

This is the second time you have accused me of lying and attacking my character solely related to your invoices/fees. On more than one occasion I sought your council ███████████████████████████████████████████████████████████████████

Instead of accusing me of lying, I am asking you to answer my specific questions which you have yet to do. Both of your responses do not address any of the questions I have asked. In our call today, you now claim there are previous invoices which don't pertain to any court orders - yet you have never provided those to me. On the other hand, the invoices you finally provided, begin with the commencement of work.

Please address my questions other than stating, "You owe me what you owe me. The numbers are what they are." None of my questions attack your character. They are straight forward questions related to your bookkeeping.

I spent a significant amount of time reviewing your invoices quickly so you would have ample time to respond prior to the hearing. Yet, I continue to await your written response. If you feel you have explained something to me, please provide that written explanation so I can review it.

Scott Krone

Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com

www.codamg.com

FaceBook Coda Management Group

Development | Sustainability | Management | Author

Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.

On Mon, Jan 8, 2024 at 4:17 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

  Scott,

  First, you misread the fee application. I tried to explain it to you, but you refused to listen.

the precipice of dismissal. If the court dismisses, none of us will be happy.

Third, the idea that I directed you, suggested to you, or even discussed with you ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a lie. ▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Fourth, I represent the debtor and its estate.

Admitted in Illinois and Indiana

Gregory J. Jordan

Jordan & Zito LLC

350 North LaSalle Drive, Suite 1100

Chicago Illinois 60654

(312) 854-7181 (Office)

(312) 543-7354 (Cellular)

---

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Monday, January 8, 2024 4:01:12 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Cc:** Joe Ransdell <josephransdell@gmail.com>; Mark R. Zito <mzito@jz-llc.com>
**Subject:** Re: Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

Greg,

I entered all those figures, and it is included in my summary. Your response, "The numbers are what they are" is 1. inaccurate and 2. not per your contract.

You have not answered my questions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Scott Krone
Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com

www.codamg.com

Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.

On Mon, Jan 8, 2024 at 12:40 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

I am resending our first application to assist your review.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Friday, January 5, 2024 4:40 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>; Joe Ransdell <josephransdell@gmail.com>; Mark R. Zito <mzito@jz-llc.com>
**Subject:** Re: Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

Greg our responses below in CAPS

Scott Krone
Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com

www.codamg.com

Development | Sustainability | Management | Author

Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.

On Fri, Jan 5, 2024 at 11:09 AM Gregory Jordan <gjordan@jz-llc.com> wrote:

> Scott,
>
> JZ applied $5,426.52 against the retainer for work performed before filing the case.  YOU HAVE NEVER PROVIDE ANY INVOICES TO DEMONSTRATE THIS TO EITHER THE COURT OR US.   This left a retainer balance of $24,573.48.  THE INVOICES ARE DATED 7.11.22.  WE SIGNED THE AGREEMENT ON WEDNESDAY 7.6.22.  HOW DO WE INCUR OVER $5,400 IN FEES IN TWO DAYS?
>
> On May 4, 2023, the Court entered an order granting Jordan & Zito's First Interim Application For Compensation. The fees awarded: $47615.00, and expenses awarded: $1808.48 for a total of $49,423.48.  AS I PREVIOUSLY STATED TO YOU, IT DOES NOT MATTER WHAT THE COURTS AWARDED, IT MATTERS WHAT THE CONTRACT STATES.  NOTHING YOU HAVE STATED EXPLAINS HOW THE FIRST INVOICE HAS A PREVIOUS BALANCE THAT IS CARRIED THROUGHOUT YOUR INVOICING.
>
> Our firm applied the $24,573.48 retainer to the first award leaving a balance of $24,850.00.  WHICH INVOICE IS THIS - WHERE IS THIS REFLECTED?
>
> The $24,850.00 is in addition to the amount sought in the Second Interim Application.  AGAIN, YOU HAVE FAILED TO ANSWER MY QUESTION AS TO WHY THE INVOICES HAVE VARIOUS PREVIOUS BALANCES.
>
> The Fee Application before the Court is the Second Interim Application . AND THERE ARE MANY QUESTIONS.  IN SUMMARY:
>
> YOUR LAST INVOICE STATES THE BALANCE DUE AS:    $80,706.30
>
> THE FIRST INVOICE STATES A PREVIOUS BALANCE OF: $23,030.00  WHICH IS NOT POSSIBLE AS NO INVOICE REFLECTS A PAYMENT FROM OUR RETAINER
>
> SUBTRACTING THE PREVIOUS BALANCE LEAVES;    $57,676.30   THAT IS OUR STARTING POINT IN EVALUATING YOUR INVOICES
>
> WE HAVE ALREADY PAID YOU:              $31,738.00
>
> NET TO BE EVALUATED:                   $25,941.30

