IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re PLATFORM II LAWNDALE LLC, | ) ) ) ) ) ) ) | Chapter 11 Proceeding  Case No. 22-07668  Hon. Deborah L. Thorne |
| Debtor, | | |

**RESPONSE TO PLATFORM II LAWNDALE LLC'S
OBJECTION TO JORDAN & ZITO'S FEE APPLICATION**

Gregory J. Jordan, Mark R. Zito, and the law firm of Jordan & Zito LLC respond to the objection Platform II Lawndale LLC ("Platform") filed to Jordan & Zito LLC's second interim application for compensation (the "Application") as follows:

### PLATFORM RECEIVED JORDAN & ZITO'S INVOICES

Platform's primary objection concerns its claim that it did not receive Jordan & Zito's invoices. Platform ignores the fact that Jordan & Zito attached its invoices to both of its fee applications as exhibits. Moreover, Jordan & Zito provided Platform with both of its fee applications well before it presented them to the Court. As to the initial fee application, Platform did not object. While Platform has objected to the most recent application, its claim not to have received invoices is incorrect. On the contrary, both applications include the invoices as exhibits.

### PLATFORM SUBMITTED AN OBJECTION REGARDING
### ACCOUNTING THAT BEARS NO RELATIONSHIP TO THE APPLICATIONS

Platform raises an objection that Jordan & Zito has never been able to understand:

> The first invoice Jordan & Zito provide to the courts, Invoice 839 Dated 4/12/2023 for the period of 7/11/22 through 4/12/23. The invoice commences 5 days (2 of which were the weekend) after the execution of the Letter of Agreement. How can there be a balance of $48,388.48?
>
> Objection at p. 3.

Jordan & Zito's initial fee application starts on the petition date. The Court awarded Jordan & Zito $47,615.00 in compensation and $ 1,808.48 in expenses (CM/ECF 90) for a total of $49,423.48. Jordan & Zito is unaware of where Mr. Krone derived $48,388.48; however, his objection appears to be that Jordan & Zito charged $48,388.48 for the prepetition period, which is incorrect.

A review of the invoices attached to the fee application shows that Jordan & Zito LLC made an error by requesting $47,615.00 in compensation in its initial fee application when the invoices total an additional $975.00. Rather than overcharging Platform and the estate, Jordan & Zito understated the amount of its fees.

In its current fee application, Jordan & Zito's fees total $49.850 representing 99.70 hours of professional time. Mr. Krone suggests that the time records do not add to that amount. Jordan & Zito disputes that claim and points to the exhibits and invoices that reflect the time incurred. Gregory Jordan acknowledges that he advised Mr. Krone that his calculations are indecipherable. The emails and the objection recount various figures, but they do not relate to the time records. The objection refers to items on the invoices concerning running totals; however, those totals have no relationship to the total amount of the invoices.

Mr. Krone questions why the invoices attached to the application do not reflect the retainer. Since the Court did not authorize Jordan & Zito to offset its fees and expenses at the time it drafted the fee application, Jordan & Zito did not refer to the retainer in its invoices.

### JORDAN & ZITO DID NOT CHARGE PLATFORM FOR ADMINISTRATIVE TIME

Mr. Krone claims that Jordan & Zito charged Platform for administrative time, which is incorrect. The application includes time spent communicating with the Office of the United States Trustee and creditors and preparing operating reports. The administrative time referenced in the

engagement letter concerns any charges for maintaining files or managing records, which are matters for which Jordan & Zito did not and does not seek compensation.

### THE OBJECTION ARISES FROM A DIFFICULT RELATIONSHIP BETWEEN COUNSEL AND THE DEBTOR

Scott Krone and Gregory Jordan can fairly be said to have had a difficult relationship. The genesis of the issue arises from Mr. Krone's position as a guarantor of GreenLake's debt and Mr. Jordan's statements to Mr. Krone that Jordan & Zito does not represent him or his personal interests. Because Mr. Krone remains liable under the plan of reorganization, various issues have arisen.

