UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

Hearing Date: 2/14/24 at 10:30 a.m.

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on February 14, 2024 at 10:30 a.m., the undersigned shall appear before the Honorable Deborah L. Thorne, or whomever may be sitting in her place and stead, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and will then present the *GreenLake's Motion for Rule to Show Cause*, a copy of which is attached hereto and herewith served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 6, 2024  **GREENLAKE REAL ESTATE FUND LLC**

By: /s/ Adam C. Toosley
One of Its Attorneys

Adam C. Toosley
Smith, Gambrell & Russell LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Facsimile: (312) 360-6520
atoosley@sgrlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

Hearing Date: 2/14/24 at 10:30 a.m.

## CERTIFICATE OF SERVICE

I, Adam C. Toosley, an attorney, hereby certify that on February 6, 2024, I caused a true and correct copy of the foregoing *Notice of Motion* and *GreenLake's Motion for Rule to Show Cause*, to be filed with the Court and served upon the following parties by the manner listed.

/s/ Adam C. Toosley

Smith, Gambrell & Russell LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Facsimile: (312) 360-6520
atoosley@sgrlaw.com

COUNSEL FOR GREENLAKE REAL ESTATE FUND

**SERVICE LIST**
**Electronic Service List**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Gregory J. Jordan
Mark Zito
Jordan & Zito LLC
350 North LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181 (Telephone)
gjordan@jz-llc.com
mzito@jz-llc.com

Dan Wen
Horwood Marcus & Berk Chartered
dwen@hmblaw.com

Konstantine T. Sparagis
Law Offices of Konstantine Sparagis P C
gsparagi@yahoo.com

Document      Page 4 of 10

Konstantine T. Sparagis
Law Offices of Konstantine Sparagis P C
gsparagi@yahoo.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

## MOTION FOR RULE TO SHOW CAUSE

GreenLake Real Estate Fund LLC ("*GreenLake*"), by and through its undersigned counsel, hereby moves (the "*Motion*") this Court for entry of an order seeking a rule to show cause against Platform II Lawndale LLC (the "*Debtor*"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9020 as well as Local Bankruptcy Rule 9020-1.

### BACKGROUND

3. On July 11, 2022, on the eve of a state-court ordered foreclosure sale (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. GreenLake is a secured creditor holding a valid, first-priority, perfected security interest in certain commercial property owned by the Debtor, commonly known as 1750 North

Lawndale Avenue, Chicago, Illinois 60647 (the "*Property*"), as well as, *inter alia*, certain leases, rents, income, proceeds, issues and profits related to the Property (hereinafter referred to as "*Cash Collateral*"). See Verification of Adam C. Toosley attached hereto as Exhibit 1, ¶3.

6. Prior to the Petition Date, GreenLake filed a state court foreclosure action (the "*Foreclosure Action*") against, *inter alia*, the Debtor in the Circuit Court of Cook County Illinois, Chancery Division, Case No. 2020 CH 02969. (Toosley Verification, ¶4).

7. On or about September 18, 2020, the Circuit Court of Cook County appointed Howard Samuels as the receiver (the "*Receiver*") over the Property. (Toosley Verification, ¶5). The appointment of the Receiver fully perfected GreenLake's assignment of the rents from the Property under Illinois law. See, e.g., *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1033 (1996); *BMO Harris Bank N.A. v. Joe Contarino, Inc.*, 2017 IL App (2d) 160371, ¶ 44.

8. On July 21, 2022, the Debtor filed a Motion seeking authority to use GreenLake's cash collateral (ECF No. 11) and offering adequate protection to GreenLake consisting of payments equal to the amount of interest due on the principal balance of the loan. GreenLake objected to the use of cash collateral (ECF No. 18), but the Court granted, in part, the use of cash collateral by order entered on July 28, 2022 (ECF No. 21). (Toosley Verification, ¶6).

9. Subsequently, between July of 2022 and January of 2023, the Debtor obtained interim cash collateral orders based on budgets which were to provide adequate protection payments to GreenLake. (Toosley Verification, ¶7). However, starting in the February 2023, the Debtor failed to make adequate protection payments (of any amount) to GreenLake. (Toosley Verification, ¶8).

10. The cash collateral orders entered by the Court for February through April of 2023 all were based on budgets that required adequate protection payments be made to GreenLake (the "*Violated Cash Collateral Orders*") [ECF 58, 68 and 78]. (Toosley Verification, ¶9).

