# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-07668 |
| | ) | |
| PLATFORM II LAWNDALE LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

**VERIFICATION OF ADAM C. TOOSLEY IN SUPPORT OF MOTION
FOR RULE TO SHOW CAUSE**

I, Adam C. Toosley, under penalties of perjury pursuant to 28 U.S. Code § 1746 state as follows:

1. I am a licensed attorney in the State of Illinois, and counsel of record for secured creditor, GreenLake Real Estate Fund LLC ("*GreenLake*"), in the above-captioned case.

2. I know the contents identified herein, and state that the same are true, except as to matters stated therein upon information and belief as to those matters I state that I believe them to be true.

3. GreenLake is a secured creditor holding a valid, first-priority, perfected security interest in certain commercial property owned by the Debtor, commonly known as 1750 North Lawndale Avenue, Chicago, Illinois 60647 (the "*Property*"), as well as, *inter alia*, certain leases, rents, income, proceeds, issues and profits related to the Property (hereinafter referred to as "*Cash Collateral*").

4. Prior to the Petition Date, GreenLake filed a state court foreclosure action (the "*Foreclosure Action*") against, *inter alia*, the Debtor in the Circuit Court of Cook County Illinois, Chancery Division, Case No. 2020 CH 02969.

SGR/6362231.1

5. On or about September 18, 2020, the Circuit Court of Cook County appointed Howard Samuels as the receiver (the "*Receiver*") over the Property.

6. On July 21, 2022, the Debtor filed a Motion seeking authority to use GreenLake's cash collateral (ECF No. 11) and offering adequate protection to GreenLake consisting of payments equal to the amount of interest due on the principal balance of the loan. GreenLake objected to the use of cash collateral (ECF No. 18), but the Court granted, in part, the use of cash collateral by order entered on July 28, 2022 (ECF No. 21).

7. Subsequently, between July of 2022 and January of 2023, the Debtor obtained interim cash collateral orders based on budgets which were to provide adequate protection payments to GreenLake.

8. However, starting in February 2023, the Debtor failed to make adequate protection payments (of any amount) to GreenLake.

9. The cash collateral orders entered by the Court for February through April of 2023 all were based on budgets that required adequate protection payments be made to GreenLake (the "Violated Cash Collateral Orders") [ECF 58, 68 and 78].

10. On October 26, 2023, a Chapter 11 Plan was approved by the Court, but the effective date was subject to a separate closing occurring between the Debtor and a third-party lender.

11. It was originally represented that the closing would occur by mid-November 2023.

12. The Debtor filed its operating report for the month ending October 31, 2023 on December 13, 2023 [ECF 163].

13. The October 2023 Operating Report shows that on October 31, 2023, the Debtor made a wire transfer out of one of the Debtor-in-Possession accounts in the amount of $44,000 to an account that has not been disclosed or identified as a Debtor-in-Possession account.

14. As said above, the amounts in the Debtor-in-Possession accounts are GreenLake's cash collateral and GreenLake did not authorize this transfer and it was not part of any approved budget.

15. This "irregularity" has prompted the filing of this motion and it appears that, at least on this occasion, a material amount of Cash Collateral was transferred for expenses having nothing to do with the operation of the Property and into a third-party's account.

16. On January 23, 2024, the Court ordered that the Debtor file the November 2023 and December 2023 monthly operating reports by January 23 itemized accounting of all funds received by February 1, 2024 [ECF 193].

17. The November and December operating reports and the itemized accountings were not filed by the Debtor.

18. The November and December operating reports and the itemized accountings are both critical as the Court set a hearing on February 14, 2024 at 1:00 p.m. to determine where the Debtor's funds should go and to decide petitions filed by two separate counsels hired by the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2024.

_____