**UNITED STATES BANKRUPTCY COUR**

**NORTHERN DISTRICT OF ILLINOIS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**   **03/04/2024**
**EASTERN DIVISION**

**JEFFREY P. ALLSTEADT, CLERK**

| | | |
|---|---|---|
| In re:  PLATFORM II LAWNDALE, LLC, | ) | Chapter 11 Proceeding |
| | ) | |
| | ) | Case No. 22-07668 |
| | ) | |
| Debtor. | ) | Honorable Deborah Thorne |


**RESPONSE TO MOTION AND HEARING ON PROFESSIONALS' SECOND INTERIM**
**APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

**BACKGROUND**

1.  On July 7, Platform II Lawndale executed Letter of Agreement ("Agreement") dated July 6 (Attached as Exhibit) prepared by Greg Jordan of Jordan & Zito ("JZ") for representation in filing a Chapter 11 Bankruptcy filed evidentially filed as Case No. 22-07668.

2.  The Agreement specifically states, "You have agreed to provide a retainer to allow our firm *to commence representation* [emphasis added] in the sum of Thirty Thousand Dollars ($30,000.00) (the "Initial Retainer")". The Agreement also states, "An advance payment retainer consists of a present payment to the lawyer in exchange for the commitment to provide legal *services in the future*", and "you shall have a right to a refund of any part of a fee that is unearned when JZ's representation ends." The Agreement states "Gregory Jordan, the primary attorney working on your behalf, will [underline added for emphasis] bill is time at $500.00 per hour." Furthermore, the Agreement states, "Our firm will [emphasis], from time to time, file with the Court an itemized statement of attorneys' fees and expenses incurred by our firm in representing you. You should review our invoices when you receive them so that JZ can answer any questions you may have in a timely fashion."

3.   Included in the Agreement are the Terms of Representation ("Terms").  As part of the Terms under Billing and Hourly Rates, the Terms state, "However, JZ does not charge for attorney administrative time".

4.   JZ filed two Applications for Fees.   The first was filed on 4.11.23 at 13:44:15 for $47,615.00 of which fees and $1,808.48 as expenses (*This invoice will be later duplicated by JZ on 3.1.24*).  The $47,615.00 represented **96.80** hours and represented there were "$24,850.00 currently held in trust by JZ pending further order or this Court".  The second Application was filed on 12.18.23 at 17:10:18 for $47,615.00 representing **96.80** hours in fees and $389.78 in expenses.  Both applications are for exactly the same amount of time despite the being submitted eight months apart.  As Platform II Lawndale previously noted to the Court in its Objection to the fees, JZ provided Platform II Lawndale their invoices *after* JZ filed its application with the Court violating the terms of JZ's Letter of Agreement.  JZ never provide Platform II Lawndale the opportunity to "review our invoices when you receive them so that JZ can answer any questions you may have in a timely fashion."  In fact, *JZ has never answered any of Platform II Lawndale's questions related to billing*.

5.   On January 11, 2024, Platform II Lawndale filed its objection to JZ's applications with the Courts.  In its objection, Platform II Lawndale notes that JZ's invoicing begin with a previous balance of **$23,030.00**, and no accounting for the Initial Retainer, or explanation for the previous balance.  In JZ's Response to Platform II Lawndale's Objection to Jordan & Zito's Fee Application filed prior to the January 18th hearing, JZ argues it does not know where "Mr. Krone derived $48,388.48", and further claims that JZ "understated the amount of its fees." JZ goes on to claim "JZ did not refer to the retainer in its invoices."  Clearly, JZ is attempting to hide its intentions.  To answer Mr. Jordan's question, Invoice 839 [the first invoice in JZ's first

Application] states a "Previous Balance of $48,388.48." – It is unclear to Platform II Lawndale why Mr. Jordan is not familiar with his own invoices, or why he thinks Mr. Krone "derived" the amounts – they are clearly shown on their invoices. In addition, Greg Jordan claims "Mr. Krone that his calculations are indecipherable", yet never requested clarification from Krone or answered Krone's questions in a "timely manner". Instead on answering questions, Greg Jordan attacks Krone's character via JZ's response. JZ defines their interpretation of Administrative Time as "charges for maintain files or managing records, which are matters which Jordan & Zito did not and does not seek compensation." JZ further claims the basis for Platform II Lawndale's objection arose due to a "difficult relationship between Counsel and the Debtor" as well as "Mr. Krone's inability to close on Exit Financing". *These responses are not answers or responses to Platform II Lawndale's questions, they are attempts to deflect the truth.*

6.     In Court on February 14, 2024, JZ failed to explain how the $31,738 Initial Retainer was applied to the accounting, or an explanation for the Previous Balance of $23,030.00 as represented by JZ. JZ testified in Court, that JZ had a "pre-petition invoice for approximately $5,000.00", which was never produced to Platform II Lawndale prior to the hearing. Despite numerous requests by Platform II Lawndale, JZ failed to provide all of its invoices (as previously represented in Platform's original objection). The Court ordered both JZ and Platform II Lawndale to work together to resolved their billing disputes, and ordered a follow up hearing for March 6, 2024.

7.     In responses to the Court's order, on February 15, 2024, Platform II Lawndale sent JZ a follow up email seeking clarification for how JZ applied the Initial Retainer, Previous Balance, Discrepancies in Invoice Hours verse Hours Represented for Work Product, Inaccurate Billing, Administrative Time, and the Invoice for additional work due to comments made by Greg

Jordan to GreenLake (which GreenLake then used to further negotiate the Plan), see attached Exhibit.  As a part to the email, Platform II Lawndale provided specific dates, times, and explanations for the disputed entries.  <u>At no point in time has JZ made any effort to address any of the questions raised by Platform II Lawndale, as well as, ordered by the Court.</u>

8.     On March 1, 2024, Greg Jordan sent an email with 2 invoices representing the "pre-petition invoices".  The two invoices are <u>1082 dated <em>December 18, 2023</em> (<strong>dated 17 months after work was performed</strong></u>) for $5,150.00 with a Previous Balance of $75,556.30 and Balance Due of $80,706.30 for the Billing Period 7.1.22 - 12.18.23, and Invoice 838 dated April 12, 2023 for $1,808.48 for the Billing Period 7.11.22 - 4.12.2023 with a Previous Balance of $78,897.82 and Balance Due $80,706.30.  What is curious is Invoice 838. It is a duplicate from the First Fee Application submitted to the Courts with the exception of the Previous Balance and Amount Due. JZ clearly is attempting to defraud Platform II Lawndale, GreenLake, the Creditors as well as the Courts.  On February 14, Greg Jordan texted Scott Krone that "I owe an obligation to the debtor, GreenLake, the unsecured creditors, and the Courtvv [sic]" regarding the fees and accounting. Platform II Lawndale advised JZ of the attempt to submit a duplicate invoice, and Greg Jordan responded, "Scott, We are having an academic discussion, although I apologize for sending an invoice included in the first application." Academic discussion?  When is proper invoicing a matter of academic discussions?  This statement is clearly false as the modifications to the invoice pointedly demonstrate JZ was further attempting to inflated its fees by altering the details of the invoice to hide the accounting errors caught by Platform II Lawndale.   In addition, Invoice 1082 dated **12.18.23** has now suddenly presented itself almost a month after Mr. Jordan claimed it existed, and 4 months after it was supposedly created.  It includes 3 entries prior to the Letter of Agreement for a total of $1,650.00 which violate the Letter of Agreement drafted by JZ for

