## United States Bankruptcy Court, Northern District of Illinois

| JUDGE | Deborah L. Thorne | **Case No.** | 22-07668 |
|---|---|---|---|
| **DATE** | May 1, 2024 | **Adversary No.** | |
| **CASE TITLE** | In re Platform II Lawndale LLC | | |
| **TITLE OF ORDER** | Order Denying Motion to Reconsider | | |

This matter comes to be heard on the Motion to reconsider this court's Order of February 14, 2024, Dismissing the Debtor's case with prejudice (Dkt. No. 211). The Motion is filed by Scott Krone, Mercury Capital Management, an Individual Retirement Account and Yellow Hat Capital LLC, all of whom identify themselves as "Plan Investors". GreenLake Real Estate Fund objects to the Motion, which has been fully briefed and is now ripe for decision.

This court has jurisdiction over this matter pursuant to 28 USC § 1334 and this District Court's Internal Operating Procedure 15(a). This is a core proceeding under 28 USC § 157.

The purported Plan Investors bring this motion under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. The Order was entered on February 14, 2024, and the Motion to Reconsider was filed on March 13, 2024. (Dkt. Nos. 211 and 220.) Under Rule 60, the motion for relief from judgment must be filed within a reasonable time but no more than one year after the entry of the order for certain reasons, including Rule 60(b)(1). Fed. R. Civ. P. 60(c)(1). To the extent that the Motion is brought under this rule, it is timely.

Rule 60, provides for relief from the judgment if there was:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Courts should only grant relief under Rule 60(b) in exceptional circumstances. *GHSC Assoc. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F.App'x 382, 385 (7th Cir. 2002); *Russell v. Delco Remy Div. of Gen. Motors Corp.* 51 F.3d 746, 749 (7th Cir. 1995). The burden of proof is on the movant. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

The Plan Investors did not carry their burden to persuade the court to grant relief from the Order filed on February 14, 2024. They presented very little authority to the court as to why their grievances were not properly addressed in the Order. The Order clearly does not declare who owns the funds that were present in the Debtor's bank account at the time of the dismissal. Rather, the Order only dismisses the case, essentially delaying the effective date until the state court receiver could be put in place. This would maintain the status quo until the issue of who owns the funds could be brought in the state foreclosure proceeding that had already been allowed to proceed by the Order to Modify the Stay and to Continue the Motion to Dismiss entered on January 23, 2024. (Dkt. No. 193.)

The Motion provides no evidence of exceptional circumstances as required by Rule 60(b) and GreenLake clearly was entitled to relief under the Motion to Dismiss as provided in 11

2

U.S.C. § 1112(b)(4)(M).[1]  The Debtor confirmed its plan on October 26, 2023, with an Effective Date subject to a separate closing to occur between the Debtor and a third-party lender. (Dkt. No. 153.)  Originally, the Debtor stated that the closing or the "GreenLake Funding Date" would occur by mid-November.  It did not occur in November, and although GreenLake and the court were more than patient, the funds necessary for the GreenLake Funding did not arrive. By February 14, 2024, it was apparent that the financing was not on the horizon and after nearly four months was unlikely.  Furthermore, it was disclosed that the Debtor had failed to make adequate protection payments to GreenLake, had not paid postpetition property taxes and had failed to file operating reports.  Dismissal was appropriate under 11 U.S.C. § 1112(b)(4)(M).

      Throughout the months leading to the attempted financing, the Debtor disclosed that it was collecting funds for the new equity which would allow for the financing culminating in the Effective Date.  It is not clear to the court whether these funds were the result of an equity raise or simply loans to the Debtor.[2]  Whether the funds were the result of loans that were not authorized by the court[3] or were new equity investor funds, apparently the funds received were co-mingled with rents received in the Debtor in Possession accounts.  The court asked the Debtor to provide an accounting so that it could easily be determined what funds were the result of collected rent and what funds came from another source.  A timely, satisfactory accounting was never produced.  By February 14, 2024, it was clear the Debtor was unable to effectuate its

---

[1] The court believes that in addition, arguments could clearly be made that additional sections of 11 U.S.C. § 1112(b) support dismissal. The court did not feel it was necessary to hear evidence as it was clear that grounds existed under section M.

[2] The parties both characterize these new monies differently, and this court does not attempt to determine here how the funds should be characterized but clearly a certain amount in the Debtor's account was not the result of collected rent.

[3] Under section 364 of the Code, a debtor is required to obtain an order authorizing it to obtain unsecured credit and the Debtor never filed any motion authorizing the loans.

confirmed plan, there was no longer an agreement for the use of cash collateral and there was general confusion over how much of the money sitting in the Debtor's bank accounts was subject to GreenLake's liens and how much of it was not. For all of these reasons, the court entered an order dismissing the case but required that a state court receiver be in place prior to the effective date of the dismissal order and that all funds held in the Debtor's accounts be turned over to the state court receiver. This court is and continues to be confident that the state court is fully able to determine what funds are subject to the lien of GreenLake and enter an order accordingly. There is no further reason for the bankruptcy court to administer this proceeding.

Movants have not sustained their burden on the Motion to Reconsider and it is denied.

ENTER:

Dated: May 1, 2024

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

4