UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  22-07668 |
| Platform II Lawndale LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**Order Holding Platform II Platform II Lawndale LLC in Contempt and Barring Refiling for 180 Days**

This matter coming to be heard on the Motion of Greenlake Real Estate Fund, LLC for a Rule to Show Cause; the court entered a Rule to Show Cause on March 6, 2024 for failure to abide by this court's order of February 14, 2024 (Dkt # 211) which required the Debtor to turn over all funds held in any of the Debtor's bank accounts to the State Court Receiver upon dismissal.

The court finds as follows:

1. On March 6, 2024, the court entered a Rule to Show Cause as to why the Debtor should not be held in contempt for failure to turn over all funds to the State Court Receiver.
2. The court ordered all parties to appear on March 13, 2024, and entered a scheduling order at the request of the parties to allow briefing on the Motion to Reconsider and the Rule to Show Cause.
3. The Motion to Reconsider was denied on May 1, 2024 (Dkt. # 232).
4. The Debtor still failed to comply with the February 14, 2024 Order and the court and the parties are without sufficient knowledge of the funds removed and specifically the identity of the "investor funds" as well as whether any of the funds were derived from rents, subject to Greenlake's security interest.

5. This court has authority to enforce its own prior orders.  Travelers Indem. Co. v. Bailey, 557 U.S. 137, 138 (2009); Cox v. Zale Del., Inc., 239 F.3d 910, 917 (7th Cir. 2001); 11 U.S.C. § 105(a) (Bankruptcy Code authorizes the court to take "any action . . . necessary or appropriate to enforce or implement court orders or rules.")
6. The court retains this authority even after a case is dismissed. In re Sweports, Ltd., 777 F.3d 364, 367 (7th Cir. 2015).  This authority remains to consider collateral issues, such as the imposition sanctions. In re Direct Media Power, Inc. Case No. 18 C 7397, 2019 WL 4601736, at *4,  (N.D.Ill. Sept. 23, 2019).

IT IS ORDERED AS FOLLOWS:

A. The Debtor is in contempt for failure to comply with this court's order of February 14, 2024.
B. To date the Debtor has failed to purge the contempt.

C. As a penalty for failure to comply with this court's February 14, 2024 Order and to provide an adequate accounting, the Debtor is barred from refiling a chapter 11 petition in any bankruptcy court for a period of 180 days.  The Court notes that counsel for the Debtor objected to this penalty but the Court has overruled that objection.

D.  Greenlake is to file any request for additional attorneys fees in accord with its state law remedies in the State Court.

Enter: *[signature: Deborah L. Thorne]*

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated: July 10, 2024