1. I HAVE GONE THROUGH EVERY INVOICE LINE BY LINE.  YOU SUMMARY CALCULATES ~197 TOTAL HOURS

YET THE DESCRIPTIONS TOTAL ~175 HOURS.  THERE IS OVER 20 HOURS DISCREPANCY BETWEEN WHAT YOU DESCRIBE AND WHAT YOU CHARGE

2.  THERE ARE OVER 15 HOURS OF PREPARING AND PLANNING AFTER THE WORK HAS BEEN COMPLETE.

3.  FOR THE BOILER PLATE WORK OF CREATING THE PLAN, 2.0 HOURS TO PREPARE YOUR OWN MOTIONS TO GET PAID, THE EXTREMELY HIGH AMOUNT OF TIME ON REVISIONS, ETC, ETC.  A FAIR NUMBER IS OVER 57 HOURS.  WE CAN ACCEPT HALF OF THAT TIME.

4.  INVOICE 1083 THE BULK OF IT RELATES TO GREENLAKE ████████████████████████████████████████ ████████████████████████████████"  WE DO NOT ACCEPT FEES RELATED TO ████████████████████

5.  WE HAVE NOT BEEN PROVIDED ANY EXPENSE RECEIPTS

6.  WE FEEL AN ACCURATE REFLECTION IS ~60 HOURS TOTAL.

HAPPY TO FURTHER DISCUSS.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Thursday, January 4, 2024 5:35 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Cc:** Silver, Gretchen (USTP) <gretchen.silver@usdoj.gov>

Greg,

I have been reviewing the documents you sent over, which are quite confusing. My first questions are:

How is it the first invoice you present in the motion has a Previous Balance of $48,388.48 for work performed less than 6 days after we signed your Letter of Agreement?

The subsequent invoices all have various amounts due under Previous Balance? Please advise.

It also appears you created these invoices on either 4.12.23 and 12.18.23, but none of them reflect the $30,000 retainer plus the additional fees we paid upon signing the agreement? Please advise.

Scott Krone
Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com

www.codamg.com

FaceBook Coda Management Group

Development | Sustainability | Management | Author

Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.

On Tue, Jan 2, 2024 at 4:42 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

Scott,

I am not going to argue with you. The application was attached to the email that I resent today.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Tuesday, January 2, 2024 4:07 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Cc:** Silver, Gretchen (USTP) <gretchen.silver@usdoj.gov>
**Subject:** Re: Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

Greg,

On Dec 18, you requested documentation from Levin Ginsburg. At that time, I asked you for your invoices.

I just received documents, and will review them. At this time, I have not approved any invoices, or reconciled what you have already been paid.

On Tue, Jan 2, 2024, 3:40 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

Scott,

I delivered the attached application to you with the December 18, 2023 email below.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Gregory Jordan
**Sent:** Monday, December 18, 2023 5:19 PM
**To:** Scott Krone <skrone@codamg.com>; Jeffrey Galkin <jgalkin@lgattorneys.com>
**Subject:** Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

I have attached our firm's fee application.

Jeff: Send me your time and I will prepare your fee application.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** USBC_ILNB@ilnb.uscourts.gov <USBC_ILNB@ilnb.uscourts.gov>
**Sent:** Monday, December 18, 2023 5:10 PM
**To:** CourtMail@ilnb.uscourts.gov
**Subject:** Ch-11 DLT 22-07668 Platform II Lawndale LLC Application for Compensation

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Northern District of Illinois**

The following transaction was received from Gregory J Jordan entered on 12/18/2023 at 5:10 PM CST and filed on 12/18/2023