Recent evidence of the problems is shown in emails Messrs. Krone and Jordan sent on January 5, 2024 and January 8, 2024. The unredacted communications are attached as Exhibits A and B. For his own reasons, Mr. Krone included Joseph Ransdell, the debtor's loan broker, in the communications so the emails are neither confidential nor attorney-client communications.

The emails belie the basis for the objection to Jordan & Zito's fee application. While issues have arisen throughout the case, the two most recent issues between counsel and Mr. Krone concern (a) Mr. Krone's representation to the Court and Jordan & Zito that the debtor had exit financing to fund its plan and (b) Mr. Krone's decision to receive investor funds before the loan closing occurred.

### MR. KRONE BLAMED JORDAN & ZITO FOR HIS INABILITY TO CLOSE ON EXIT FINANCING

The January 5, 2024 email includes a portion that Mr. Krone redacted regarding the invoice for time spent on the plan and disclosure statement:

> 4. INVOICE 1083 THE BULK OF IT RELATES TO GREENLAKE RENEGOTIATION BECAUSE YOU ADVISED THEM "WE HAD MORE THAN ENOUGH MONEY TO CLOSE"  WE DO NOT ACCEPT FEES RELATED TO THE RENEGOTIATIONS

The email Mr. Krone attached to Platform's objection redacts most of his comments.

Jordan & Zito communicated to GreenLake, the secured creditor, information Mr. Krone provided regarding Platform having investor funds and financing from Red Oak. When the facts unfolded such that Red Oak was not ready to close, Mr. Krone blamed Jordan & Zito.

The idea that Red Oak stood ready to fund its loan is not a new concept. When Platform confirmed its plan of reorganization, Mr. Krone provided the same information to the Court and Platform's creditors that it told Gregory Jordan. Mr. Krone led all parties to believe that, while Red Oak's loan documentation was not ready on the date of the confirmation hearing, the exit financing was in the offing. When facts led all parties to understand otherwise, Mr. Krone blamed Jordan & Zito.

### MR. KRONE BLAMED JORDAN & ZITO BECAUSE PLAFORM HOLDS APPROXIMATELY $250,000 IN INVESTOR FUNDS IN ITS DEBTOR IN POSSESSION ACCOUNTS

Concerning investor funds, as of November 30, 2023, Platform maintained $271,825.09 in its debtor in possession accounts, which involves primarily investor funds. Mr. Krone has not provided the December 2023 and January 2024 bank statements to Jordan & Zito, so the exact amount of investor monies may have risen.

Because Mr. Krone placed the monies in Platform's bank accounts, the monies are subject to claims in the bankruptcy case. Jordan & Zito was not involved in raising investor funds or directing Mr. Krone about what to do with them.

Now that the exit financing may not occur, Mr. Krone has accused counsel of advising him to deposit the funds in Platform's bank account. Although Jordan & Zito was unaware of the receipts and provided no such advice, it agrees Platform had an obligation to deposit any funds in its possession into its debtor in possession accounts.

Wherefore, for the preceding reasons, Jordan & Zito LLC requests that the Court enter an order approving its Second Interim Application for Compensation and Reimbursement of Costs

and Expenses in the amount of $49,850.00 for 99.70 hours of reasonable and necessary legal services that JZ has rendered for the period between April 13, 2023 and December 18, 2023, the reimbursement of the actual and necessary expenses that Jordan & Zito LLC has incurred of $389.78; direct Platform II Lawndale LLC to pay all fees and expenses awarded from funds held in its debtor in possession account for fees awarded concerning both applications for compensation, and grant other just relief.

**JORDAN & ZITO LLC**

By:   /s/ Gregory J. Jordan
       One of Its Managers

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Jordan & Zito LLC
350 North LaSalle St., Suite 1100
Chicago IL 60603
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com