11. On October 26, 2023, a Chapter 11 Plan was approved by the Court, but the effective date was subject to a separate closing occurring between the Debtor and a third-party lender. (Toosley Verification, ¶10). It was originally represented that the closing would occur by mid-November 2023. (Toosley Verification, ¶11).

12. The Debtor filed its operating report for the month ending October 31, 2023 on December 13, 2023 [ECF 163]. A copy of the operating report and bank statements for the two Debtor-in-Possession accounts is attached hereto as Group Exhibit "2" (Toosley Verification, ¶12).

13. The October 2023 Operating Report shows that on October 31, 2023, the Debtor made a wire transfer out of one of the Debtor-in-Possession accounts in the amount of $44,000 to an account that has not been disclosed or identified as a Debtor-in-Possession account (Exh. 2) (Toosley Verification, ¶13).

14. As said above, the amounts in the Debtor-in-Possession accounts are GreenLake's cash collateral and GreenLake did not authorize this transfer and it was not part of any approved budget. (Toosley Verification, ¶14).

15. This "irregularity" has prompted the filing of this motion and it appears that, at least on this occasion, a material amount of Cash Collateral was transferred for expenses having nothing to do with the operation of the Property and into a third-party's account. (Toosley Verification, ¶15).

16. On January 23, 2024, the Court ordered that the Debtor file the November 2023 and December 2023 monthly operating reports by January 23 itemized accounting of all funds received by February 1, 2024 [ECF 193]. A copy of the January 23, 2024 Order is also attached hereto as Exhibit "3" (Toosley Verification, ¶16).

17. The November and December operating reports and the itemized accountings were not filed by the Debtor. (Toosley Verification, ¶17).

18. The November and December operating reports and the itemized accountings are both critical as the Court set a hearing on February 14, 2024 at 1:00 p.m. to determine where the Debtor's funds should go and to decide petitions filed by two separate counsels hired by the Debtor. (Toosley Verification, ¶18).

## **RELIEF REQUESTED**

19. It is well settled that this Court has the power to enforce its own orders and the provisions of the Bankruptcy Code through the use of civil contempt. See, e.g., *In re Andreas*, 373 B.R. 864, 873-74 (Bankr. N.D. Ill. 2007) ("Bankruptcy courts can impose sanctions and make findings of civil contempt. . . . Courts have inherent and statutory powers to punish a party that fails to comply with the terms of their orders, and to coerce compliance with such orders.") (internal citations and quotations omitted). To be held in contempt, a court must find, by clear and convincing evidence, that a party knowingly violated the express and unequivocal command of a court order. *Id.* at 874.

38. Notice of this Motion has been provided to (i) the Debtor's counsel; (ii) the Office of the United States Trustee; and (iii) all parties who have requested service of pleadings in the Debtor's chapter 11 case.

**WHEREFORE**, GreenLake respectfully requests that this Court enter an order (i) requiring the Debtor to appear and show cause why it should not be held in contempt of court for violation of Cash Collateral and other orders of the court; (ii) requiring the $44,000 and any other funds improperly taken be immediately returned; (iii) granting of fees to GreenLake but not out of its Cash Collateral; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2024　　　　　　　　**GREENLAKE REAL ESTATE FUND LLC**

By: /s/ Adam C. Toosley
　　　One of Its Attorneys

Adam C. Toosley
Smith, Gambrell & Russell LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Facsimile: (312) 360-6520
atoosley@sgrlaw.com

SGR/6362231.1

# **CERTIFICATE OF SERVICE**

      I, Adam C. Toosley, certify that I served a copy of this Motion for a Rule to Show Cause, on each entity shown on the attached list at the address shown and by the method indicated on the list on February 6, 2024, on or before 5:00 p.m.

                              /s/ Adam C. Toosley

Smith, Gambrell & Russell LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois  60606
Phone:  (312) 360-6000
Facsimile: (312) 360-6520
atoosley@sgrlaw.com

COUNSEL FOR GREENLAKE REAL ESTATE FUND

## **SERVICE LIST**
**Electronic Service List**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Gregory J. Jordan
Mark Zito
Jordan & Zito LLC
350 North LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181 (Telephone)
gjordan@jz-llc.com
mzito@jz-llc.com

Dan Wen
Horwood Marcus & Berk Chartered
dwen@hmblaw.com

Konstantine T. Sparagis
Law Offices of Konstantine Sparagis P C
gsparagi@yahoo.com