invoicing for work ***before the contract commenced and applying the Initial Retainer towards the alleged fees***. On July 7, 2022, JZ claims it spent 3.00 hours with Krone having "multiple conversations" yet Mr. Krone was attending various meetings for most of the day.  On July 8, 2022, Greg Jordan represents he spent 4 hours for "Prepare schedules and cash collateral motion." However, the first invoice JZ submitted to the Courts Invoice 839 dated 4.12.23 for July 11, 2022 states "Discuss with Mr. Scott Krone _to obtain information_ for the debtor's schedules." (emphasis added).  How is it that Mr. Jordan spent 4 hours preparing schedules and cash collateral motion 3 days prior to having a discussion as _to obtain the information_.  Clearly, further attempts by Greg Jordan to inflate JZ's fees in order to deceive all parties in this case as well as the Courts.  The mere fact that both petitions are for exactly the same amount of time **96.80** hours demonstrates Greg Jordan utilized "Plan and Prepare" line items as a means to inflate JZ's fees to net the exact same 96.80 hours. This is consistent with his previous argument, "The time is what it is, you owe what you owe."  No explanation of work performed for legal services as required by the Letter of Agreement, simply a nonsensical response by Greg Jordan to justify his position.

9.     On February 15, 2024, Platform II Lawndale provide JZ with the analysis that showed the lack of representation of the Initial Retainer represents a 32.58% error in JZ's billing. Making false representations of a Previous Balance is a 23.64% error in JZ's billing.  These two "accounting errors" alone represent overbilling by 56.21%. None of JZ's responses to the Objection have anything to do with "miscalculations", "administrative time", "difficult relations", or "inability to close".  These are simply false representations and attempts to defraud all parties involved in this case – consistent with the "new" invoices provided by JZ on 3.1.24. Platform II Lawndale requested JZ to provide mathematical corrections to 11 billing entries for a total of 17 hours.  In those 11 entries the written description of time which do not equate to the

amount of time billed by JZ – another clear attempt to disguise their attempts to inflate their billing.  Platform II Lawndale requested JZ to address 8 entries representing a total of 15.5 hours. For instance, on July 11, 2022, Scott Krone was attending a silent retreat, yet Greg Jordan bills 1.8 hours of work related to conversations with Scott Krone during that retreat.   Krone advised Greg Jordan upon signing the Letter of Agreement that he would be unavailable July 10 – 12th. Platform II Lawndale also sought clarification on 29 entries totaling 28.3 hours for Administrative Time, including as an example, $3,000 on 8.4.22 for bookkeeping purposes.

10.    However, the National Law Review defines Administrative Time as "Conversely, non-billable time is the time spent on tasks that may be vital to the function of the law firm, but don't pertain to specific cases. This is time that lawyers can't charge clients for and may include legal marketing, education and seminars, timekeeping, and phone calls."  However, JZ invoices Platform II Lawndale for a total of 28.3 hours not related to the case work product.

11.    The issues related to improper billing account for 24.47% of JZ's billing.  Thus, the total of JZ's invoicing is overstated by over 75% due to three types of errors.  Nevertheless, JZ has made zero effort to address these issues with Platform II Lawndale, or the issues related to the Initial Retainer or Previous Balance as ordered by the Court.   As of 3.3.24, JZ refuses to provide any documentation or proof as to how the Initial Retainer was applied.  (See Exhibit)

WHEREFORE, Platform II Lawndale, LLC prays for an order 1) denying the Fee Application and preventing Jordan & Zito for attempting to collect the fraudulent fees via the Receiver in the Cook County Courts, as well as holding Greg Jordan and Jordan & Zito in contempt of Court for submitting false invoices and motions to the Courts for fees which it has clearly not performed.

**Respectfully submitted,**

Platform II Lawndale, LLC

Scott Krone - Manager

Platform II Lawndale

600 Waukegan Avenue
Suite 129
Northbrook, IL  60062
Telephone: 847.272.7775
Email:  skrone@codamg.com

By: /s/ Scott Krone_____   Its Manager

M **Gmail**

ee Application

Gregory Jordan <gjordan@jz-llc.com>                                                    Sun, Mar 3, 2024 at 3:31 PI
o: Scott Krone <skrone@codamg.com>

It is not.

Gregory J. Jordan

Licensed in Illinois and Indiana

Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended
or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to
promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is
privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do
not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my
information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary
to this message.

Jordan & Zito LLC

---

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Sunday, March 3, 2024 3:30 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Subject:** Re: Fee Application

Because it is a term of the contract you drafted

On Sun, Mar 3, 2024, 2:51 PM Gregory Jordan <gjordan@jz-llc.com> wrote:
> Why?
>
> Admitted in Illinois and Indiana
>
> Gregory J. Jordan
> Jordan & Zito LLC
> 350 North LaSalle Drive, Suite 1100
> Chicago Illinois 60654
> (312) 854-7181 (Office)
> (312) 543-7354 (Cellular)
>
> **From:** Scott Krone <skrone@codamg.com>
> **Sent:** Saturday, March 2, 2024 9:33:35 AM
> **To:** Gregory Jordan <gjordan@jz-llc.com>
> **Subject:** Re: Fee Application
>
> Please produce the bank statements as to how our retainer was applied.

Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com
www.codamg.com
FaceBook Coda Management Group

Development | Sustainability | Management | Author

Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.

On Fri, Mar 1, 2024 at 3:30 PM Gregory Jordan <gjordan@jz-llc.com> wrote:

Scott,

We are having an academic discussion, although I apologize for sending an invoice included in the first application. Platform received a court order requiring it to turnover the money in its account to the receiver. Due to that order, Platform has no ability to pay my firm's fee application or the time I spent after I filed it. No matter how you slice it, the amount of time spent assisting the debtor will never be paid. Jordan & Zito will not receive payment because you failed to obtain financing.

According to Ryan Hayes' email sent today, you need to comply with the turnover order. I strongly encourage you to deliver the amounts in the account to avoid your being held in Contempt of Court.

Admitted in Illinois and Indiana

Gregory J. Jordan
Jordan & Zito LLC
350 North LaSalle Drive, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)

**From:** Scott Krone <skrone@codamg.com>
**Sent:** Friday, March 1, 2024 3:10:31 PM
**To:** Gregory Jordan <gjordan@jz-llc.com>
**Subject:** Re: Fee Application

Greg,

1. If you are now representing Invoice 838 is new, it is a double entry and a false statement of fact. Invoice 838 was already included in the first petition.
2. The language for the Letter of Agreement is very clear. The execution of the Letter of Agreement specifically states, representation "commences" upon the signing and payment of a retainer. In addition, it also states how Jordan and Zito will then bill for services moving forward. There is no basis for fees prior to the execution of the agreement: 7.1.22 $200, 7.5.22 $700, and 7.6.22 $750.00. On 7.7.22, the day the Letter of Agreement was signed, I had meetings and attended a conference. I do not have records of 3 hours of meetings with you.
3. Please provide the work product and time breakdown for the work on 7.8.22. On 7.8.22 you are now attempting to charge 4 hours of work for "prepare schedules and cash collateral motion", yet on 7.11.22, you have charge .4 hours to discuss with "Mr. Scott Krone to obtain information for the debtor's schedules." It is unclear how you can charge 4.0 hours to prepare schedules 3 days before our conversation as to what you need to prepare the schedules.