**Case Name:**       Platform II Lawndale LLC

**Case Number:**     22-07668

**Document Number:** 169

**Docket Text:**
Notice of Motion and Second Application for Compensation with Coversheet for Gregory J Jordan, Debtor's Attorney, Fee: $49,850.00, Expenses: $389.78. Filed by Gregory J Jordan. Hearing scheduled for 1/3/2024 at 10:45 AM at Appear In Courtroom 682, 219 S. Dearborn St, Chicago, IL 60604 or Using Zoom- Judge Thorne. (Attachments: # (1) Exhibit A # (2) Exhibit B # (3) Exhibit C # (4) Exhibit D # (5) Exhibit E # (6) Exhibit F # (7) Proposed Order) (Jordan, Gregory)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-0] [8cb482b11b43e2c84bbce7a70998733b35c048a00b0edbc6b23c24d66bb04c964
322322aa99a3f611880fd3f9ae2e78c88f2ffafd0776763df324000992c0f4b]]
**Document description:**Exhibit A
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-1] [a66ddc53567187242d743a9700041555ae2b906291230b10dc586c9015a85f4ff
164d5837ed5fc0b06e169e9fab0800529ffc72dad6536ee0086fd050f55539c]]
**Document description:**Exhibit B
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-2] [a4ca1afc84b90d5ee925428d91d5487c4244ac49185f3c68c39604faf052b22b0
49b7fa4fa33949f9f0ebc0bf9bffb47201cd690c49c03d62591766064addcb4]]
**Document description:**Exhibit C
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-3] [0da2ec113d0bdf8a479dbe5012b439354eb28e491e75f9f00732d1e19e0f7ec23
34f8012e77b42b8bd4690d90a9f5a9a134bec8a4e3a850580043fabd3b2b9bc]]
**Document description:**Exhibit D
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-4] [78cf7c73b9518a758e2608383add961351263db94c2827cd0019aea79f4c24e68
47cc226e3043738f90bf0f3d45955e91937e95f539e8819daff699f798a84ac]]
**Document description:**Exhibit E
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-5] [1ac3adf8bef057603d625cde834131659d99a6dcce8fba4abe15ed57438441c11
973a121ab222bf0b57946d987de9f0ce883954797d93d505eefc33522a9e213]]
**Document description:**Exhibit F
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-6] [75ab10f4af53e5645e41673f0acf6423da739fbcfa419fbabc43d4f67c235763f
ca99ff389f5d4d26cd26f0a1c6a1fce53768804ef7e75de7e38c416adcb6056]]
**Document description:**Proposed Order
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=12/18/2023] [FileNumber=81768036
-7] [6c856f2501ddd69db1374e2423383ebfe10261c9d676a02c02d1b9d002a234156
276cfba6ad870070a86a812a459a0b416cd55ee0229233b5bc438a2e53b7afc]]

# Treasury Enterprise Plan

PNC Bank

## ⬤PNC BANK

| | |
|---|---|
| **For the Period 04/01/2023 to 04/28/2023** | Primary Account Number: ▮▮▮8374 |
| | Page 1 of 3 |
| | Number of enclosures: 0 |
| JORDAN & ZITO LLC | ☎ For 24-hour banking sign on to |
| OPERATING ACCOUNT | 🖥 PNC Bank Online Banking on pnc.com |
| STE 1100 | FREE Online Bill Pay |
| 350 N LA SALLE DR | |
| CHICAGO IL 60654-5131 | For customer service call 1-877-BUS-BNKG |
| | PNC accepts Telecommunications Relay Service (TRS) calls. |
| | Para servicio en espanol, 1-877-BUS-BNKG |
| | **Moving?** Please contact your local branch |
| | ✉ Write to: Customer Service |
| | PO Box 609 |
| | Pittsburgh, PA  15230-9738 |
| | 🖥 Visit us at PNC.com/smallbusiness |

---

## IMPORTANT ACCOUNT INFORMATION

Effective April 23, 2023, we are amending your Account Agreement for Business Accounts ("Agreement") to include the below disclosure entitled "Rule 370 Notification Requirements." All other information in your Agreement continues to apply to your Account. Please read this information carefully and keep it with your records, as it outlines certain accountholders' obligations in the unlikely event the Account becomes eligible for deposit insurance coverage.

Rule 370 Notification Requirements

If you have opened a deposit Account on behalf of the beneficial owner(s) of the funds in the Account (for example as an agent, nominee, guardian, executor, custodian, or funds held in some other capacity for the benefit of others), those beneficial owners may be eligible for "pass-through" insurance from the Federal Deposit Insurance Corporation (FDIC) (each, a "Pass-Through Account"). This means the Pass-Through Account could qualify for additional insurance coverage.