Jordan and Zito continue to fail to address the questions and comments we have previously provided. Please include these 3 questions along with the ones previously sent.

Invoice 1082 is NOT accepted and rejected. Invoice 838 is rejected as a duplicate entry.

Coda Management Group
600 Waukegan Road
Suite 129
Northbrook, IL. 60062

847.272.7775 ex 1
skrone@codamg.com
www.codamg.com
FaceBook Coda Management Group


Development | Sustainability | Management | Author


Confidentiality Notice:
This email and its attachments (if any) may contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender and permanently delete any copies of this email (digital or paper) in your possession.


On Fri, Mar 1, 2024 at 12:41 PM Gregory Jordan <gjordan@jz-llc.com> wrote:
I have attached the pre-petition entries. Please call me.

Gregory J. Jordan
Licensed in Illinois and Indiana
Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. Please do not forward or use this information if you have received this in error. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

# JORDAN & ZITO LLC
## ATTORNEYS & COUNSELORS AT LAW

**350 North LaSalle Street**
**Suite 1100**
**Chicago, Illinois 60654**

**312.854.7181**

Direct E-mail:
gjordan@jz-llc.com

July 6, 2022

Via Electronic Mail: skrone@codamg.com

Scott Krone
Manager
Platform II Lawndale LLC
600 Waukegan Road, Suite 129
Northbrook, IL. 60062

Dear Scott:

**Re:     Representation of Platform II Lawndale LLC in Chapter 11 Bankruptcy Case**

This letter confirms that Platform II Lawndale LLC ("you" and "your") has requested that Jordan & Zito LLC ("JZ" and "our firm") render certain legal services to you concerning the prosecution of a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois. The representation will include prosecuting and defending various motions, appearing before the Court, as required, assisting you in obtaining financing, prosecuting and defending one or more adversary proceedings, preparing and prosecuting a plan of reorganization, and, if necessary, working with you regarding the sale of assets, and generally serving as counsel in the bankruptcy case.

Our firm's obligation, as your counsel, is to represent the bankruptcy estate, including your creditors. Accordingly, our firm cannot and does not represent the individual interest of your members, managers, representatives, or agents ("Management"). If a conflict between Management's interests and the interests of your bankruptcy estate arises, your bankruptcy estate's interests will take precedence.

By written direction, you may, with our firm's agreement, expand or contract the engagement to best serve your interests.

JZ's professionals bill for services on an hourly basis and generally record time in six-minute increments. The hourly rates for the attorneys working on your matter vary depending on several factors, including the attorney's experience, expertise, and subject area. Gregory Jordan, the primary attorney working on your behalf, will bill his time at $500 per hour. Mark Zito, who will assist in the representation, will bill his time at $425 per hour.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 2

Our firm will bill all travel time at the regular hourly rate. In addition, our firm will charge a minimum of one hour for all court appearances. You agree to pay expenses incurred in connection with the handling of this matter, including, but not limited to, the following items: filing fees, service, and witness fees; investigative and expert witness fees; court reporter expenses; travel expenses; and actual computer research charges (such as Westlaw related charges; etc.). These charges shall be promptly paid upon being billed to you. When possible, billings from third parties, such as court reporters and expert witnesses, will be sent to you for payment directly to the billing party, rather than having us advance costs on your behalf.

You have agreed to provide a retainer to allow our firm to commence representation in the sum of Thirty Thousand Dollars ($30,000.00) (the "Initial Retainer"). An advance payment retainer consists of a present payment to the lawyer in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to the lawyer immediately upon payment, and our firm will not hold the funds in a client trust account. However, you shall have a right to a refund of any part of a fee that is unearned when JZ's representation ends.

You should be aware that other kinds of retainer arrangements exist, including security retainers. Under a security retainer agreement, the lawyer's funds are not present payment for future services; instead, the retainer remains the client's property until the lawyer applies it to charges for services rendered. The purpose of a security retainer is to secure payment of fees for future services that you expect the lawyer to perform. As with advance payment retainers, counsel must refund any unearned funds provided under a security retainer.

You should also be aware that the decision about the type of retainer, that is, an advance payment retainer or a security retainer, is yours alone. In your matter, an advance retainer arrangement is advantageous to you. If a court enters a judgment against you and one of your creditors seeks to collect its judgment, a party may require that JZ deliver monies held as a retainer to satisfy that debt. If that were to occur, you would need to find an alternative means to pay legal fees, which may not be available. Paying a security retainer means the funds remain your property and may, therefore, be subject to the claims of your creditors. This situation may make it difficult for you to hire legal counsel. On the other hand, with an advance payment retainer – the kind of arrangement our firm requires here – the retainer payment would belong to JZ as of the date it is made and would, therefore, typically not be subject to a creditor's collection. As a result, JZ is unwilling to represent you without receiving an advance payment retainer to avoid controversies with the above creditors concerning the title to the retainer and reduce the burden and expense of defending the law firm's right to receive payment for services out of the retainer balance.

By signing this engagement letter, you understand that JZ may file a motion with the bankruptcy court requesting that you provide an additional sum to allow our firm to represent your interests. If JZ's fees approach the retainer amount, our firm may request that the bankruptcy court authorize you to deliver an additional retainer. If the bankruptcy court approves the request, JZ will deposit any additional retainer into our firm's client funds bank account at PNC Bank.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 3

Our firm will, from time to time, file with the Court an itemized statement of attorneys' fees and expenses incurred by our firm in representing you. You should review our invoices when you receive them so that JZ can answer any questions you may have in a timely fashion. Contemporaneously with filing our firm's fee application, JZ will serve an itemized statement by electronic filing or mail upon all creditors and parties in interest entitled to notice of the same. The bankruptcy court's approval will authorize our firm to receive payment from you of one hundred percent (100%) of the approved attorneys' fees and expenses.

As a part of our firm's representation, there will be complete disclosure of all matters relating to the above-referenced matter that we may receive, including information our firm receives from other parties.

JZ looks forward to representing you in this matter. When you request that JZ change or expand the scope of the engagement, JZ will open a new file or files and issue a new engagement letter for any such assignment or assignments.

At all times, you will have the right, with or without cause, to terminate our firm's services upon written notice to that effect. Subject to the fulfillment of our firm's obligations to maintain proper standards of professional conduct, JZ may terminate its services at any time, with or without cause, and JZ will withdraw if (i) you fail to cooperate with JZ in any reasonable request; (ii) continuing to act on your behalf would be unethical; or (iii) you fail to pay an account statement when rendered.

JZ hopes this letter and the attached Terms of Representation adequately explain the scope of JZ's services and the payment terms of our firm's fees. If this letter and the Terms of Representation do, and provided you agree with them, please indicate affirmation by signing the enclosed copy of this letter and returning it to me for our firm's files.

Our firm appreciates the opportunity to work with you and looks forward to a mutually beneficial relationship.

Very truly yours,

**JORDAN & ZITO LLC**

Gregory J. Jordan

GJJ/rwj
Enc.

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 4


Platform II Lawndale LLC accepts the terms of this engagement letter and the attached Terms of Representation, effective July 5, 2022.