If the Pass-Through Account has "transactional features" as defined in section 370.2(j) of the FDIC's Rules and Regulations, you as the Account holder must maintain and be able to provide a record of the interests of the beneficial owner(s) in accordance with the FDIC's requirements. The FDIC's Deposit Brokers Processing Guide outlines the information you must maintain regarding the beneficial owners of the funds in the Pass-Through Account and the format in which you would be required to provide the records to the FDIC in the unlikely event of PNC's failure. In order to receive timely payment of deposit insurance, you must be able to provide the required information within 24 hours after the appointment of the FDIC as receiver. The Deposit Brokers Processing Guide can be accessed on the FDIC's website at https://www.fdic.gov/deposit/deposits/brokers/part-370-appendix.html.

If you maintain a Pass-Through Account at PNC, you agree to cooperate fully with PNC and the FDIC in connection with determining the insured status of funds in such Accounts at any time. In the event the FDIC is appointed as receiver of PNC, you agree to provide the FDIC with the information described above in the required format within 24 hours. In the event of PNC's failure, a hold will be placed on the Pass-Through Account and will not be released until the FDIC determines that you have provided the necessary data to enable the FDIC to calculate the deposit insurance. You understand and agree that your failure to provide the necessary data to the FDIC may result in a delay in receipt of insured funds and legal claims against you from the beneficial owners of the funds in the Pass-Through Account. If you do not provide the required data, access to funds in the Pass-Through may be restricted until the information is received, which could delay

# Treasury Enterprise Plan

For 24-hour account information, sign-on to
pnc.com/mybusiness/

For the Period 04/01/2023 to 04/28/2023
Jordan & Zito Llc
Primary Account Number ███████374
Page 2 of 3

Treasury Enterprise Plan Account Number ██████8374 - continued

payments of deposit insurance to the beneficial owners.  We can help you validate that your file format and the information in it is appropriate to facilitate the timely calculation of deposit insurance.  Please visit pnc.com/fdic-passthrough for more information.  Notwithstanding other provisions in this Agreement, this Section survives after the FDIC is appointed as PNC's receiver, and the FDIC is considered a third-party beneficiary of this section.

## Treasury Enterprise Plan Summary

Jordan & Zito Llc
Operating Account

Account number: ███████374

Overdraft Protection has not been established for this account.
Please contact us if you would like to set up this service.

## Balance Summary

| Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
|---|---|---|---|
| | | | |

## Deposits and Other Additions

| Description | Items | Amount |
|---|---|---|
| Deposits | 2 | |

## Daily Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 04/01 | | | | | |

## Activity Detail

### Deposits and Other Additions

### Deposits

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 04/21 | | | |

Other Additions continued on next page

# Treasury Enterprise Plan

For 24-hour account information, sign-on to
pnc.com/mybusiness/

For the Period 04/01/2023 to 04/28/2023
Jordan & Zito Llc
Primary Account Number: ███ -8374
Page 3 of 3

Treasury Enterprise Plan Account Number ███ 8374 - continued

## Other Additions    *continued*

| Date posted | Transaction | Reference |
|---|---|---|
| 04/24 | | |

## Checks and Other Deductions

### Checks and Substitute Checks    * Gap in check sequence

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

### ACH Deductions



| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 04/11 | | | |
| | | | |
| 04/11 | | | 00023101909791377 |
| 04/12 | | | 00023102903377460 |
| 04/12 | | | 00023102903377054 |
| 04/17 | | -2244 | 00023107906630298 |
| 04/18 | | | 00023108900743578 |
| 04/18 | | | 00023108900743712 |
| 04/20 | | | 00023110909062531 |
| 04/20 | | | 00023110909062663 |
| 04/20 | | | 00023110909062459 |
| 04/20 | | | 00023110909062495 |
| 04/26 | | | 00023116904406442 |
| 04/26 | | | 00023116904406671 |
| 04/28 | 189.00 | ACH Web 022484283- llefile 5960135 | 00023118903297365 |
| 04/28 | .25 | ACH Web 022484283- llefile 5967879 | 00023118903297938 |