**Platform II Lawndale LLC**

By:_____

    Scott Krone, Manager

Chicago Illinois

# TERMS OF REPRESENTATION

**Confirmation of Services.** Jordan & Zito LLC is pleased to have this opportunity to serve you. JZ has found from experience that our firm's relationship with clients will be stronger and more effective when, at the beginning of the representation, there is a clear understanding of the scope of services JZ will perform, the fees JZ intends to charge for such services, and the payment thereof. The letter accompanying these Terms of Representation sets forth that information. If what JZ outlined in the attached letter or these Terms of Representation does not accurately describe your understanding of the services JZ is to perform or the terms for billing fees and expenses, please advise Gregory Jordan, the attorney sending this letter. Unless you notify Mr. Jordan promptly, JZ will assume that these Terms of Representation and the attached letter are acceptable.

**Scope of Representation.** The scope of our firm's representation is currently limited to providing only those services described in the attached letter. Unless otherwise noted, JZ will render those legal services necessary to the representation. No other services are intended to be provided without our firm and your agreement. Later, if you determine to change materially the scope of our firm's representation, JZ will need to document that in additional correspondence. Our firm's representation is also limited to working on your behalf, as is identified in the attached letter. JZ does not represent any other entity or individuals unless explicitly stated in the attached letter.

**Attorneys and Others to Assist in Providing Services.** When appropriate for a particular matter and when it will serve to reduce costs, JZ intends to assign parts of your work to other lawyers, paralegals, law clerks, and document clerks. Often, these individuals focus on specific areas, and JZ has found that allocating work to them allows JZ to produce the best legal product efficiently. However, JZ designates Gregory Jordan as your primary contact. Gregory Jordan will supervise the work and will endeavor to be responsive to you for the entire matter. Mr. Jordan will serve in that capacity for the work indicated in the first paragraph of this letter.

**Billing and Hourly Rates.** JZ bases its fees primarily on time spent. JZ generally bills professional services on an hourly basis. Each of JZ's attorneys and other professionals has an hourly billing rate based on that individual's expertise and experience. Generally, JZ adjusts its fee rates periodically in January of each year, and bills for fees will reflect any such adjustments.

Hourly time charges will reflect the time spent on your matter, including, as appropriate, litigation due diligence investigation, legal research, document drafting, transaction closing, and travel in connection with this representation. However, JZ does not charge for attorney administrative time or for maintaining general, current knowledge of the law. JZ bills on a per-item basis for computerized legal research (LEXIS and Westlaw services), filing fees and related litigation expenses, telephone charges, delivery and fax charges, special database storage when established at your request, photocopying, and travel expenses. Unless circumstances prompt a different schedule, you will periodically receive a computer-generated statement showing a description of the services performed and itemizing costs paid by JZ for your work.

**Fees Not Contingent and Due Within 30 Days.** Our firm's fees are not contingent, and payment is due within 30 days of the receipt of the statement. If JZ has not received any comment about

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 2

the statement within 30 days of its receipt, JZ will understand that you found it acceptable. To encourage timely payment of our firm's invoices, JZ will impose a late charge of 1.5% per month on past due bills, i.e., statements that remain unpaid for more than 30 days. Payment is to be made by check or draft payable to "Jordan & Zito LLC."

If any statements remain unpaid for more than 90 days, JZ may, consistent with JZ's ethical and court-imposed obligations, cease to perform services until you make satisfactory arrangements to pay the unpaid statements and future fees. In fairness to our firm's many clients who promptly pay their invoices each month, JZ reserves the right to take appropriate action concerning delinquent accounts.

**Attorney-Client Communication.** Statements made by one of our firm's attorneys generally contain information protected by the attorney-client privilege. As the privilege could be deemed waived if someone other than you see the privileged material, JZ recommends that you keep all of our firm's statements in a separate file marked "Attorney-Client Privileged Materials" and keep the file in a secure place.

**Payment of Third-Party Expenses.** JZ prefers that you pay directly any significant outside expense items related to your work, and, when possible, JZ will direct such expenses to you for payment. For example, JZ often asks its vendors to bill its clients directly rather than having our firm incur an expense and subsequently include the same amount on our firm's statement to the client.

**Termination of Services and Representation.** You may terminate our firm's services at any time. Termination of our firm's representation does not relieve you from the responsibility of paying those fees and expenses incurred through the date you notify JZ of our termination. Similarly, JZ may withdraw from this representation for many reasons, including failure to promptly pay the amounts indicated in our firm's statements; failure to disclose all facts material to our firm's representation; failure to act following our firm's advice; or development of one or more circumstances which, in our firm's judgment, impair our firm's ability to maintain a productive attorney-client relationship. Upon termination of our firm's services and representation of you or our firm's withdrawal from representing your interest, JZ will be entitled to be paid for all services rendered and costs and expenses paid or incurred on your behalf to the date of termination or withdrawal. JZ also will be entitled to payment at our firm's standard billing rates for any work required of JZ in connection with the turnover of files to you or new counsel and the orderly transition of pending matters to new counsel, and JZ also will be entitled to reimbursement of all expenses incurred by JZ in connection with such work. At your request, JZ will return all papers and property belonging to you upon payment of all amounts owed to JZ. JZ reserves the right to make, at your expense, and retain copies of all documents generated or received by JZ in representing your interests. If you request documents from JZ, either during our firm's representation, in connection with or following termination or withdrawal from

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 3

representation, our firm will provide the documents at your expense, including both reproduction costs and professional fees for time expended in reviewing files to locate requested documents.

**Estimates of the Cost of Services to be Performed.** From time to time, you may ask JZ to estimate the cost of completing all or part of our representation of it. Because it is often difficult to estimate at the beginning of a project how much time it will take to complete it, JZ treats any estimate as an "educated guess" and not as an assurance that JZ will be able to do the work for the estimated price. When JZ provides an estimate, our firm will advise you when JZ is nearing the estimated amount, and JZ will also notify you if JZ becomes aware that it may exceed the estimate. At that time, you can decide whether to terminate our firm's representation on the project, modify the project, or proceed to completion with a different cost estimate.

**Completion of Matter.** After our firm completes a particular matter, JZ does not (unless you specifically request in writing that JZ do so) undertake to continue to review that matter and update you concerning legal developments, such as changes in applicable laws or regulations. If you ask JZ to review a specific matter on which JZ has previously worked, JZ will consider that a new representation. Thus, while JZ may, from time to time, call to your attention issues or legal developments that might be relevant to your business, JZ is not undertaking to do so as a part of this representation.

Unless previously terminated, our firm's representation will end upon sending a final statement for services rendered concerning the representation discussed in the first paragraph of the engagement letter. If, upon any termination or completion of a matter, you wish to have your documents in our firm's possession returned to you, please advise us. Otherwise, our firm will transfer all such documents to the person responsible for administering our firm's records retention program. After a reasonable time, JZ will destroy the files following our firm's established policy. For several reasons, including minimizing unnecessary storage expenses, JZ reserves the right to destroy or otherwise dispose of any documents retained by JZ after our firm's representation of you ceases.

**Client Confidences/Description of Client/Future Conflicts.** Our firm's clients are engaged in a wide variety of businesses worldwide. From time to time, JZ represents clients who are industry competitors. To ensure confidentiality, JZ will not (unless you specifically grant JZ the authority to do so) discuss or otherwise make available to anyone, including other clients, any information about you, your business, or our firm's work on your behalf and will not discuss or otherwise make available to you any information about any of our firm's other clients (if any), their business, or any work on their behalf.