## Other Deductions

| Date posted | Transaction description | Reference number |
|---|---|---|
| 04/10 | Online Transfer To | |
| 04/28 | Corporate Account Analysis Charge | 0000000000000060375 |

Member FDIC          Equal Housing Lender



**FIFTH THIRD BANK**
(CHICAGO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

JORDAN & ZITO LLC
350 N LASALLE DR STE 1100
CHICAGO IL 60654



0

13302

Statement Period Date: 10/1/2023 – 10/31/2023
Account Type: 5/3 BUSINESS CKG
Account Number: ▮▮▮▮▮ 512

Banking Center: South Wacker Bc
Banking Center Phone: 312-876-8666
Business Banking Support: 877-534-2264



## Account Summary - ▮▮▮▮ 512

| 10/01 | Beginning Balance | | |

**Period: 09/01/23 – 09/30/23**

Standard Monthly Service Charge

**4 checks totaling $2,123.00**

\* Indicates gap in check sequence    i = Electronic Image    s = Substitute Check

| Number | Date Paid | Amount | Number | Date Paid | Amount | Number | Date Paid | Amount |
|--------|-----------|--------|--------|-----------|--------|--------|-----------|--------|

**Withdrawals / Debits**                       **23 items totaling $4,868.99**

MIDWAY AIRPORT PAR, CHICAGO, IL ON 101323 FROM CARD#:



**FIFTH THIRD BANK**

## Withdrawals / Debits - continued

| Date | Amount | Description |
|------|--------|-------------|
| | | |
| | | |
| | | |
| 10/27 | 14.00 | DEBIT CARD PURCHASE AT PARKINGMETER5 8772, CHICAGO, IL ON 102523 FROM CARD#: XXXXXXXXXXXX9883 |
| | | |

## Deposits / Credits

7 items totaling $9,173.60

| Date | Amount | Description |
|------|--------|-------------|
| | | |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| | | | | | |



YOU USE TREASURY MANAGEMENT SERVICES, PLEASE NOTE THAT WE HAVE UPDATED OUR TERMS & CONDITIONS.  GO TO 53.COM/TM-TC TO VIEW.



Statement Period Date: 9/1/2023 - 9/30/2023
Account Type: 5/3 BUSINESS CKG
Account Number: ████ 512

**FIFTH THIRD BANK**
(CHICAGO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

JORDAN & ZITO LLC
350 N LASALLE DR STE 1100
CHICAGO IL 60654

0

13298

Banking Center: South Wacker Bc
Banking Center Phone: 312-876-8666
Business Banking Support: 877-534-2264

## Account Summary - ████ 5512

| 09/01 | Beginning Balance | | | |
|-------|-------------------|---|---|---|

**Analysis Period: 08/01/23 – 08/31/23**

| | |
|---|---|
| Standard Monthly Service Charge | $0.00 |
| **Service Charge withdrawn on 09/13/23** | **$0.00** |

### Checks                                           10 checks totaling $950.00

* Indicates gap in check sequence    i = Electronic Image    s = Substitute Check

| Number | Date Paid | Amount | Number | Date Paid | Amount | Number | Date Paid | Amount |
|--------|-----------|--------|--------|-----------|--------|--------|-----------|--------|
| | | | | | | | | |

### Withdrawals / Debits                              26 items totaling $4,819.69

| Date | Amount | Description |
|------|--------|-------------|
| | | |





**FIFTH THIRD BANK**

## Withdrawals / Debits - continued

| Date | Amount | Description |
|------|--------|-------------|
| | | |
| | | |
| | | |
| | | |
| | | |
| 09/18 | 124.31 | DEBIT CARD PURCHASE AT STAPLS761506727900, 877-8267755, NY ON 091623 FROM CARD#: XXXXXXXXXXX9883 |
| 09/19 | 62.22 | DEBIT CARD PURCHASE AT USPS PO 1616140514, CLARENDON HIL, IL ON 091823 FROM CARD#: XXXXXXXXXXX9883 |
| | | |
| | | |
| | | |
| | | |

## Deposits / Credits

3 items totaling $4,468.70

| Date | Amount | Description |
|------|--------|-------------|
| | | |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| | | | | | |

IF YOU USE TREASURY MANAGEMENT SERVICES, PLEASE NOTE THAT WE HAVE UPDATED OUR TERMS & CONDITIONS.  GO TO 53.COM/TM-TC TO VIEW.