*Subject to Court approval, if necessary, JZ represents many other clients and individuals. It is possible that when JZ is representing you, some of our firm's present or future clients will have disputes or transactions with you. You agree that, subject to disclosure and no objection, JZ may continue to represent or may undertake in the future to represent existing or new clients in any*

Chicago Illinois

Jordan & Zito LLC

Scott Krone
Manager
Platform II Lawndale LLC
July 6, 2022
Page 4

_matter that is not substantially related to our firm's work for you, even if the interests of such_
_clients in those other matters are directly adverse. Your signature on this letter will constitute_
_your consent to any such conflicting representations. JZ agrees, however, that your prospective_
_consent to conflicting representation contained in the preceding sentence shall not apply in any_
_instance where, as a result of our firm's representation of you, JZ has obtained proprietary or_
_other confidential information of a non-public nature that, if known to such other client, could be_
_used in any such other matter by such client to your material disadvantage. (You should know_
_that in similar engagement letters with many of our firm's other clients, JZ has asked for similar_
_agreements to preserve our firm's ability to represent you.)_

**No Guarantee.** JZ will perform professional services on your behalf to the best of our firm's
ability, but JZ cannot make and has not made any guarantees regarding the outcome of our firm's
work on this project. Any expressions by JZ about the outcome of this project are our firm's best
professional views only and are limited by our firm's factual knowledge when our firm expresses
them.

**No Third-Party Beneficiaries**. This agreement does not confer any right on any third party.

**Questions or Additional Information.** JZ hopes this explanation will be helpful to you and invite
you to discuss any concern with Gregory Jordan at any time or to inquire about the fees or costs
incurred. We believe in the importance of proceeding in a manner that provides JZ with a clear
and satisfactory understanding of the work to be performed. JZ will strive to keep you fully
informed during the course of this engagement and anticipate that you, likewise, will keep JZ
informed of pertinent developments.

**Acceptance of Terms of Representation.** If these Terms of Representation and the attached
letter wholly and correctly set forth the parties' mutual understanding of the terms of our firm's
engagement, please sign a copy of the attached letter and return it to Gregory J. Jordan for
inclusion in your file.

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411
312-854-7181

April 12, 2023

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Road
Suite 129
Northbrook, IL 60062

**Invoice Number: 839**
Invoice Period: 07-11-2022 - 04-12-2023

Payment Terms: Upon Receipt

**RE: Chapter 11 Petition & Organizational Matters**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 07-11-2022 | Gregory Jordan | Discussion with Mr. Scott Krone to obtain information for the debtor's schedules. | 0.40 | 500.00 | 200.00 |
| 07-11-2022 | Gregory Jordan | Review and revise the debtor's schedules. | 1.40 | 500.00 | 700.00 |
| 08-30-2022 | Gregory Jordan | Review documents and draft amended schedules. | 1.00 | 500.00 | 500.00 |
| | | | **Total** | | 1,400.00 |

## Time Summary

| Professional | Hours | Amount |
|--------------|-------|--------|
| Gregory Jordan | 2.80 | 1,400.00 |
| **Total** | | 1,400.00 |

| | |
|---|---|
| **Total for this Invoice** | 1,400.00 |
| **Previous Balance** | 48,388.48 |
| **Total Amount to Pay as of 04-12-2023** | 49,788.48 |

We appreciate your business

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411
312-854-7181

April 12, 2023

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

**Invoice Number: 836**
Invoice Period: 03-24-2023 - 04-12-2023

Payment Terms: Upon Receipt

**RE: Fee Application**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 03-24-2023 | Gregory Jordan | Review documents and draft the Real Estate Tax Attorney's fee application and proposed order. | 2.00 | 500.00 | 1,000.00 |
| 04-12-2023 | Gregory Jordan | Prepare Jordan & Zito Fee Application. | 2.00 | 500.00 | 1,000.00 |
| | | | **Total** | | 2,000.00 |

## Time Summary

| Professional | | Hours | Amount |
|-------------|--|-------|--------|
| Gregory Jordan | | 4.00 | 2,000.00 |
| | **Total** | | 2,000.00 |

| | |
|--|--|
| **Total for this Invoice** | 2,000.00 |
| **Previous Balance** | 23,030.00 |
| **Total Amount to Pay as of 04-12-2023** | 25,030.00 |

We appreciate your business

Platform II Lawndale
**Jordan & Zito Invoice Discrepencies**

2.15.24

| Date | Invoice | Amount Shown in Detail | Billed | Difference | Rate | Amount | Explanation |
|------|---------|------------------------|--------|------------|------|--------|-------------|
| **Jordan & Zito's Petitons** | | | | | | | |
| 4.13.23 | First Petition | | | | | $ 49,423.48 | |
| 12.18.23 | Second Petition | | | | | $ 48,004.78 | |
| **Total Amount Petition to the Courts** | | | | | | **$ 97,428.26** | Total Submitted to the Courts |
| | | | | | | | |
| **Disputed Invoices and Reasons** | | | | | | | |
| Retainer not applied or accounted for | | | | | | $ 31,738.00 | |
| | **Percentage of Billing Error** | | | | | **32.58%** | |
| | | | | | | | |
| 4.12.23 | 836 | Previous Balance | | | | $ 23,030.00 | Numerically First invoice and beginning of Previous |
| | **Percentage of Billing Error** | | | | | **23.64%** | Balance Mistakes.  Invoice 841 begins 7.11 2 days |
| | | | | | | | after Letter of Intent on 7.7.22 shows Previous |
| | | | | | | | Balance of $34,058.48.  The Previous Balance carries |
| | | | | | | | through both Petitions.  Jordan & Zito accounting |
| | | | | | | | Error. |
| | | | | | | | |
| **By omiting the Retainer Invoice 836 beginning with a Previous Balance** | | | | | | **56.21%** | Over 56% of the Billing for Jordan & Zito is overstated |
| | | | | | | | with these two line items |
| | | | | | | | |
| 12.18.23 | 1083 | | 71.1 | | $ 500.00 | $ 35,550.00 | Platform II Lawndale contests this entire bill due to |
| | **Percentage of Billing Error** | | | | | **36.49%** | the comments made by Jordan & Zito which resulted |
| | | | | | | | in GreenLake renegotiating the Plan again. |

The following invoices have discrepencies between the number
of hours allocated in the description for work compred to actually invoiced.

| Date | Invoice | Amount Shown in Detail | Billed | Difference | Rate | Amount | Explanation |
|------|---------|------------------------|--------|------------|------|--------|-------------|
| 7.20.22 | 841 | 0.7 | 1 | 0.3 | $ 500.00 | $ 150.00 | Jordan & Zito mathematical error |
| 7.20.22 | 843 | 0.9 | 1.2 | 0.3 | $ 500.00 | $ 150.00 | Jordan & Zito mathematical error |
| 8.25.22 | 841 | 1.4 | 1.6 | 0.2 | $ 500.00 | $ 100.00 | Jordan & Zito mathematical error |
| 1.26.23 | 843 | 0.9 | 1.1 | 0.2 | $ 500.00 | $ 100.00 | Jordan & Zito mathematical error |
| 2.24.23 | 837 | 0.2 | 0.6 | 0.4 | $ 500.00 | $ 200.00 | Jordan & Zito mathematical error |
| 3.22.23 | 837 | 4.2 | 4.5 | 0.3 | $ 500.00 | $ 150.00 | Jordan & Zito mathematical error |
| 3.22.23 | 841 | 0.3 | 0.6 | 0.3 | $ 500.00 | $ 150.00 | Jordan & Zito mathematical error |
| 5.10.23 | 1083 | 0.3 | 0.5 | 0.2 | $ 500.00 | $ 100.00 | Jordan & Zito mathematical error |
| 5.19.23 | 1083 | 1.8 | 2.4 | 0.6 | $ 500.00 | $ 300.00 | Jordan & Zito mathematical error |
| 6.13.23 | 1086 | 2.3 | 2.5 | 0.2 | $ 500.00 | $ 100.00 | Jordan & Zito mathematical error |
| 8.4.23 | 1083 | 0.5 | 1 | 0.5 | $ 500.00 | $ 250.00 | Jordan & Zito mathematical error |
| Total | | | 17 | | | $ 1,750.00 | |
| | **Percentage of Billing Error** | | | | | **1.80%** | |

The following Invoices are inaccurately reflected.

| Date | Invoice | Amount Shown in Detail | Billed | Difference | Rate | Amount | Explanation |
|------|---------|------------------------|--------|------------|------|--------|-------------|
| 7.11.22 | 839 | 0 | 0.4 | 0.4 | $ 500.00 | $ 200.00 | Scott was at a silent retreat |
| 7.11.22 | 839 | 0 | 1.4 | 1.4 | $ 500.00 | $ 700.00 | Scott was at a silent retreat |
| 11.28.22 | 837 | 0 | 1 | 1 | $ 500.00 | $ 500.00 | Revise Plan.  Drafting plan begins on 11.29.22 |
| 3.22.23 | 837 | 0 | 4.2 | 4.2 | $ 500.00 | $ 2,100.00 | Review and Revise Disclosure Statement |
| 3.28.23 | 837 | 0 | 4 | 4 | $ 500.00 | $ 2,000.00 | Revise the Plan.  4 hours to revise paragraphs |
| 6.29.23 | 1083 | 0 | 3 | 3 | $ 500.00 | $ 1,500.00 | Revise Disclosure Statement again! |
| 7.18.23 | 1083 | 0 | 1.2 | 1.2 | $ 500.00 | $ 600.00 | Revise Disclosure Statement again! |
| 8.30.23 | 1086 | 0 | 0.3 | 0.3 | $ 500.00 | $ 150.00 | Review Budget - it hadn't changed.  Why review it. |
| Total | | | 15.5 | | | $ 7,750.00 | |
| | **Percentage of Billing Error** | | | | | **7.95%** | |

General Admin or "Plan" time

| Date | Invoice | Amount Shown in Detail | Billed | Difference | Rate | Amount | Explanation |
|------|---------|------------------------|--------|------------|------|--------|-------------|
| 7.23.22 | 842 | 0 | 1 | 1 | $ 500.00 | $ 500.00 | Admin time for Zito & Jordan |
| 8.4.22 | 842 | 0 | 6 | 6 | $ 500.00 | $ 3,000.00 | Admin time for Zito & Jordan |
| 8.18.22 | 843 | 0 | 0.2 | 0.2 | $ 500.00 | $ 100.00 | Review |

| Date | | | | | | | | Description |
|------|------|---|-----|-----|---------|----|----------|-------------|
| 9.6.22 | 837 | 0 | 1 | 1 | $ 500.00 | $ | 500.00 | "Plan and Prepare" for a call |
| 9.29.22 | 841 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 12.1.22 | 841 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 12.10.22 | 837 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 1.26.23 | 841 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 2.23.23 | 841 | 0 | 0 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 3.30.23 | 841 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 4.7.23 | 841 | 0 | 0.5 | 0.5 | $ 500.00 | $ | 250.00 | "Plan" for call with Scott |
| 4.12.23 | 836 | 0 | 2 | 2 | $ 500.00 | $ | 1,000.00 | Prepare invoicing |
| 4.13.23 | 1086 | 0 | 0.6 | 0.6 | $ 500.00 | $ | 300.00 | "Plan and Prepare" |
| 4.27.23 | 1086 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 5.23.23 | 1086 | 0 | 0.6 | 0.6 | $ 500.00 | $ | 300.00 | "Plan and Prepare" |
| 5.25.23 | 1085 | 0 | 1.1 | 1.1 | $ 500.00 | $ | 550.00 | "Plan and Prepare" |
| 5.26.23 | 1083 | 0 | 1.5 | 1.5 | $ 500.00 | $ | 750.00 | "Plan and Prepare" |
| 6.22.23 | 1086 | 0 | 0.6 | 0.6 | $ 500.00 | $ | 300.00 | "Plan and Prepare" |
| 6.27.23 | 1086 | 0 | 0.5 | 0.5 | $ 500.00 | $ | 250.00 | "Plan and Prepare" |
| 6.29.23 | 1086 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 8.30.23 | 1086 | 0 | 0.4 | 0.4 | $ 500.00 | $ | 200.00 | "Plan and Prepare" |
| 10.3.23 | 1086 | 0 | 2 | 2 | $ 500.00 | $ | 1,000.00 | "Plan and Prepare" |
| 10.18.23 | 1086 | 0 | 1.2 | 1.2 | $ 500.00 | $ | 600.00 | "Plan and Prepare" |
| 10.23.23 | 1083 | 0 | 1.5 | 1.5 | $ 500.00 | $ | 750.00 | Research |
| 10.25.23 | 1083 | 0 | 1.2 | 1.2 | $ 500.00 | $ | 600.00 | Review Plan |
| 10.25.23 | 1083 | 0 | 1.4 | 1.4 | $ 500.00 | $ | 700.00 | "Plan and Prepare" |
| 11.22.23 | 1087 | 0 | 0.5 | 0.5 | $ 500.00 | $ | 250.00 | "Plan and Prepare" |
| 12.18.23 | 1085 | 0 | 1.7 | 1.7 | $ 500.00 | $ | 850.00 | Zito invoices |

| | | | | | | | | |
|------|---|---|---|------|---------|---|------------|---|
| Total | | | | 28.3 | | $ | 14,350.00 | |
| | **Percentage of Billing Error** | | | | | | **14.73%** | |
| | | | | | | | | |
| General Billing Errors | | | | | | $ | 23,850.00 | Overinflated billing by Jordan & Zito |
| | **Percentage of Billing Error** | | | | | | **24.48%** | |
| | | | | | | | | |
| | | | | | | | | |
| Invoiced Total | | | | | | $ | 97,428.26 | |
| Less | | | | | | | | |
| | Previous Balance | | | | | $ | (23,030.00) | |
| | Retainer | | | | | $ | (31,738.00) | |
| | General Admin contrary to Letter of Agreement | | | | | $ | (14,350.00) | |
| | Mathematical Errors | | | | | $ | (1,750.00) | |
| | Inaccurate Entries | | | | | $ | (7,750.00) | |
| | | | | | | | | |
| **Revised Total** | | | | | | $ | **18,810.26** | **This figure partially includes Invoice 1083** |

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411
312-854-7181

December 18, 2023

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

**Invoice Number: 1082**
Invoice Period: 07-01-2022 - 12-18-2023

Payment Terms: Upon Receipt

**RE: Pre-Petition**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 07-01-2022 | Gregory Jordan | Review receiver report concerning the Platform property. | 0.40 | 500.00 | 200.00 |
| 07-05-2022 | Gregory Jordan | Participate in an initial conversation with Mr. Scott Krone | 1.40 | 500.00 | 700.00 |
| 07-06-2022 | Gregory Jordan | Discussion with Mr. Scott Krone concerning facts and Platform's business. Prepare petition and schedules. | 1.50 | 500.00 | 750.00 |
| 07-07-2022 | Gregory Jordan | Multiple conversations with Mr. Scott Krone regarding the plan for exiting bankruptcy and information for the schedules. | 3.00 | 500.00 | 1,500.00 |
| 07-08-2022 | Gregory Jordan | Prepare schedules and cash collateral motion. | 4.00 | 500.00 | 2,000.00 |
| | | | **Total** | | 5,150.00 |

## Time Summary

| Professional | Hours | Amount |
|-------------|-------|--------|
| Gregory Jordan | 10.30 | 5,150.00 |
| **Total** | | 5,150.00 |

| | |
|---|---|
| **Total for this Invoice** | 5,150.00 |
| **Previous Balance** | 75,556.30 |
| **Total Amount to Pay as of 03-01-2024** | 80,706.30 |

We appreciate your business

Page   1   of   6

# Client Statement of Account

As of 03-01-2024

| Matter | Balance Due |
|---|---|
| Administration | 1,800.00 |
| Chapter 11 Petition & Organizational Matters | 1,300.00 |
| Employment | 1,250.00 |
| Expenses | 389.78 |
| Fee Application | 2,850.00 |
| Motion Practice | 10,400.00 |
| Plan of Reorganization | 57,566.52 |
| Pre-Petition | 5,150.00 |
| **Total Amount to Pay** | **80,706.30** |

## Administration

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 12-18-2023 | Previous Balance | | | 1,800.00 |
| | | | **Balance** | **1,800.00** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1081 | 1,800.00 | | 1,800.00 |
| | | | **Balance** | **1,800.00** |

## Chapter 11 Petition & Organizational Matters

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 12-18-2023 | Previous Balance | | | 1,300.00 |
| | | | **Balance** | **1,300.00** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1073 | 1,300.00 | | 1,300.00 |
| | | | **Balance** | **1,300.00** |

## Employment

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 04-12-2023 | Previous Balance | | | 2,150.00 |
| 05-04-2023 | Payment Received | | | (2,150.00) |
| 12-18-2023 | Payment Applied | 2,150.00 | 842 | |
| 12-18-2023 | Invoice 1087 | | | 1,250.00 |
| | | | **Balance** | **1,250.00** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1087 | 1,250.00 | | 1,250.00 |
| | | | **Balance** | **1,250.00** |

## Expenses

## Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 12-18-2023 | Previous Balance | | | 389.78 |
| | | | **Balance** | **389.78** |

## Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 12-18-2023 | Invoice 1080 | 389.78 | | 389.78 |
| | | | **Balance** | **389.78** |

## Fee Application

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 04-12-2023 | Previous Balance | | | 2,000.00 |
| 12-18-2023 | Invoice 1085 | | | 850.00 |
| | | | **Balance** | **2,850.00** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 04-12-2023 | Invoice 836 | 2,000.00 | | 2,000.00 |
| 12-18-2023 | Invoice 1085 | 850.00 | | 850.00 |
| | | | **Balance** | **2,850.00** |

## Motion Practice

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 04-12-2023 | Previous Balance | | | 14,130.00 |
| 05-04-2023 | Payment Received | | | (14,130.00) |
| 12-18-2023 | Payment Applied | 14,130.00 | 841 | |
| 12-18-2023 | Invoice 1086 | | | 10,400.00 |
| | | | **Balance** | **10,400.00** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 12-18-2023 | Invoice 1086 | 10,400.00 | | 10,400.00 |
| | | | **Balance** | **10,400.00** |

## Plan of Reorganization

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 04-12-2023 | Previous Balance | | | 22,860.00 |
| 05-04-2023 | Payment Received | | | (843.48) |
| 12-18-2023 | Payment Applied | 843.48 | 837 | |
| 12-18-2023 | Invoice 1083 | | | 35,550.00 |
| | | | **Balance** | **57,566.52** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 04-12-2023 | Invoice 837 | 22,860.00 | (843.48) | 22,016.52 |
| 12-18-2023 | Invoice 1083 | 35,550.00 | | 35,550.00 |
| | | | **Balance** | **57,566.52** |

## Pre-Petition

## Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 12-18-2023 | Invoice 1082 | | | 5,150.00 |
| | | | **Balance** | **5,150.00** |

## Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 12-18-2023 | Invoice 1082 | 5,150.00 | | 5,150.00 |
| | | | **Balance** | **5,150.00** |

Scott Krone
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

December 18, 2023

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411

**Invoice Number: 1082**
Invoice Period: 07-01-2022 - 12-18-2023

## REMITTANCE COPY

**RE: Pre-Petition**

| | |
|---|---:|
| **Fees** | 5,150.00 |
| **Total for this Invoice** | 5,150.00 |
| **Previous Balance** | 75,556.30 |
| **Total Amount to Pay as of 03-01-2024** | 80,706.30 |

| Matter | Balance Due |
|---|---:|
| Administration | 1,800.00 |
| Chapter 11 Petition & Organizational Matters | 1,300.00 |
| Employment | 1,250.00 |
| Expenses | 389.78 |
| Fee Application | 2,850.00 |
| Motion Practice | 10,400.00 |
| Plan of Reorganization | 57,566.52 |
| Pre-Petition | 5,150.00 |
| **Total Amount to Pay** | **80,706.30** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---:|---:|---:|
| 04-12-2023 | Invoice 836 | Fee Application | 2,000.00 | | 2,000.00 |
| 04-12-2023 | Invoice 837 | Plan of Reorganization | 22,860.00 | (843.48) | 22,016.52 |
| 12-18-2023 | Invoice 1073 | Chapter 11 Petition & Organizational Matters | 1,300.00 | | 1,300.00 |
| 12-18-2023 | Invoice 1080 | Expenses | 389.78 | | 389.78 |
| 12-18-2023 | Invoice 1081 | Administration | 1,800.00 | | 1,800.00 |
| 12-18-2023 | Invoice 1082 | Pre-Petition | 5,150.00 | | 5,150.00 |
| 12-18-2023 | Invoice 1083 | Plan of Reorganization | 35,550.00 | | 35,550.00 |
| 12-18-2023 | Invoice 1085 | Fee Application | 850.00 | | 850.00 |
| 12-18-2023 | Invoice 1086 | Motion Practice | 10,400.00 | | 10,400.00 |
| 12-18-2023 | Invoice 1087 | Employment | 1,250.00 | | 1,250.00 |
| | | | | **Balance** | **80,706.30** |

We appreciate your business

**Open Invoices and Credits**

| Date | Transaction | Matter | Amount | Applied | Balance |
|------|-------------|--------|--------|---------|---------|

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411
312-854-7181

April 12, 2023

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

**Invoice Number: 838**
Invoice Period: 07-11-2022 - 04-12-2023

Payment Terms: Upon Receipt

**RE: Expenses**

## Expenses

| Expense | Description | Amount |
|---|---|---|
| E129 - Official Fees | E129 - Official Fees - Filing Fee | 1,738.00 |
| E129 - Official Fees | E129 - Official Fees - Clerk's Fee for Filing Amended Creditor's Matrix | 32.00 |
| E129 - Official Fees | E129 - Official Fees - Cook Court Clerk's fee for filing Suggestion of Bankruptcy and Notice of Filing. | 6.48 |
| E129 - Official Fees | E129 - Official Fees for Filing Amended Schedules | 32.00 |
| | **Total Expenses** | 1,808.48 |

| | |
|---|---|
| **Total for this Invoice** | 1,808.48 |
| **Previous Balance** | 78,897.82 |
| **Total Amount to Pay as of 03-01-2024** | 80,706.30 |

We appreciate your business

Page  1  of  5

# Client Statement of Account

As of 03-01-2024

| Matter | Balance Due |
|---|---|
| Administration | 1,800.00 |
| Chapter 11 Petition & Organizational Matters | 1,300.00 |
| Employment | 1,250.00 |
| Expenses | 389.78 |
| Fee Application | 2,850.00 |
| Motion Practice | 10,400.00 |
| Plan of Reorganization | 57,566.52 |
| Pre-Petition | 5,150.00 |
| **Total Amount to Pay** | **80,706.30** |

## Administration

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1081 | 1,800.00 | | 1,800.00 |
| | | | **Balance** | **1,800.00** |

## Chapter 11 Petition & Organizational Matters

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1073 | 1,300.00 | | 1,300.00 |
| | | | **Balance** | **1,300.00** |

## Employment

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1087 | 1,250.00 | | 1,250.00 |
| | | | **Balance** | **1,250.00** |

## Expenses

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 04-12-2023 | Invoice 838 | | | 1,808.48 |
| 05-04-2023 | Payment Received | | | (1,808.48) |
| 12-18-2023 | Payment Applied | 1,808.48 | 838 | |
| 12-18-2023 | Invoice 1080 | | | 389.78 |
| | | | **Balance** | **389.78** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 12-18-2023 | Invoice 1080 | 389.78 | | 389.78 |
| | | | **Balance** | **389.78** |

## Fee Application

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 04-12-2023 | Previous Balance | | | 2,000.00 |
| 12-18-2023 | Invoice 1085 | | | 850.00 |

We appreciate your business

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
|      |             |         | Balance | 2,850.00 |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 04-12-2023 | Invoice 836 | 2,000.00 | | 2,000.00 |
| 12-18-2023 | Invoice 1085 | 850.00 | | 850.00 |
|      |             |        | Balance | 2,850.00 |

## Motion Practice

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 12-18-2023 | Invoice 1086 | 10,400.00 | | 10,400.00 |
|      |             |        | Balance | 10,400.00 |

## Plan of Reorganization

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|------|-------------|---------|---------|--------|
| 04-12-2023 | Previous Balance | | | 22,860.00 |
| 05-04-2023 | Payment Received | | | (843.48) |
| 12-18-2023 | Payment Applied | 843.48 | 837 | |
| 12-18-2023 | Invoice 1083 | | | 35,550.00 |
|      |             |        | Balance | 57,566.52 |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 04-12-2023 | Invoice 837 | 22,860.00 | (843.48) | 22,016.52 |
| 12-18-2023 | Invoice 1083 | 35,550.00 | | 35,550.00 |
|      |             |        | Balance | 57,566.52 |

## Pre-Petition

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|------|-------------|--------|---------|---------|
| 12-18-2023 | Invoice 1082 | 5,150.00 | | 5,150.00 |
|      |             |        | Balance | 5,150.00 |

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

April 12, 2023

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411

**Invoice Number: 838**
Invoice Period: 07-11-2022 - 04-12-2023

## REMITTANCE COPY

**RE: Expenses**

| | |
|---|---|
| **Expenses** | 1,808.48 |
| **Total for this Invoice** | 1,808.48 |
| **Previous Balance** | 78,897.82 |
| **Total Amount to Pay as of 03-01-2024** | 80,706.30 |

| Matter | Balance Due |
|---|---|
| Administration | 1,800.00 |
| Chapter 11 Petition & Organizational Matters | 1,300.00 |
| Employment | 1,250.00 |
| Expenses | 389.78 |
| Fee Application | 2,850.00 |
| Motion Practice | 10,400.00 |
| Plan of Reorganization | 57,566.52 |
| Pre-Petition | 5,150.00 |
| **Total Amount to Pay** | **80,706.30** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---|---|---|
| 04-12-2023 | Invoice 836 | Fee Application | 2,000.00 | | 2,000.00 |
| 04-12-2023 | Invoice 837 | Plan of Reorganization | 22,860.00 | (843.48) | 22,016.52 |
| 12-18-2023 | Invoice 1073 | Chapter 11 Petition & Organizational Matters | 1,300.00 | | 1,300.00 |
| 12-18-2023 | Invoice 1080 | Expenses | 389.78 | | 389.78 |
| 12-18-2023 | Invoice 1081 | Administration | 1,800.00 | | 1,800.00 |
| 12-18-2023 | Invoice 1082 | Pre-Petition | 5,150.00 | | 5,150.00 |
| 12-18-2023 | Invoice 1083 | Plan of Reorganization | 35,550.00 | | 35,550.00 |
| 12-18-2023 | Invoice 1085 | Fee Application | 850.00 | | 850.00 |
| 12-18-2023 | Invoice 1086 | Motion Practice | 10,400.00 | | 10,400.00 |
| 12-18-2023 | Invoice 1087 | Employment | 1,250.00 | | 1,250.00 |
| | | | | **Balance** | **80,706.30** |

**Open Invoices and Credits**

| Date | Transaction | Matter | Amount | Applied | Balance |
|------|-------------|--------|--------|---------|---------|

**Receipt**

| | |
|---|---|
| Invoice Number | 838 |
| Matter | Expenses |
| Professional | Gregory Jordan |
| Expense Code | E129 - Official Fees |
| Date | 2022-07-14 |
| Description | E129 - Official Fees - Clerk's Fee for Filing Amended Creditor's Matrix |
| Amount | 32.00 |

| | |
|---|---|
| **From:** | do_not_reply@psc.uscourts.gov |
| **To:** | Gregory Jordan |
| **Subject:** | Pay.gov Payment Confirmation: ILLINOIS NORTHERN BANKRUPTCY COURT |
| **Date:** | Thursday, July 14, 2022 4:18:29 PM |

Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: ECF HelpDesk at 312-408-7765.

Account Number: 3397495
Court: ILLINOIS NORTHERN BANKRUPTCY COURT
Amount: $32.00
Tracking Id: A44966029
Approval Code: 234880
Card Number: ************9883
Date/Time: 07/14/2022 05:18:23 ET

NOTE: This is an automated message. Please do not reply

**Jordan & Zito LLC**
312 Park Avenue
Suite 164
Clarendon Hills, IL 60514-0411
312-854-7181

April 12, 2023

**Scott Krone**
Platform II Lawndale LLC
600 Waukegan Rd, Suite 129
Northbrook, IL 60062

**Invoice Number: 838**
Invoice Period: 07-11-2022 - 04-12-2023

Payment Terms: Upon Receipt

**RE: Expenses**

## Expenses

| Expense | Description | Amount |
|---|---|---|
| E129 - Official Fees | E129 - Official Fees - Filing Fee | 1,738.00 |
| E129 - Official Fees | E129 - Official Fees - Clerk's Fee for Filing Amended Creditor's Matrix | 32.00 |
| E129 - Official Fees | E129 - Official Fees - Cook Court Clerk's fee for filing Suggestion of Bankruptcy and Notice of Filing. | 6.48 |
| E129 - Official Fees | E129 - Official Fees for Filing Amended Schedules | 32.00 |
| | **Total Expenses** | 1,808.48 |

| | | |
|---|---|---|
| | **Total for this Invoice** | 1,808.48 |
| | **Previous Balance** | 47,890.00 |
| | **Total Amount to Pay as of 04-12-2023** | 49,698.48 |